# ALSTON & BIRD

90 Park Avenue
New York, NY  10016
212-210-9400 | Fax: 212-210-9444

Steven L. Penaro                    Direct Dial: 212-210-9460                    Email: steve.penaro@alston.com

June 6, 2023

**VIA ECF**

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

Re:  *Johnson v. Clearview AI, Inc., et al.*, Civil Action No. 1:23-cv-02441-KPF-SN

Dear Judge Failla:

We represent Plaintiff Charles Johnson ("Plaintiff") in the above referenced matter. We write in response to Defendants Clearview AI, Inc. ("Clearview"), Hoan Ton-That and Richard Schwartz's (together, the "Individual Defendants" and collectively with Clearview, the "Defendants") letter requesting a pre-motion conference concerning their potential motion to dismiss. *See* Dkt. No. 12. For the reasons discussed below, the grounds on which Defendants seek dismissal are without merit.

    I.    **Plaintiff's Breach of Contract Claim Against the Individual Defendants Should Not be Dismissed.**

Plaintiff has established a claim for breach of Section 4(b) of the Wind-Down Agreement as to the Individual Defendants because Plaintiff has sufficiently alleged that: (i) the Individual Defendants made disparaging statements regarding the reputation, business or character of Clearview's directors, officers, representatives, agents or employees (Dkt. No. 1 (Complaint) ¶¶ 44-48); and (ii) Plaintiff was at the relevant time a director, officer, representative, agent or employee of Clearview (*id.* ¶ 32 (alleging that the Wind-Down Agreement reduced Johnson's ownership from thirty-three to ten percent), ¶ 33 (alleging that the Wind-Down Agreement provided Johnson with the right receive a lucrative Sales Commission of ten percent of the gross revenue received by Clearview provided that Johnson introduced Clearview to potential customers that led to a sale of Clearview's products and services), ¶¶ 40-42 (alleging that Plaintiff introduced Clearview to many individuals and investors, including Hal Lambert, that were interested in Clearview)). Indeed, while the Individual Defendants contend that Plaintiff was not at any relevant time a director, officer, representative, agent, or employee of Clearview,

Alston & Bird LLP                                                                                     www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

Page 2

they are woefully mistaken.  As noted above, since Plaintiff was not only a direct owner of Clearview (¶ 32), but also provided services for Clearview, he was, at the very least, an agent of Clearview. *Id.* ¶¶ 33, 40-42.[1]

Even assuming a dispute over whether Plaintiff qualifies as a director, officer, representative, agent or employee of Clearview, this unequivocally creates a triable issue of fact that does not warrant dismissal at the motion to dismiss stage. *See Nespresso USA, Inc. v. Peet's Coffee, Inc.*, 2023 U.S. Dist. LEXIS 12228, *26 (S.D.N.Y. Jan. 24, 2023) (denying motion to dismiss where a question of fact existed). Indeed, the "determination of whether an entity may be considered an employer is essentially a factual issue." *Haight v. NYU Langone Med. Ctr.*, 2014 U.S. Dist. LEXIS 88117, at *31 (S.D.N.Y. June 27, 2014). Thus, Plaintiff's breach of contract claim against the Individual Defendants should not be dismissed.

## II. Plaintiff's Breach of Contract Claim Against Clearview Should Not Be Dismissed.

Plaintiff's allegations based "upon information and belief" are sufficient to plead Clearview's breach, particularly, as Defendants admit, "where the facts are peculiarly within the possession and control of the defendant." *Tel. Mgmt. Corp. v. Barclays Servs. Corp.*, 2013 U.S. Dist. LEXIS 48512, at *11-12 (S.D.N.Y. Mar. 28, 2013) (internal citations omitted); *see also Eastman Chem. Co. v. Nestle Waters Mgmt. & Tech*, 2012 U.S. Dist. LEXIS 141281, at *15 (S.D.N.Y. Sept. 28, 2012) (denying motion to dismiss where plaintiff pled facts that were peculiarly within the possession and control of defendant).

While the Complaint alleges that Plaintiff connected Clearview with numerous valuable investors and potential customers that were interested in Clearview's products (*see* Dkt. No. 1 ¶¶ 35-37), which of these introductions ultimately resulted in *definitive* agreements is information only Defendants possess. Indeed, the specific individuals that Plaintiff introduced to Clearview may not be the ones that ultimately have knowledge of whether a definitive agreement was consummated. In other words, there could be other individuals within the company, law enforcement agency, or other institution other than the specific individuals that Plaintiff introduced to Clearview that actually signed the definitive agreement entitling Plaintiff to the Sales Commissions under the Wind-down Agreement. Conversely, Defendants can easily identify which definitive agreements were entered into and with whom.[2]

Defendants seem to suggest that since they told Plaintiff that there were no definitive agreements from Plaintiff's introductions, that is the end of the inquiry. Not so. Since Plaintiff is aware of several motivated individuals and investors that Plaintiff introduced to Clearview (Dkt.

