**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHARLES JOHNSON, | Case No.: 1:23-cv-2441 |
| Plaintiff, | |
| vs. | |
| CLEARVIEW AI, INC., HOAN TON-THAT and RICHARD SCHWARTZ, | |
| Defendants. | |

**DEFENDANTS CLEARVIEW AI, INC., HOAN TON-THAT AND RICHARD SCHWARTZ'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR PARTIAL MOTION TO DISMISS COUNTS II-IV OF PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

GORDON REES SCULLY MANSUKHANI, LLP
Ronald A. Giller, Esq.
Mallory J. Benner, Esq.
1 Battery Park Plaza, 28th Floor
New York, NY 10004
Tel: (973) 549-2500
Fax: (973) 377-1911
Email: rgiller@grsm.com
Email: mbenner@grsm.com
*Attorneys for Defendants Clearview AI, Inc., Hoan Ton-That and Richard Schwartz*

# TABLE OF CONTENTS

**Page No.**

PRELIMINARY STATEMENT ................................................................................. 1

LEGAL ARGUMENT ............................................................................................ 2

    I.      PLAINTIFF'S BREACH OF CONTRACT CLAIM AGAINST THE
INDIVIDUAL DEFENDANTS IS NOT SAVED BY THE OPPOSITION
BRIEF ........................................................................................................ 2

          A.      Johnson is not, nor has he ever been, an agent of Clearview...................... 2

          B.      Johnson is not, nor has he ever been a Representative of Clearview ......... 5

          C.      This Claim can be Resolved as a Matter of Law ........................................ 5

    II.     PLAINTIFF'S BREACH OF GOOD FAITH AND FAIR DEALING
CLAIM IS NOT SAVED BY THE OPPOSITION BRIEF .................................. 6

          A.      A Comparison of the Claims Set Forth in the Amended Complaints
Shows they are Duplicative ....................................................................... 6

          B.      Neither Plaintiff's Recital of the Amended Complaint's
Conclusory Allegations, nor his Misplaced Reliance Upon the
"Information And Belief" Pleading Rules, Saves this Claim from
Dismissal .................................................................................................... 8

    III.    PLAINTIFF CANNOT PLEAD UNJUST ENRICHMENT IN THE
ALTERNATIVE UNDER THE FACTS PLED IN THE AMENDED
COMPLAINT ............................................................................................ 10

CONCLUSION .................................................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Air Atlanta Aero Eng'g Ltd. v. SP Aircraft Owner I, LLC*,
   637 F. Supp. 2d 185 (S.D.N.Y. 2009) ................................................................... 11

*Banko Co. v. Starrett Hous. Corp.*,
   No. 90 CIV. 2178 (PNL), 1991 WL 220958 (S.D.N.Y. Oct. 15, 1991) ............................. 2, 3

*Barron v. Helbiz Inc.*,
   No. 20 CIV. 04703 (LLS), 2023 WL 5672640 (S.D.N.Y. Sept. 1, 2023) ............................. 3

*Eastman Chem. Co. v. Nestle Waters Mgmt. & Tech.*,
   No. 11 CIV. 2589 JPO HBP, 2012 WL 4474587 (S.D.N.Y. Sept. 28, 2012) ........................ 9

*Gao v. JPMorgan Chase & Co.*,
   No. 14 CIV. 4281 PAC, 2015 WL 3606308 (S.D.N.Y. June 9, 2015)................................. 10

*In re Navidea Biopharmaceuticals Litig.*,
   No. 19-CV-1578, 2019 WL 7187111 (S.D.N.Y. Dec. 26, 2019) ......................................... 10

*Marcus v. W2007 Grace Acquisition I, Inc.*,
   *203 F. Supp. 3d 332 (S.D.N.Y. 2016)*................................................................... 7

*Northwell Health, Inc. v. Lexington Ins. Co.*,
   550 F. Supp. 3d 108 (S.D.N.Y. 2021) ................................................................... 8

*Rojas v. Don King Prods., Inc.*,
   No. 11 CIV. 8468 KBF, 2012 WL 760336 (S.D.N.Y. Mar. 6, 2012)................................. 8

