# ALSTON & BIRD

90 Park Avenue
New York, NY 10016
212-210-9400 | Fax: 212-210-9444

Steven L. Penaro  Direct Dial: 212-210-9460  Email: steve.penaro@alston.com

November 8, 2023

**VIA ECF AND E-MAIL**

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007



Re: *Johnson v. Clearview AI, Inc., et al.*, Civil Action No. 1:23-cv-02441-KPF

Dear Judge Failla:

As the Court is aware, we represent Plaintiff Charles Johnson ("Plaintiff") in the above referenced matter. We write in response to Defendants Clearview AI, Inc. ("Clearview"), Hoan Ton-That, and Richard Schwartz's (collectively, "Defendants") letter, dated November 7, 2023, once again seeking judicial intervention regarding certain public statements that Plaintiff has made that this Court has previously addressed in its November 3 Order. *See* Dkt. No. 36.

Simply put, Defendants' latest letter represents yet another attempt to distract from this litigation by presenting the Court with statements made by Plaintiff that do not have to do with the merits of this dispute, and characterizes such statements in the worst possible light. Indeed, Defendants' November 7 letter addresses the same issues and statements made by Plaintiff that have already been addressed through the parties' prior correspondence and considered in the November 3 Order "finding that no action from the Court is necessary at this time." Dkt. No. 36. Defendants' November 7 letter also raises older statements and strains to make them apposite to the case.

The November 7 letter thus seeks to raise the same issues that Defendants have previously raised to the Court hoping for a different result. While Defendants recognize the Court's concern about safekeeping Plaintiff's First Amendment rights, Defendants seek to carve out an exception to those protections for Plaintiff's speech by characterizing it as "intend[ing] to incite violence" and "intend[ing] to threaten or intimidate counsel." However, these characterizations are false, and our client denies that any of his public statements that Defendants take issue with were made with either of those intentions. A cursory review of the statements will confirm the same.

Alston & Bird LLP                                                                                                                                                                www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

That said, as we have stated in our July 13 and November 2 letters, we continue to counsel our client against making public statements about this litigation, the Defendants, or any parties involved in the litigation, as unproductive. As such, we respectfully ask the Court to refer Defendants to its November 3 Order and likewise impose no further action at this time.

We appreciate the Court's continued attention to this matter.

Respectfully Submitted,

Steven L. Penaro

cc: Counsel of Record (via ECF)

---

```
     The Court is in receipt of Defendants' November 7, 2023
letter (Dkt. #37) and Plaintiff's above response (Dkt. #38).

     The Court remains dismayed by Plaintiff's continued public
posting about Defense counsel, Defendants, and this litigation
generally; Plaintiff's counsel's apparent inability to impress
upon Plaintiff the impropriety of his actions; and the amount of
attention that Plaintiff's behavior has required from this Court.
(See Dkts. #21-24, 34-38).

     If Defendants' prior letters had not, Defendants' November
7, 2023 letter (Dkt. #37) makes clear that Plaintiff has violated,
at a minimum, his agreement "to stop posting on social media about
Defendants' counsel," so-ordered by this Court on July 13, 2023
(Dkt. #24).  (See, e.g., Dkt. #37-1 at 3 (November 1, 2023
article) ("Giller has tried not once, not twice, but three times
to claim I am an anti-Semite."); Dkt. #37-5 at 5 (September 19,
2023 article) ("Real estate attorney Ron Giller — who did the
opposition research file (read blackmail dossier) on Giuliani for
his mayoral bid — is repping Clearview in my lawsuit against
them.")).

     Nonetheless, this Court is acutely aware of the limitations
placed on its power by the First Amendment.  Accordingly, if
Defendants wish for this Court to take a specific action or issue
```

certain sanctions against Plaintiff, Defendants should articulate to this Court (i) exactly what they contemplate such action(s) to be and (ii) why such action(s) do not impede upon Plaintiff's First Amendment rights. The foregoing will provide Plaintiff the opportunity to formally oppose Defendants' request and for the Court to make a fully informed decision in responding to Plaintiff's behavior.

Dated:     November 16, 2023          SO ORDERED.
           New York, New York

                                      HON. KATHERINE POLK FAILLA
                                      UNITED STATES DISTRICT JUDGE