UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLES JOHNSON,<br><br>        Plaintiff,<br><br>vs.<br><br>CLEARVIEW AI, INC., HOAN TON-THAT and RICHARD SCHWARTZ,<br><br>        Defendants. | Civil Action No.: 1:23-cv-02441 |

  **WHEREAS**, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

  **ORDERED** that any person subject to this Order – including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms:

1. Any person subject to this Order who receives from any other person any information of any kind — whether in documents, testimony, or any other form — provided in the course of this litigation ("Discovery Material") that is designated as "Confidential" or "Highly Confidential – Attorneys Eyes' Only" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted by this Order.

2. The person producing any given Discovery Material may designate as "Confidential" any Discovery Material or portion of Discovery Material that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or could, in the good faith opinion of the producing person, adversely affect a person's privacy obligations or policies, business, commercial, financial, or personal interests.

3. The person producing any given Discovery Material may designate as "Highly Confidential – Attorneys Eyes' Only" any Discovery Material or portion of Discovery Material that it believes in good faith to be extremely sensitive in nature such that its disclosure to another party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means, including, without limitation, currently competitive trade secrets, minutes of board meetings, pricing data, financial

data, sales information, agreements or relationships with non-parties, market projects or forecasts, strategic business plans, selling or marketing strategies, personal or professional correspondence or communications, or information about employees.

4. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" the document or protected portion of the document in a manner that will not interfere with legibility or audibility.

5. Deposition testimony may be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind that transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "Highly Confidential Attorneys' Eyes Only Information Governed by Protective Order," or (b) notifying the report and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possess or under their control as directed by the producing party. During the 30-day period following a deposition, all parties will treat the entire deposition transcript as if it had been designated Confidential, unless expressly advised by a party that either the transcript includes no Confidential information or that the transcript or any portion thereof should be treated as "Highly Confidential – Attorneys' Eyes Only."

6. At any time prior to the trial of this action, any Discovery Material inadvertently produced without limitation may be designated by the producing person as Confidential or Highly Confidential – Attorneys' Eyes Only by informing all parties in writing that the Discovery Materials should be treated as Confidential or Highly Confidential – Attorneys' Eyes Only under this Order.

7. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated as Confidential by the producing person to any other person, except:

    a. the parties to this action;

    b. counsel retained specifically for this action, including any paralegal, clerical, and other assistant employed by such counsel, including third-party vendors such as copy services and/or technical support firms, and assigned to this matter;

    c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    d. any witness called to testify at deposition or any witness whom counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form attached to this Order;

    e. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form attached to this Order;

    f. any mediator or arbitrator that the parties engage in this matter or that the Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form attached to this Order;

    g. stenographers engaged to transcribe depositions conducted in this action; and

    h. the Court and its support personnel.

8. Unless otherwise ordered by the Court or permitted in writing by the producing party, where a producing party has designated Discovery Material as Highly Confidential – Attorneys' Eyes Only, such Discovery Material may only be disclosed to the following persons:

    a. counsel retained specifically for this action, including any paralegal, clerical or other assistant that such outside counsel employs and assigns to this matter;

    b. outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

    c. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form attached to this Order;

    d. any mediator or arbitrator that the parties engage in this matter or that the Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form attached to this Order;

    e. stenographers engaged to transcribe depositions conducted in this action; and

    f. the Court and its support personnel.

9. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 7(d), 7(e), 7(f), 8(c) and 8(d) above, such person shall be provided by counsel with a copy of this Order and shall sign a Non-Disclosure Agreement in the form attached to this Order. Counsel shall retain each signed Non-Disclosure Agreement and produced it to opposing counsel upon request.

10. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court in the manner provided by the Court's "Sealed Records Filing Instructions" (available on the Court's website) and by Section 7.D of the Court's Individual Practices. The parties will use their reasonable best efforts to minimize the filing of Discovery Materials under seal. For any document filed under seal, (1) a redacted version of the document shall be filed on the public docket on the same day, and (2) a letter shall be filed on the public docket indicating what has been filed under seal.

11. Any party who either objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If the parties cannot reach a prompt agreement respecting the objection, the parties may seek a ruling from the Court.

12. Each person who has access to Discovery Material that has been designated as Confidential or Highly Confidential – Attorneys' Eyes Only shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

13. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection with respect to the Inadvertently Disclosed Information and its subject matter.

14. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed. A receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

15. This Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential" of "Highly Confidential – Attorneys' Eyes Only," including copies, shall be returned promptly to the producing person, or, upon permission of the producing person, destroyed.

16. This Stipulation and Order shall not be construed as an admission by any party that any document or other evidence is discoverable, relevant, or admissible or as a waiver of any right to object to the discoverability, relevance, or admissibility of any document or other evidence. There are no intended beneficiaries of this Stipulation and Order other than the parties to this action and the Court, and no other person shall acquire any right hereunder.

**SO STIPULATED AND AGREED.**


__/s/ Ronald A. Giller_____                ___/s/ Bernard V. Kleinman_____
By:    **Ronald A. Giller Esq.**                By:    **Bernard V. Kleinman, Esq.**
*Counsel for Defendants*                        *Counsel for Plaintiff*
Gordon & Rees LLP                               Law Office of Bernard V. Kleinman, PLLC
One Battery Park Plaza                          108 Village Square
28th Floor                                      Suite 313
New York, New York 10001                        Somers, NY 10589-2305


```
This confidentiality agreement does not bind the Court or any of
its personnel.  The Court can modify this stipulation at any
time.  The Court will retain jurisdiction over the terms and
conditions of this agreement only for the pendency of this
litigation.  Any party wishing to make redacted or sealed
submissions shall comply with Rule 9 of this Court's Individual
Rules of Civil Procedure.


Dated:     July 30, 2024            SO ORDERED.
           New York, New York

                                    [signature: Katherine Polk Failla]

                                    HON. KATHERINE POLK FAILLA
                                    UNITED STATES DISTRICT JUDGE
```

| | |
|---|---|
| CHARLES JOHNSON,<br><br>                    Plaintiff,<br><br>vs.<br><br>CLEARVIEW AI, INC., HOAN TON-THAT and RICHARD SCHWARTZ,<br><br>                    Defendants. | Civil Action No.: 1:23-cv-02441<br><br>**NON-DISCLOSURE AGREEMENT** |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential – Attorneys' Eyes Only. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____

                                                            _____