RONALD A. GILLER, ESQ.
RGILLER@GRSM.COM
DIRECT DIAL: 973-549-2501

MALLORY J. BENNER, ESQ.
MBENNER@GRSM.COM
DIRECT DIAL: 973-549-2555



ATTORNEYS AT LAW
1 BATTERY PARK PLZ
NEW YORK, NY 10004
WWW.GRSM.COM
(973) 549-2500

December 24, 2024

**VIA ECF AND E-MAIL**
The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

Re:   **Charles Johnson v. Clearview AI, Inc., et. al.**
      **Case No. 1:23-cv-02441**

Dear Judge Failla:

We are counsel for Defendants in this matter, and are forced, for the fourth time, to write concerning Plaintiff's harassing, highly offensive, and defamatory social media posts. As you know, since the inception of this case, Defendants have **continuously** requested for Plaintiff to cease publishing offensive, inappropriate comments via social media about the Defendants and Defendants' counsel.[1]

Despite the continuous objections raised by the Defendants, direction from Plaintiff's previous counsel, clear representations made by Plaintiff to the Court, and Your Honor's repeated warnings and orders, Plaintiff has persisted in making harmful, offensive, and false statements about the Defendants and counsel online. This behavior is in direct violation of the agreement Plaintiff made with the Court to cease such actions in connection with this lawsuit.

On December 18, 2024, Plaintiff published the following statement about me and Clearview's co-founder , Hoan Ton-That, falsely insinuating that we are engaging in criminal and fraudulent activity:

> "Settlement talks broke down with Clearview.AI. I offered a very generous price to acquire the company but was rebuffed.

---

[1] For the sake of brevity, we will not repeat the lengthy history of Plaintiff's inappropriate, defamatory statements, but refer the Court to our letter correspondence dated July 12, 2023 (Dkt. 21); November 1, 2023 (Dkt. 34); and June 24, 2024 (Dkt. 45), which discuss, and attach, the harassing statements, which include but are not limited to, antisemitic tweets concerning Defendant and Defendant's counsel; tweets accusing Defendant of fraud; tweets making criminal accusations about CEO Hoan Ton-That's family members; statement falsely claiming Ton-That was the victim of child sex abuse; and threatening statements to Clearview's board members and investors.

> Unfortunately Hoan Ton-That continues to instruct his attorney Ron Giller to be complicit in Ton-That's securities fraud and criminality."

See **Exhibit A.** As of 5pm on evening of December 18, the post (calling it 1/2) had 2,925 views. He then posted a second tweet (calling it 2/2) stating:

> "I am committed to a just settlement of the Clearview.AI matter on behalf of the public, our country, & the requisite shareholders and stakeholders.
>
> We will now begin to increase the pressure on the board, which includes representatives of the UAE & Hal Lambert."

See **Exhibit A.**

A day later, on December 19, 2024, Plaintiff emailed Mr. Ton-That, stating, "I just wanted you to know that it's done now. You won't get any more chances." See **Exhibit B.**

On December 22, 2024, Plaintiff emailed Mr. Ton-That again, along with Hal Lambert, an investor and member of Clearview's Board of Directors, stating in relevant part:

> "Seeing as you are both colluding I wanted to send you both a message. I just wanted you to know that the price I offered for Clearview.AI that your attorney rejected was very real. You're obliged to tell the other board members about that offer but you won't because you're criminals.
>
> I'm going to be instructing my attorneys to work closely with state, federal and international law enforcement agencies which have already been investigating both of you.
>
> I'm sending you this message now because I don't have confidence that your attorneys are, in fact, your attorneys…In the future it's not wise to hire an attorney who is a lobbyist for Huawei or who works closely with the Israelis."

Plaintiff then posted a screenshot of this email to X.com, along with the following text:

> "It's always important to let people know what is about to happen to them…You guys know that Hal Lambert and Hoan Ton-That are going to end up in prison right?

See **Exhibit C.** To Defendant's knowledge, Plaintiff has never communicated any acquisition price for Clearview, and Clearview is not under any state, federal or international law enforcement investigation. Johnson also posted another statement on his X.com account later that same day, stating:

> "It'll be some combination of @DOJNatSec, @SECGov, @IRS_CI, Australia, Canada, etc. You don't have multiple states trying to bankrupt you and just walk away."

See **Exhibit D**. This tweet also tagged X.com accounts belonging to the Department of Justice's National Security Division, the Securities Exchange Commission and the Criminal Investigations Division of the Internal Revenue Service.

