Admitted
U.S. Supreme Court
U.S. Courts of Appeals
2nd, 3rd, 4th 5th, 9th & 10th
U.S. District Courts
S.D.N.Y., W.D.N.Y.
E.D.N.Y., N.D.N.Y.
D. Md., W.D. Tex., N.D. Tex.
D. Colorado W.D. Okla.
State Courts
New York   Colorado

# LAW OFFICE OF BERNARD V. KLEINMAN, PLLC

ATTORNEY - AT - LAW

108 VILLAGE SQUARE, SUITE 313
SOMERS, NY 10589-2305

TEL: (914) 644-6660   E-MAIL: ATTRNYLWYR@YAHOO.COM   FAX: (914) 694-1647

January 03, 2025

Hon. Katherine Failla
U.S. District Judge
Southern District of New York
40 Foley Square
Courtroom 2103
New York, NY 10007

Re: *Johnson v. Clearview AI, et al.*, 23-cv-02441

Your Honor,

As per the Court's Order of December 30, 2024 (ECF No. 62), this shall serve as Plaintiff's Response to the Letters of Attorney Gillers, ECF Nos. 60, 61.

Attorney Gillers filings were forwarded to Mr. Johnson on December 24, and December 30, & 31, 2024, along with the Court's Order of 30 December 2024.

The Court's current Order states (in relevant part) as follows:
> The Court ORDERS Plaintiff to file a combined response to both letters on or before **January 3, 2025, at 9:00 a.m.**

Emphasis in original.

As an introduction, it is necessary to repeat what Your Honor has noted on more than one occasion, that "this Court is acutely aware of the limitations placed on its power by the First Amendment."  See "So Ordered" notation (dated 16 November 2023) on Alston & Bird letter of 08 November 2023.  ECF No. 39.  Further, in both the 24 December and 30 December letters, Attorney Gillers has not articulated what action the Court can take that "do[es] not impede upon Plaintiff's First Amendment rights."  See ECF No. 30.  Both of the letters only request some sort of undefined sanctions, with a failure to address the Court's First Amendment concerns.  While the Letter of 24 December 2024 does request, as a sanction, the award of attorney fees (see *id.* at pp. 3-4), it fails to specifically address all four of the requirements set forth by the Defendant's quoted case of *Batson v. Rim San Antonio Acquisition, LLC*, 2022 U.S. Dist. LEXIS 29866 at *7 (S.D.N.Y. 2022).  More specifically, Defendant has not articulated whether any "lesser sanctions" are available, and whether imposing such lesser sanctions, rather than attorney fees, would "prejudice the moving party".  (It should be noted that the *Batson* Court ruled that an inquest be ordered prior to the imposition of any such award.  *Id.* at *9.).

Hon. Katherine Failla, U.S.D.J., S.D.N.Y.
Re: *Johnson c. Clearview AI, et al.*, 23-cv-02441
03 January 2025 — page two

---

At the same time, it is essential to review the postings of Mr. Johnson, recognizing the "limitations" that the First Amendment imposes on the court, and the actual content of the postings.

The 30 December 2024 Gillers Letter, ECF No. 61.

This letter has attached to it, as an Exhibit (A), a total of five pages of postings made by Mr. Johnson.  ECF No. 61-1.  The first page ("page 2 of 6") contains no reference, whatsoever to Mr. Gillers, and has included in it a copy of the 24 December 2024 Gillers letter.  This is a document down-loaded from PACER, and is otherwise publicly available to anyone at all, to publish (and comment upon) as they see fit.  See *United States v. Quattrone*, 402 F.3d 304, 308 (2d Cir. 2005) (a court order limiting the publication of what is disclosed in a public proceeding violates the Free Speech Clause of the First Amendment).

The second page ("page 3 of 6"), again contains no reference to Mr. Gillers, or even this specific litigation, and only names "Hal Lambert", who is not a named party to this litigation.  While the postings use the third person pronouns of "they" and "these", to whom these pronouns directly refer is unclear.

