RONALD A. GILLER, ESQ.
RGILLER@GRSM.COM
DIRECT DIAL: 973-549-2501

MALLORY J. BENNER, ESQ.
MBENNER@GRSM.COM
DIRECT DIAL: 973-549-2555



ATTORNEYS AT LAW
1 BATTERY PARK PLAZA
NEW YORK, NY 10004
WWW.GRSM.COM
(973) 549-2500

January 6, 2025

**VIA ECF**
The Honorable Sarah Netburn
United States District Court
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re:    *Charles Johnson v. Clearview AI, Inc., et. al.*, **Case No. 1:23-cv-02441**

Dear Judge Netburn,

    This firm represents Defendant Clearview AI in this matter. Pursuant to Your Honor's Individual Rules, and Local Rule 37.2, we write to request a conference to address Plaintiff's deficient responses to Clearview's Request for Admissions, Interrogatories, and Production of Documents. This letter sets forth a condensed summary of Plaintiff's deficient responses.

    **General Background of Discovery Disputes:** This action arises from Plaintiff's Complaint filed against Clearview, and its' co-founders, Hoan Ton-That and Richard Schwartz, alleging Defendants breached terms of the parties' Wind-Down Agreement (*see* Amended Compl. Dkt. 25, Exh. A), setting forth four causes of action: (1) breach of contract against Clearview; (2) breach of contract against the Individual Defendants; (3) breach of the covenant of good faith and fair dealing; and (4) unjust enrichment. Defendants filed a pre-answer motion to dismiss counts 2-4, which was granted in its entirety, leaving only the breach of contract claim against Clearview for allegedly failing to pay commission for introductions of new customers by Plaintiff that led to sales. *See* Dkt. 40.

    Clearview filed an Answer and Counterclaim against Plaintiff for breaching ¶4(b) of the Agreement for making statements to third parties which "impugn[ed] or attack[ed], or [was] otherwise critical of, the reputation, business or character of the Company, or any of its respective directors, officers, representatives, agents or employees." *See* Dkt. 44.

    On July 29, 2024, Clearview served its First Requests for Documents and Interrogatories, with responses due on August 28, 2024. Plaintiff did not timely respond, and instead asked for numerous extensions. Plaintiff's counsel advised the delay was due in part to Plaintiff providing him 3.5 million files that he was purportedly trying to review.

    In the interim, Clearview served Requests for Admission on October 4, 2024. Plaintiff responded to these requests, however, his responses were deficient in several material respects.

We outlined those deficiencies via email on November 11, 2024, requesting supplemental responses by November 18, 2024.  Plaintiff failed to cure these deficiencies.

On November 18, 2024, Plaintiff finally produced responses to Clearview's Requests for Document Production and Interrogatories, with documents bates stamped JOHNSON-CLEARVIEW-0001-1687. However, Clearview found them also deficient in numerous respects.

On December 12, 2024, Clearview served a discovery deficiency letter, as its good-faith attempt to resolve these issues, and requested Plaintiff provide supplemental responses rectifying/addressing the deficiencies in his discovery responses, by December 23, 2024.

On December 23, 2024, we called Plaintiff's counsel to meet and confer. Counsel advised they would not be responding to Clearview's letter by the requested deadline, as he purportedly had not had a chance to discuss the issue with his client – despite the fact that he was notified of the deficiencies weeks before on November 11 and December 12 – again, continuing to unnecessarily delay this case, which appears to be completely unfounded.

To date, Plaintiff has failed to respond to Clearview's deficiency letter, or otherwise supplement his deficient responses, forcing Clearview to seek judicial intervention.[1]

**Deficiencies Related to Request for Admissions:** Plaintiff's responses to **RFA Nos. 4; 5; 6; 7; 8; 9; 10; 11; 12; 13; 17; 18; 19; 20; 21; 22; 23; 24; 25; 26; 27; 28; 29; 30; 31; 32; 33; 34** and **35** are deficient. These Requests ask Plaintiff to admit or deny whether statements he made in public posts and sent correspondence that impugned, attacked, or were otherwise critical of Clearview, Ton-That, and/or Schwartz' business, reputation or character. *See, e.g.,* RFA No. 24 (For example, "[a]dmit that Plaintiff's statement "Clearview has its problems and its management needs changing or taming", contained in the document attached as Exhibit F to the Amended Counterclaim (Doc. 50-6), impugns, attacks, or is otherwise critical of Clearview's business."). Rather than admitting or denying each request, Plaintiff asserted the *same* improper objections to each of these Requests.