---

[1] "A plaintiff need only raise a sufficient inference that some sort of agency relationship existed between the purported principal and agent." *Sabilia v. Richmond*, 2011 U.S. Dist. LEXIS 152228, at *33-34 (S.D.N.Y. Oct. 26, 2011). "New York courts have stated broadly that [w]here the circumstances alleged in the pleading raise the possibility of a principal-agent relationship, and no written authority for the agency is established, questions as to the existence and scope of the agency are issues for the jury." *Id.*

[2] The cases that Defendants cite are inapposite. Both *Schupak Group* and *Northwell Health* did not involve any allegations that were made "upon information and belief," nor did they involve factual support that was in the exclusive possession or control of the defendant.

Page 3

No. 1. ¶¶ 35-36), Plaintiff should be permitted to pursue discovery to test Defendants' assertions. As the Complaint makes clear, Plaintiff believes that discovery will reveal that Clearview, in fact, consummated contracts with individuals and entities introduced by him that would have resulted in lucrative Sales Commissions. Dkt. No. 1 ¶ 39.

### III.    Plaintiff's Breach of Good Faith and Fair Dealing Claim is Not Duplicative of His Breach of Contract Claim.

It is well settled that a breach of good faith and fair dealing claim and a breach of contract claim can coexist in a pleading when the two claims are based on different facts. *See, e.g.*, *Full Circle United, LLC v. Skee-Ball, Inc.*, 2014 U.S. Dist. LEXIS 202841, *22-23 (E.D.N.Y. May 13, 2014) (denying motion to dismiss where good faith and fair dealing claim was not redundant to breach of contract claim). Courts have widely held that a party who frustrates another party's rights under a contract has breached the duty of good faith and fair dealing. *See Trireme Energy Holdings, Inc. v. Innogy Renewables US LLC*, 2021 U.S. Dist. LEXIS 154846, at *20-21 (S.D.N.Y. Aug. 17, 2021); *Spinelli v. NFL*, 903 F.3d 185, 205 (2d Cir. 2018).

Here, Plaintiff's breach of contract claim and breach of good faith and fair dealing claim are based on different facts. First, Plaintiff's breach of contract claim is premised on allegations that (i) Plaintiff introduced Clearview to several individuals and investors; (ii) Clearview, upon information and belief, entered into definitive agreements with those customers for sales of Clearview's products and services; and (iii) Clearview failed to pay Plaintiff the Sales Commissions due to him under the Wind-Down Agreement. *See* Dkt. No. 1. ¶¶ 35-39. Second, Plaintiff's good faith and fair dealing claim, on the other hand, is premised on allegations that Plaintiff failed to follow up with many other potential customers that were introduced by Plaintiff, thereby frustrating Plaintiff's ability to earn Sales Commissions under the Wind-Down Agreement. *Id.* ¶¶ 40-43; s*ee also Khan v. Laninver United States*, 2021 U.S. Dist. LEXIS 64417, at *13-15 (W.D.N.Y. Mar. 31, 2021) (finding breach of the implied covenant of good faith and fair dealing when defendant frustrated the plaintiff's right to benefit under the agreement).

### IV.    Plaintiff May Plead Unjust Enrichment in the Alternative to a Breach of Contract Claim.

As Defendants concede, Plaintiff may plead his unjust enrichment claim in the alternative to a breach of contract claim. *See, e.g.*, *Gao v. JPMorgan Chase & Co.*, 2015 U.S. Dist. LEXIS 74793, at *14-15 (S.D.N.Y. June 9, 2015). While it is true that Plaintiff alleged in his Complaint that a valid and binding contract exists between the parties, Plaintiff pled his unjust enrichment claim in the alternative in the event that discovery reveals that the Wind-Down Agreement was procured by fraud or is otherwise invalid. Indeed, it is well-settled that an unjust enrichment claim may be brought in the alternative to a breach of contract claim where a court could determine the contract's invalidity after the motion to dismiss stage. *See Gao*, 2015 U.S. Dist. LEXIS 74793, at *14-15 ("In light of Plaintiffs' allegation regarding the contract's enforceability, the Court may later determine the contract unenforceable, and could then consider in the alternative a claim for unjust enrichment. At this stage in the litigation, Plaintiffs may plead both that a valid (breached) contract exists and that the contract is unenforceable.").

Page 4

*       *       *

We appreciate the Court's attention to this matter and look forward to discussing further at the pre-motion to dismiss conference on June 23.

Respectfully Submitted,

Steven L. Penaro

cc:      Counsel of Record (via ECF)