*Stanley v. Direct Energy Servs., LLC*,
   466 F. Supp. 3d 415 (S.D.N.Y. 2020)................................................................... 10

*Supreme Showroom, Inc. v. Branded Apparel Grp. LLC*,
   No. 16 CIV. 5211 (PAE), 2018 WL 3148357 (S.D.N.Y. June 27, 2018) ............................. 4

*United States v. Thomas*,
   377 F.3d 232 (2d Cir. 2004)................................................................... 3

**Other Authorities**

Black's Law Dictionary (11th ed. 2019) ................................................................... 5

Fed. R. Civ. P. 12(b)(6)................................................................... 1

Restatement (Third) Of Agency
   Section 1.01 (2006)................................................................... 4

## PRELIMINARY STATEMENT

Defendants Clearview AI, Inc. ("Clearview AI"), Hoan Ton-That ("Ton-That"), and Richard Schwartz ("Schwartz") (collectively "Defendants") respectfully submit this Memorandum of Law in further support of their Motion to Dismiss Counts II, III, and IV of Plaintiff Charles Johnson's ("Plaintiff" or "Johnson") Amended Complaint with prejudice pursuant to the  Federal Rule of Civil Procedure 12(b)(6) for the failure to state a claim upon which relief can be granted.

Plaintiff's opposition to Defendants' motion to dismiss (Dkt. No. 32; hereinafter "Plaintiff's Opposition") does not overcome Defendants' arguments (Dkt. No. 26; hereinafter "Defendants' Moving Papers"). In sum, Plaintiff's attempts to pigeonhole himself into one of the categories set forth in Section 4(b)'s restrictive covenant, which would afford him the protection needed to establish a breach claim, are meritless under the allegations pleaded, which is further exemplified by the lack of any relevant precedent supporting his propositions. This can only be described as the proverbial kitchen sink, in that he throws out broad, unsupported arguments (e.g., alleged comments made about him are subject to this covenant because he is an owner, an agent, an independent contractor and a representative of Clearview) in the hopes that something will stick. Plaintiff's argument that his breach of good faith and fair dealing claim is based on separate facts is also wholly unpersuasive, as even a cursory review of the Amended Complaint shows that the claim is duplicative of the breach of contract claim. Furthermore, Plaintiff's mere recital of the conclusory allegations supporting this claim does not save it from failing to satisfy the requisite pleading standard. Finally, Plaintiff has offered nothing other than a citation to a single, distinguishable case to support that he can plead an unjust enrichment claim alongside a breach of contract claim when the parties do not support that the contract is valid.

Based on the foregoing and as will be further detailed herein, Plaintiff does not adequately rebut Defendants' arguments or raise any issues that would preclude the Court from granting the Defendants Motion to Dismiss Counts II, III, and IV of the Amended Complaint. As such, Defendants respectfully submit that their motion should be granted in its entirety.

## LEGAL ARGUMENT

I.  **PLAINTIFF'S BREACH OF CONTRACT CLAIM AGAINST THE INDIVIDUAL DEFENDANTS IS NOT SAVED BY THE OPPOSITION BRIEF**

### A.  Johnson is not, nor has he ever been, an agent of Clearview

As set forth in Defendants' Moving Papers, Johnson has not pled that he was an agent of Clearview, nor has he adequately alleged that such a relationship ever existed. Rather than analyzing Johnson's status as an agent under New York's well-established agency rules, Johnson attempts to couch himself as an agent under the unsupported notion that his alleged status as a "minority owner" automatically creates an agency relationship.[1] He cites two distinguishable cases in support of his argument. In *Banko Co. v. Starrett Hous. Corp.,* No. 90 CIV. 2178 (PNL), 1991 WL 220958, at *5 (S.D.N.Y. Oct. 15, 1991)*,* the parties disputed whether a signatory on an agreement was authorized to sign an agreement releasing claims on behalf of the company. The individual who signed the agreement was the *managing director* and a principal owner of the company – clearly distinguishable from Johnson whose alleged "ownership" interest was solely in terms of stock ownership. *See* Dkt. 25, Amended Compl., Exhibit A, ¶2. While the court's agency analysis mentioned ownership status, its focus was on the authority that customarily comes with the corporate title of a *managing director*, and looked at several other factors including prior conduct and representations of the individual. In short, it is misleading and