Plaintiff's continuous, threatening statements make it **abundantly** clear his intent in filing this lawsuit was not to remedy any alleged breach of contract, but rather to harass Clearview and pressure the company into what he believes is a "favorable" settlement with him.

This is a pattern of conduct. Plaintiff has recently been sued for allegedly running a fraud and extortion scheme in the US District Court for the Northern District of Texas (Point Bridge Capital, LLC v. Charles Johnson, Case No. 4:24-cv-00988), wherein he is accused of threatening to sabotage contracts or funding of target companies, if those target companies didn't give in to his demands for equity or favorable investment terms. This further evidences the true motives behind this frivolous lawsuit, and Plaintiff's continued threatening and harassing comments directed at Clearview and counsel.

Most importantly, Plaintiff's latest outbursts are **direct** violations of his representations to Defendant, Defendant's counsel, and to this Court. By way of reminder, through letter by Plaintiff's prior counsel dated July 13, 2023, "[Plaintiff] [] agree[d] to stop posting on social media about Defendants' counsel, as well as communicating with Clearview's investors and board members about this litigation", which **was so ordered by this Court**. Notwithstanding, Plaintiff has continued to repeatedly violate this agreement, not only ignoring his own counsel's advice, but also the Court's explicit warnings. *See* Dkt. 39 ("The Court remains dismayed by Plaintiff's continued public posting about Defense counsel, Defendants, and this litigation generally [and] Plaintiff's counsel's apparent inability to impress upon Plaintiff the impropriety of his actions; and the amount of attention that Plaintiff's behavior has required from this Court").

Plaintiff's continued publication of false, threatening statements, in violation of his representation to this Court, Defendant, and Defendant's counsel, is sanctionable civil contempt. Contempt of court is "[co]mmitted by a person…who, being under the court's authority as a party to a proceeding therein, **willfully disobeys its lawful orders or fails to comply with an undertaking which he has given.**" **(**emphasis added). Black's Law Dictionary 288 (5th ed. 1979). Plaintiff represented he would cease posting about Defendant's counsel on the Internet, and this Court entered an order on the basis of that representation. However, he has done so *multiple* times since his representation, even going as far as posting baseless accusations that Defendant's counsel is engaging in criminal misconduct. In fact, Plaintiff continued to engage in this behavior, even after the Court previously found him in violation of his agreement with the Court. *See* Dkt. 39 (Plaintiff has violated, at a minimum, his agreement "to stop posting on social media about Defendant's counsel" so ordered by this Court). Plaintiff also represented he would refrain from contacting Clearview investors and board members about this lawsuit –yet has *repeatedly* emailed Lambert and Ton-That, shareholders and board members, and publicly posted those communications alongside spurious threats. Plaintiff's willful, wanton failure to abide by his agreement has, and continues to, not only prejudice Defendant but also force the Court to waste judicial resources on addressing this inappropriate conduct, demonstrating a complete disrespect for the judicial process and the Court's orders.

This Court holds the inherent power to sanction this exact sort of misconduct by awarding attorney fees to Defendant for the time spent by Defendant's counsel to address Plaintiff's public, online posts since the inception of this case. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 46(1991) (it is within the district court's inherent power to award attorney's fees when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons"). "Among the factors to be considered when imposing sanctions are: (1) the party's history of

noncompliance; (2) the effectiveness of lesser sanctions; (3) whether a warning had been issued regarding imposition of sanctions; and (4) whether imposing lesser sanctions would prejudice the moving party." *Batson v. Rim San Antonio* Acquisition, LLC, 15-CV-7576 (ALC) (OTW), 5 (S.D.N.Y. Feb. 18, 2022). The sanctions sought are appropriately tailored and minimal in light of Plaintiff's repeated and willful misconduct that has occurred in the face of *multiple* warnings from this Court.

While this Court has shown concern for Plaintiff's First Amendment rights when considering sanctions, this request for the imposition of a deterrent sanction does not raise First Amendment or prior restraint concerns. Rather, Defendant respectfully seeks this remedial sanction to simply redress the costs Defendant has been forced to incur to continuously address Plaintiff's violations of his representations to this Court.

Thank you.

Respectfully Submitted,

GORDON & REES LLP

*/s/ Ronald A. Giller*

Ronald A. Giller, Esq.

RAG:MJB
Enclosures