The third page ("page 4 of 6") makes some general references to "both cases", without any specific reference to what are "both cases".  The posting again references "Hal Lambert", and merely is a demand to proceed to depositions and trial as soon as possible.  While the bottom of the posting (which is cut off, but continues on "page 5 of 6") states that "Gillers behavior is more like a racketeering enterprise than as an ethical professional attorney.", this statement is more of an unactionable opinion ("more like"), than defamatory.  See *Miller v. James*, 2024 U.S. Dist. LEXIS 176244 (N.D.N.Y. 2024), where the Court opined that "a statement referring to <u>potential criminal activity</u> becomes defamation *per se* only when it suggests guilt or at least a charge related to a <u>specific incident</u>, rather than 'rhetorical hyperbole.'" *Id.* at *35-*36.  Emphases added.

The fourth page ("page 5 of 6") contains the above referenced quote.  And, again, is a demand to "settle this matter in court."  It contains a reference to an alleged admission by Attorney Gillers, but is not otherwise offensive.

The last page submitted ("page 6 of 6") makes no reference to Attorney Gillers.  It does state that Mr. Johnson has "made myself available to all investigations into Hoan Ton-That & Hal Lambert and their criminal conduct . . ."  While this might be defamatory, it is merely a statement of fact from Mr. Johnson as to his stated co-operation with various law enforcement criminal investigations into these parties.  Since these claims of "criminal conduct" contain no reference to extrinsic facts . . . necessary to give them a defamatory import", they are non-actionable opinions.  See *Crane-Hogan Structural Sys.,*

Hon. Katherine Failla, U.S.D.J., S.D.N.Y.
Re: *Johnson v. Clearview AI, et al.*, 23-cv-02441
03 January 2025 — page three

---

*Inc v. Belding*, 142 A.D.3d 1385, 1386 (4th Dep't 2016), quoting *Aronson v. Wiersma*, 65 N.Y.2d 592, 594-95 (1985).

None of these postings directly refer to this lawsuit, and, only one mentions a named defendant (Mr. Ton-That).

<u>The 24 December 2024 Gillers Letter, ECF No. 61.</u>

The Defendants allege that Mr. Johnson has posted "harassing, highly offensive, and defamatory social media posts."  And, the Defendants, and Defendants' counsel, seek sanctions based upon the Plaintiff's alleged failure to observe the Court's prior Orders restricting his posting of such comments.  The Court, needless to say, is well aware of the danger of such a prior restraint order, and raises the specter of violating the Plaintiff's First Amendment rights.

> As the Supreme Court has observed,
>> Prior restraints on speech and publication are the most serious and the least tolerable infringement on First Amendment rights . . . and by definition, [have] an immediate and irreversible sanction.  If it can be said that a threat of criminal or civil sanctions after publication 'chills' speech, prior restraint 'freezes' it at least for the time.
>
> *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 559 (1976).

And, this is as true, regarding claims of publishing defamatory statements, as any other.[1]  Indeed, "for almost a century the Second Circuit has subscribed to the majority view that, absent extraordinary circumstances, injunctions should not ordinarily issue in defamation cases." *Metropolitan Opera Ass'n v. Local 100 Hotel Employees & Restaurant Employees Int'l Union*, 239 F.3d 172, 177 (2d Cir. 2001).  See also *Freedom Calls Foundation v. Bukstel*, 2006 U.S. Dist. LEXIS 19685 (E.D.N.Y. 2006) ("the fact that Defendants false statements about Plaintiff's business and about its directors may injure Plaintiff does not alone constitute a sufficient ground for issuance of an injunction because Plaintiff has an adequate remedy at law."  *Id*. at *72-*73.).

With regard to the specific contents of the Defendants' Letter of December 24, 2024, the Defendants attached, as Exhibits A through D, alleged offending posted comments upon which they are seeking judicial intervention.

---

[1] Counterclaim II of the Defendants is one for Defamation.  See Defendants' Answer & Counterclaim, ECF No. 44, at ¶¶ 68 through 76.  As such, if the Plaintiff does publish further alleged defamatory statements, the Defendants are not without recourse.  Subject to Court permission, they may seek to amend their counter claim to add these.  See *Miller v. Miller*, 2018 U.S. Dist. LEXIS 124240 (D. Conn. 2018) ("because defamation can ordinarily be remedied by damages, injunctions are not appropriate in such actions absent extraordinary circumstances, such as intimidation and coercion . . ." *Id*. at *7.).