First, Plaintiff improperly objected on the grounds the terms "impugns, attacks, or is otherwise critical of" are "ill-defined and unclear." However, Plaintiff expressly agreed in the Wind-Down Agreement not to make any statements that "impugn or attack, or are otherwise critical of" the reputation, business, or character of Clearview, or its directors, officers, representatives, agents, or employees. *See* Dkt. 25, Ex. A, ¶4. By signing the Agreement, Plaintiff also expressly acknowledged that he was "fully aware" of these obligations. *See id.* at ¶4(d) (Johnson represents he is familiar with the covenant and is fully aware of his obligations thereunder). This is the basis for Defendant's Counterclaim. Therefore, it rings hollow for Plaintiff to claim that these terms are "ill-defined" or "unclear."  Plaintiff also improperly included a blanket response that he is further objecting by "incorporating the General Objections" – which include 10 different generic objections. This objection is undisputedly improper, under Fed. R. Civ. Pro. 36, which requires the answering party to state the specific,

---

[1] The parties were forced to seek a discovery extension due to Plaintiff's delay in producing discovery responses, which the Court reluctantly granted to March 6, 2025, but advised that no further extensions would be permitted absent exigent circumstances. Thus, the timeliness in resolving these issues is of extreme importance so that written discovery can be completed and depositions can be taken before the deadline.

applicable grounds for each objection. It is not Clearview's burden to determine what objections Plaintiff may or may not be asserting. Plaintiff then attempted to qualify these objections by stating that he "has made no statements of a false nature relating to any of the parties herein"; however, this is unresponsive and irrelevant, as the Requests do not ask Plaintiff to admit whether the statements were false.

To date, Plaintiff has failed to supplement these deficient responses. Therefore, Clearview is respectfully seeking permission to file a motion, and/or seeking judicial intervention, to compel Plaintiff to provide sufficient responses to the above-identified Requests.

**General Issues with Document Production & Search for Relevant Documents:** As an initial matter, Clearview requested the search terms used to collect the documents Plaintiff produced. Plaintiff's counsel advised he needed 4 months to respond to the document requests because his client provided him **3.5 million documents** to review in connection with this case; however, only 1,687 pages were produced, many of which were incomplete and sporadic email chains and duplicates of communications. Clearview therefore respectfully requests Plaintiff be compelled to provide the search terms used – and any other parameters used to narrow the search – to ensure all discoverable evidence has been properly searched for.

Clearview also requested confirmation as to whether Plaintiff's cell phone and social media platforms were searched, as none were produced, despite being specifically requested in Clearview's discovery demands. We know from this lawsuit that Plaintiff is very active on social media – particularly on X.com – and has used these platforms to repeatedly criticize, harass, and intimidate Clearview, its founders, directors, and investors, as well as Clearview's counsel. Clearview was recently forced – for the *fourth* time – to seek judicial intervention from Hon. Katherine Polk-Failla, and request sanctions against Plaintiff for continuously posting these inappropriate, defamatory statements and the Judge ordered the parties and Mr. Johnson to appear on January 8 to discuss (*e.g.,* tweeting "Hoan Ton-That continues to instruct his attorney Ron Giller to be complicit in Ton-That's securities fraud and criminality"; "Giller's behavior as an attorney is more like a racketeering enterprise than as an ethical professional attorney."). Therefore, the complete absence of text messages and social media posts in Plaintiff's document production raises concerns regarding the completeness of the discovery responses and the possible spoliation of this critical information. As such, Clearview respectfully requests that Plaintiff be compelled to certify whether these mediums were searched for relevant discovery (which clearly exists), and if not, conduct the necessary searches immediately.

Furthermore, Clearview requested Plaintiff re-produce his document production, as the documents produced were not provided in the manner required under Fed. R. Civ. Pro. 34(b)(2)(E), as they were neither organized as they are maintained in the usual course of business, nor labeled to correspond to specific discovery requests. Rather, the production appears to be a highly inappropriate, piecemeal compilations of documents and communications prepared by Plaintiff. It appears Plaintiff simply cherry-picked what he deemed relevant and cut and pasted portions of those communications and documents into a single file, rather than properly producing the original, complete records in their authentic and unaltered form. For example, many of the "emails" produced do not have a heading, date stamp, to/from, subject, or any information that makes the communication identifiable. Many emails are evidently responses removed from a larger thread, presented without any context. For those that do have this

information, they are then preceded by communications – or articles, notes, or other miscellaneous documents, such as flight manifests – that have <u>nothing</u> to do with the original correspondence. As such, Clearview respectfully requests that Plaintiff be compelled to re-produce this ESI in an acceptable format in accordance with the Court Rules, as agreed upon by the parties.

### **Deficiencies in Plaintiff's Responses to Interrogatories:**

**Interrogatory No. 6** requests identification of documents concerning any litigation in which Plaintiff has ever been a plaintiff (aside from the instant action). Plaintiff asserted numerous objections. These objections are improper, as this Interrogatory is designated to seek the location of discoverable information, as well as information that will directly go towards Plaintiff's credibility, and provide support that this is a frivolous lawsuit filed with the intent to harass Clearview. In fact, we are aware of at least one pending lawsuit filed against Plaintiff where he is accused of running a fraud and extortion scheme by threatening to sabotage company contracts or funding if the company does not give in to his demands for equity or favorable investment terms. The complaint not only contains allegations concerning Clearview, but also directly references the Agreement, this lawsuit, and allegations relevant to the parties' claims. This Request is designed to seek this exact type of discoverable information.