---

[1] By way of reminder, as set forth in Defendants' Moving Papers, the plain language of ¶4(b) does not include "owners" in its restrictive covenant.  Clearly, had the parties intended for this provision to cover owners, they could have included that language.

incorrect as a matter of law to assert that the court simply concludes its agency analysis upon the assertion that an individual has ownership status. [2]

*Barron v. Helbiz Inc*., No. 20 CIV. 04703 (LLS), 2023 WL 5672640, at *3 (S.D.N.Y. Sept. 1, 2023) is equally unpersuasive. In *Barron,* the parties disputed whether an individual was an executive officer of the company – again clearly distinguishable from Johnson's stock ownership here - and whether that established the court's personal jurisdiction of the company under an agency theory. While the court cited *Banko* for the proposition that an uncontested principal owner of a company may be presumed to be an agent, importantly, it declined to apply this principle because the parties disputed the individual's CEO status. The court ended the agency analysis there, finding regardless of the agency relationship, it lacked personal jurisdiction over the company because the company did not direct the individual to take actions in the relevant jurisdiction.  Simply put, *Banko* and *Barron* do not provide support for Johnson's argument that he should be considered an agent for the purposes of Section 4(b) due to his stock ownership in Clearview.

Next, Johnson argues that he is an independent contractor and, as a result, is an agent of Clearview. As noted above, Johnson has not pled he is an agent of Clearview, nor has he pled that he is an independent contractor. Notwithstanding, this argument still fails. Contrary to Plaintiff's conclusory assertion that "an independent contractor is considered to be an agent", case law is clear the determination of agency status in the context of an individual or entity that is an independent contractor rests on agency principles. Indeed, as included in the citations in Plaintiff's Opposition, it is true that an independent contractor *may also* be an agent as the terms are not mutually exclusive, *United States v. Thomas,* 377 F.3d 232 (2d Cir. 2004), and that an

---

[2] This 1991 case was only cited <u>once</u> in the past thirty years by *Barron v. Helbiz,* its short three sentence agency analysis.

independent contractor can be an agent even if an agreement expressly disclaims such a relationship, but only if the principles of agency are met, *Supreme Showroom, Inc. v. Branded Apparel Grp. LLC*, No. 16 CIV. 5211 (PAE), 2018 WL 3148357, at *1 (S.D.N.Y. June 27, 2018). Thus, for the reasons set forth in Defendants' Motion Papers, Johnson is not an agent.

Johnson's reliance upon *Supreme Showroom* does not disturb Defendants' analysis. In *Supreme Showroom*, the independent contractor was found to be an agent, despite disclaiming such a relationship in the contract, where the parties clearly manifested their intent that the independent contractor would solicit sales on behalf of and under the control of the company, even though the contractor did not have authority to bind the client. *Id. at *10.* For example, the independent contractor in *Supreme* negotiated contracts; managed the sale, margin and profitability of the customers; was required to provide monthly sales-activity reports and copies of all correspondence between its customers; was subject to rules set forth by the company such as maintaining a professional appearance; and was required to assist in the resolution of any disputes between the company and customers. *Id.* The court also found that the independent contractor was the one who actually cultivated and maintained the company's primary client relationships. *Id.* These facts are simply not comparable here, where the relationship between Johnson and Clearview, as defined by the Agreement and pled by Johnson, *only* extends to Johnson's introduction of potential leads. He not only has no power to bind Clearview, but has no authority to negotiate contracts or transmit or receive information on Clearview's behalf. Even if he did, Johnson's claim still fails because there are <u>no</u> allegations that Johnson was subject to the control of Clearview, because he was not, which is fatal to his claim. *See* Restatement (Third) Of Agency Section 1.01 (2006) ("For an agency relationship to be found, it must be shown that a person was given the explicit or implied power to bind the principal or

4

negotiate a transaction **and was under such control or influence of the principal** as to suggest an agency relationship.") (emphasis added). No matter what way Johnson attempts to claim agency status, even taking all of his allegations as true, they do not create an agency relationship.