Hon. Katherine Failla, U.S.D.J., S.D.N.Y.
Re: *Johnson v. Clearview AI, et al.*, 23-cv-02441
03 January 2025 — page four

---

 Exhibit A (ECF No. 60-1) is a posting on "X" regarding attempts by the Plaintiff to seek a settlement (or minimally initiate settlement discussions), and rejection of same (including even discussions) by the Defendants. The claim is made that Defendant Ton-That has instructed Attorney Gillers to be "complicit in Ton-That's securities fraud and criminality." It does not accuse Attorney Gillers of engaging in such activity — only that Mr. Ton-That instructed Mr. Gillers. Any alleged defamatory comments would be subsumed under the Second Circuit rules that preclude injunctive action, where there exists "an adequate remedy at law." See N. 1, *supra*. As to the comment of "increas[ing] the pressure on the board", Mr. Johnson is a shareholder in Clearview AI, as is his former spouse, and his minor child. As such, he should have the legal and ethical right to criticize the Board of Directors, and seek to increase share value without the threat of sanctions. And, this is especially so where the evidence exists that the subject parties have engaged in conduct harmful to the corporation. See discussion in "Exhibit D", *infra*.[2]

 Exhibit B (ECF No. 60-2) is a direct email from Mr. Johnson to Mr. Ton-That. While certainly such an email from Mr. Johnson's counsel directly to Mr. Ton-That would be a violation of the Rules of Professional Conduct (see N.Y. Rule 4.2(a)), no such Rule applies to Mr. Johnson.

 Exhibit C (ECF No. 60-3) is again a direct email from Mr. Johnson to Messrs. Ton-That and Lambert. It contains no threats, and was a direct attempt by Mr. Johnson to seek a settlement in the case.

 Exhibit D (ECF No. 60-4) is much of the same as Exhibit C. While it contains questions as to the efficacy of the Defendants' counsel, it is neither threatening nor harassing in any manner. It contains no language of a "threat", and contains a reference to the multiple fines imposed upon Clearview AI, by a number of EU entities. See "Clearview AI's massive fine for GDPR violations — and what it means," reporting on the fact that "Clearview AI, which provides facial-recognition software and services, has been fined €30.5 million (roughly $34 million) by the Dutch Data Protection Authority (DPA) for violating the EU's General Data Protection Regulation (GDPR)." *https://blog.barracuda.com/2024/10/23/clearview-ai-fine-gdpr-violations*. See also Report form the European Data Protection Board, reporting on a €20 million fine imposed by France for similar EU violations.

---

[2] See also discussion in Even-Tal, T, *The Battle Over Stockholders Voice: A Critique of Agar v. Judy and the Standard of Review Problem in Manipulation of Stockholders' First Amendment Rights*, 14 S.C.J. OF INT'L LAW & BUSINESS (Fall 2017), focusing on "attempt by directors to deprive stockholders of the right to voice their critique [of director conduct], under the guise of non-pretextual justification, raises the question of whether, and if so to what degree, similar situationally conflicted fiduciary conducts warrant a hard look by courts." *Id*. at p. 8.

Hon. Katherine Failla, U.S.D.J., S.D.N.Y.
Re: *Johnson v. Clearview AI, et al.*, 23-cv-02441
03 January 2025 — page five

---

*https://www.edpb.europa.eu/news/national-news/2022/french-sa-fines-clearview-ai-eur-20-million_en*

    As mentioned above, Mr. Johnson, as a shareholder, clearly has a direct interest in such issues, and how Clearview is being managed by the Defendants.

    As such, the Court should consider the above issues and make a determination as to whether, and to what extent, any sanction would violate Mr. Johnson's First Amendment rights of Free Speech and Free Press, and his rights as a shareholder in Clearview AI, and its management.

                                          Respectfully submitted,

                                          /s/ *Bernard V. Kleinman*
                                          Bernard V. Kleinman, Esq.
                                          Attorney for Plaintiff

cc: All counsel of record by ECF
     C. Johnson