**Interrogatory No. 7** requests identification of all telephone numbers, cell phone numbers, social media accounts, e-mail accounts, or other electronic accounts created, owned, maintained or controlled by Plaintiff from November 24, 2018 through May 21, 2023. Plaintiff's numerous objections are improper, as this Interrogatory is merely seeking the *identification* of numbers and accounts that are created, owned or controlled <u>by Plaintiff </u>during the relevant time period*;* and therefore, is narrowly tailored in scope and properly limited to the specific "person" in this litigation." The Interrogatory is designed to ultimately obtain information regarding Plaintiff's communications and statements related to Clearview, Ton-That and Schwartz, in connection with Clearview's Counterclaim, by providing Clearview with a list of numbers and accounts that may have been used to make such statements, enabling Clearview to assess the completeness of Plaintiff's production. This Interrogatory is necessary considering Plaintiff refused to produce *any* of this information, which is known to exist.

**Interrogatory No. 12** requests identification of documents concerning Plaintiff's claim that Clearview failed to pay him sales commission, as defined in Agreement, for introductions of new customers that led to the sale of Clearview's software of services. Although Plaintiff provided a written response, the response fails to identify any documents; and therefore, is non-responsive. If Plaintiff has no such documents, which is believed to be the case, then he should be compelled to state that.

**Interrogatory No. 14** requests identification of documents concerning Plaintiff's allegation that Clearview consummated contracts with the Texas Department of Public Safety, as alleged in ¶45 of the Amended Complaint. Plaintiff refers to "emails from Plaintiff with Gable"; however, no such communications were produced. If Plaintiff has no such documents, which is believed to be the case, then he should be compelled to state that.

4

**Interrogatory No. 16** requests identification of documents, including communications, between Plaintiff and any third party concerning the Agreement from November 24, 2018, through May 21, 2023. Plaintiff objected that the Interrogatory is irrelevant and overly broad because it requests all communications between Plaintiff and any third party. These objections are improper, as this request is narrowly tailored by subject and relevant time period, and is **directly** relevant to Defendant's breach of contract counterclaim; specifically, that Plaintiff violated ¶4(c) of the Agreement by disclosing the existence of the Agreement to third parties.

**Interrogatories Nos. 17, 18, and 19** requests identification of Clearview investors and/or shareholders, entities, and other persons, to whom Plaintiff made statements that attacked Clearview, Ton-That, and/or Schwartz from November 24, 2018, through May 21, 2023. Plaintiff first asserted the *same* improper objection, as he asserted in his responses to Admissions - that the requests were objectionable because the terms "impugned, attacked, were critical of" are "ill-defined and unclear." These objections are improper for the same reasons set forth above. Plaintiff also improperly objected that they seek information unrelated to the causes of action and/or counterclaims; however, the Requests are undisputedly relevant as they directly relate to Clearview's breach of contract counterclaim.

**Interrogatories Nos. 20 and 21** requests identification of documents wherein Plaintiff attacked the reputation of Defendants from November 24, 2018 through May 21, 2023. Plaintiff lodged the same improper objections as those in Interrogatories Nos. 17, 18, and 19. For the same reasons set forth above, these objections are improper.

**Deficiencies in Plaintiff's Responses to Production of Documents:**

**RFP Nos. 21; 22; and 23** request all documents concerning communications between Plaintiff and Clearview investors and/or shareholders and/or any third party where Plaintiff made statements that attacked the reputation of Defendants from November 24, 2018, through May 21, 2023. Plaintiff asserted the *same* improper objections as those he asserted in his responses to Admissions - these objections are improper for the same reasons.

**RFP No. 24** requests all information posted on Plaintiff's social media accounts concerning the Agreement. Plaintiff improperly objected to this Request as overly broad and burdensome; however, this request is narrowly tailored to seek discoverable information related to a specific subject matter – the Agreement – which is *directly* related to both parties' claims. The request is also tailored to seek documents located on Plaintiff's own social media accounts, and thus, is not burdensome. To further narrow the request, Clearview agreed to limit the time frame to November 24, 2018, to May 21, 2023. Plaintiff should be compelled to answer.

**RFP No. 28** requests documents where Plaintiff disclosed his indirect ownership stake in Clearview from November 24, 2018 to May 21, 2023. Plaintiff improperly objected claiming the term "indirect ownership" is undefined. This is improper as he agreed in the Agreement to not publicly disclose his "indirect ownership" of shares. *See* Dkt. 25, Exh. A, ¶4(d).

To date, Plaintiff has failed to supplement these deficient responses. Therefore, Clearview is respectfully seeking permission to file a motion, and/or seeking judicial intervention, to compel Plaintiff to provide sufficient responses to the above-identified Requests.

Thank you for your attention to this matter.

                                                  Respectfully submitted,
                                                  GORDON REES SCULLY MANSUKHANI, LLP

                                                  */s/ Ronald A. Giller*

                                                  Ronald A. Giller
                                                  Mallory J. Benner