### B.  Johnson is not, nor has he ever been a Representative of Clearview

Johnson's argument that Section 4(b) applies to him because he is a representative is equally unavailing, as evidenced by the complete lack of authority cited for this argument. Relying solely on the Black's Law Dictionary definition of a representative, which defines a representative as "[o]ne who stands for or acts on behalf of another", Johnson claims that he is a representative because he "introduced Clearview to many individual and entities that were interested in Clearview's products and services." Other than purportedly introducing leads, it is undisputed Johnson is not – and has not pled that he is - negotiating contracts, or otherwise acting on behalf of or for Clearview. Merely introducing individuals or entities, without more, does not equate to being a representative. Moreover, the terms representative and agent as defined by Black's Dictionary are used <u>synonymously</u>. *See* Black's Law Dictionary (11th ed. 2019) (defining agent as "[s]omeone who is authorized to act for or in place of another; a representative). Thus, for the reasons set forth above in Section I(A), *supra,* because Plaintiff is not an agent, his argument that he is a representative also fails as a matter of law.

### C.  This Claim can be Resolved as a Matter of Law

Contrary to Plaintiff's assertions and failed attempts to convince the court there are questions of facts when none exist, the nature of the parties' relationship can be resolved as a matter of law based upon the allegations in the Amended Complaint. First, as set forth throughout this brief and Defendants' Moving Papers, Plaintiff has failed to allege he was an agent or representative in his Amended Complaint. More significantly, not only is the

relationship between Johnson and Clearview established by a clear, unambiguous contract, but the extent of the relationship is undisputed by the parties – if Johnson introduced leads to Clearview that resulted in consummated contracts, he would receive a sales commission. There are no allegations that the relationship extended beyond this. Thus, the court can determine whether Section 4(b) of the Agreement applies to Johnson, and should find, for the reasons set forth above and in Defendants Moving Papers, that it does not because Plaintiff has failed to allege facts, even taking all of the facts set forth in Plaintiff's Amended Complaint as true, that would create an agency, representative, or any other relationship identified in Section 4(b). Simply put, Johnson is not, nor has he ever been a director, officer, representative, agent, or employee of Clearview and may not allege a breach of terms that clearly do not apply to him in the hopes of obtaining damages to which he is not entitled. Consequently, Count II should be dismissed.

## II.   PLAINTIFF'S BREACH OF GOOD FAITH AND FAIR DEALING CLAIM IS NOT SAVED BY THE OPPOSITION BRIEF

### A.   A Comparison of the Claims Set Forth in the Amended Complaints Shows they are Duplicative

Plaintiff argues that his claim for the breach of good faith and fair dealing should not be dismissed because it is not based upon the same facts as his breach claims. *See* Opp. Br. at 12-13. Although Defendants commend Plaintiff's creative manipulation of the facts, the Amended Complaint speaks for itself. The situation here is precisely as described in seminal contract cases cited in Defendants Moving Papers, where a plaintiff attempts to bootstrap a spurious claim for breach of the covenant of good faith and fair dealing out of the same allegations comprising the claim for breach of contract. In fact, in attempting to parse his claims, Plaintiff actually provides direct support that his claims are duplicative. *See* Opp. Br. at 12. For example, Plaintiff argues that his breach claim rests on the allegations that he introduced Defendants to potential

customers; his introductions resulted in definitive agreements; and Defendants failed to pay him the sales commissions owed under the Agreement. Yet, in the Amended Complaint, he simultaneously claims "Defendants breached the duty of good faith and fair dealing by concealing consummated contracts that resulted from his introductions" impairing his ability to earn sales commissions as compensation. *Compare* Opp Br. at 12 *and* Amended Compl.,¶¶ 63-64 *with* Amended Compl. ¶77.

In the same vein, Plaintiff tries to convince the court that the allegations concerning the circulation of false information about Johnson's role with Clearview are somehow separate and apart from his breach of contract claim. However, these allegations are restated, *nearly verbatim*, in support of Plaintiff's breach claim, where he alleges that Defendants breached the Wind-Down Agreement when they made comments that "publicly criticized and disparaged Johnson and denied his involvement in Clearview AI." *See* Dkt. 25, Amended Compl. Count II, ¶¶ 71-72.

While the remaining allegation supporting this claim – that Defendants failed to follow up with leads introduced by Johnson – is not explicitly set forth under Plaintiff's breach claims, a review of the Amended Complaint clearly shows that Johnson does not allege any distinct damage from this conduct. *See, e.g., id.* at ¶46 (alleging "these introductions were ultimately ignored, or upon information and belief, resulted in consummated contracts that removed Johnson from the process altogether, rendering his ability to collect the contractually agreed-upon sales commission impossible.").

The law is clear that Johnson cannot plead both claims on these same set of facts, where the damages are intrinsically tied together. *See Marcus v. W2007 Grace Acquisition I, Inc.,* 203 F. Supp. 3d 332, 340 (S.D.N.Y. 2016) ("Typically, raising both claims in a single complaint is redundant, and courts confronted with such complaints under New York law regularly dismiss

any freestanding claim for breach of the covenant of fair dealing where the claims derive from the same set of facts." (internal quotation marks omitted)); *Rojas v. Don King Prods., Inc.,* No. 11 CIV. 8468 KBF, 2012 WL 760336, at *4 (S.D.N.Y. Mar. 6, 2012) (dismissing claim where the damages asserted were intrinsically tied to the damages resulting from breach of contract). Thus, on this basis alone, Count III should be dismissed.

### B. Neither Plaintiff's Recital of the Amended Complaint's Conclusory Allegations, nor his Misplaced Reliance Upon the "Information And Belief" Pleading Rules, Saves this Claim from Dismissal

In a failed attempt to persuade the Court that he has pled sufficient factual allegations to satisfy the *Iqbal* pleading standard, Plaintiff merely recites the threadbare, conclusory allegations littered throughout his Amended Complaint that do nothing more than parrot the language of the Wind-Down Agreement with the speculation that Defendants acted in bad faith. *Northwell Health, Inc. v. Lexington Ins. Co.*, 550 F. Supp. 3d 108, 115 (S.D.N.Y. 2021) (finding "allegations that merely parrot" the contract provisions alleged to be breached, without more, are not presumed true"). Simply put, these conclusory allegations, coupled with the fact that the pleading is devoid of *any* factual allegations concerning potential leads that Johnson introduced to Clearview that were ignored, are fatal to his claim. In fact, during the pre-motion conference, the Honorable Katherine Polk Failla, U.S.D.J. addressed the lack of factual allegations pled in the Complaint, and strongly encouraged Plaintiff to amend his pleading to include factual allegations to support his claims, as it was clear they were insufficient to meet the pleading standard and unlock the doors of discovery. Plaintiff then filed the Amended Complaint, which included factual allegations relating to leads he believed resulted in concealed, consummated contracts, but again failed to allege any non-conclusory allegations to support his breach of good faith and fair dealing claim.

In Plaintiff's final attempt to save this claim, he argues that dismissal is inappropriate because the facts – whether or not Defendants acted in good faith in pursuing potential customers introduced by Johnson – are within the exclusive possession of Defendants. However, this argument is equally unavailing. Plaintiff relies on *Eastman Chem. Co. v. Nestle Waters Mgmt. & Tech.*, No. 11 CIV. 2589 JPO HBP, 2012 WL 4474587, at *5 (S.D.N.Y. Sept. 28, 2012) for the proposition that "pleading facts alleged 'upon information and belief' where the facts are peculiarly within the possession and control of the defendant ... or where the belief is based on factual information that makes the inference of culpability plausible" is sufficient to satisfy the pleading standard. *Id.* While Defendants do not dispute the validity of this rule, or the holding in *Eastman*, both are inapplicable to the instant case for several reasons. First and most significantly, unlike *Eastman*, there are no allegations supporting Plaintiff's breach of good faith and fair dealing claim that are based upon information and belief. *See generally,* Dkt. 25, Amended Compl. The allegations in the Amended Complaint that are based upon information and belief relate solely to the concealment of consummated contracts, **not the failure to pursue leads introduced by Johnson.** *See id.* at ¶¶45-46. Second, these facts are not within the exclusive control of the Defendants. Indeed, it is completely disingenuous for Plaintiff to claim that he cannot identify a *single* lead that he alleged he introduced to Clearview that he believes went ignored or that he cannot provide any facts to support the conclusory assertion that Clearview acted in bad faith in pursuing these alleged leads. This is clearly nothing more than a fishing expedition, based on Johnson's pure speculation with no factual basis, in stark contrast to the claim in *Eastman,* which included several allegations based upon information and belief that were coupled with factual information that created an inference of culpability. In sum, the allegations surrounding Plaintiff's breach of good faith and fair dealing are utterly insufficient to

adequately plead a claim under this Court's jurisprudence. Consequently, Count III must be dismissed.

### III. PLAINTIFF CANNOT PLEAD UNJUST ENRICHMENT IN THE ALTERNATIVE UNDER THE FACTS PLED IN THE AMENDED COMPLAINT

Plaintiff's argument misses the mark. Plaintiff certainly is allowed to plead alternative theories of recovery in certain situations, but this is <u>not</u> one of them. New York law is clear that "claimant cannot plead unjust enrichment in the alternative under New York law" where "the validity of a contract that governs the subject matter at issue is not in dispute, and the claimant alleges breach of the contract." *See Stanley v. Direct Energy Servs., LLC*, 466 F. Supp. 3d 415, 430–31 (S.D.N.Y. 2020) (internal citations omitted). In *Gao v. JPMorgan Chase & Co.*, No. 14 CIV. 4281 PAC, 2015 WL 3606308 (S.D.N.Y. June 9, 2015), the lone case cited by Plaintiff, the court allowed the unjust enrichment claim to proceed in the alternative because there was a question as to the validity of the underlying contract. The plaintiff in *Gao* alleged that the contract amounted to "an illusory promise" rendering it unenforceable. *Id.* at *5.* In light of these allegations, the court denied the motion to dismiss the unjust enrichment claim, finding it may later determine the contract unenforceable. *Id. Gao* is clearly distinguishable from the case at bar as the validity of the Wind-Down Agreement is not at issue. In fact, Plaintiff admits he does not allege, and Defendants do not contest, that the Wind-Down Agreement is invalid or unenforceable. *See* Opp. Brief at 14. Thus, this case is inapposite. Because Plaintiff alleges that the Wind-Down Agreement is valid and enforceable, and he has not pled any other facts in the alternative that would support an unjust enrichment claim, his claim fails as a matter of law and must be dismissed as duplicative. *See In re Navidea Biopharmaceuticals Litig.,* No. 19-CV-1578, 2019 WL 7187111, at *9 (S.D.N.Y. Dec. 26, 2019) ("Where a plaintiff fails to allege that the contract at issue is invalid or unenforceable ... a claim for [unjust enrichment] is precluded.");

*Air Atlanta Aero Eng'g Ltd. v. SP Aircraft Owner I, LLC*, 637 F. Supp. 2d 185, 196 (S.D.N.Y. 2009) (same).

## <u>CONCLUSION</u>

Based upon the foregoing and the arguments advanced in the Moving Papers, Defendants respectfully request the Court to grant their Motion to Dismiss Counts II, III, and IV of the Amended Complaint for the failure to state a claim upon which relief may be granted, and grant such other relief to Defendants that the Court deems appropriate.

Dated:  New York, New York
        October 20, 2023

                                        Respectfully submitted,

                                        GORDON & REES LLP
                                        *Attorneys for Defendants Clearview AI, Inc.,*
                                        *Hoan Ton-That and Richard Schwartz*

                                        By:  ___*/s/ Ronald A. Giller* _____
                                               Ronald A. Giller

                                        1 Battery Park Plaza, 28th Floor
                                        New York, NY 10004
                                        Phone: (973) 549-2500
                                        Fax: (973) 377-1911
                                        E-mail: rgiller@grsm.com