RONALD A. GILLER, ESQ.
RGILLER@GRSM.COM
DIRECT DIAL: 973-549-2501

MALLORY J. BENNER, ESQ.
MBENNER@GRSM.COM
DIRECT DIAL: 973-549-2555



ATTORNEYS AT LAW
1 BATTERY PARK PLZ
NEW YORK, NY 10004
WWW.GRSM.COM
(973) 549-2500

January 10, 2025

**VIA ECF AND E-MAIL**
The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

    Re:    **Charles Johnson v. Clearview AI, Inc., et. al.**
                **Case No. 1:23-cv-02441**

Dear Judge Failla:

      As you know, we represent Defendant Clearview AI in this matter. We write as a follow up to the parties' conference with Your Honor on January 8, 2025.

      We communicated Plaintiff's proposal for a mutual withdrawal of claims to Clearview. Clearview is still considering whether there may be a set of terms that, if agreeable, might lead them to consider a mutual withdrawal. However, since they have not made a decision yet, they are not willing to withdraw the Counterclaim for breach of contract against Plaintiff at this time.

      Therefore, Clearview respectfully requests the Court reconvene the discovery conference as scheduled on January 13, 2025, to resolve the outstanding discovery issues raised in Clearview's letter to the Court dated January 6, 2025. We will of course continue to work with our client and advise the Court if there is any development on an agreement to dismiss the Counterclaim.

      We sent Plaintiff's counsel a letter earlier today requesting confirmation that Plaintiff will be immediately withdrawing his breach of contract claim against Clearview - as he affirmatively represented on the record, regardless of whether Clearview dismissed the Counterclaim - which will hopefully narrow the remaining issues that need to be addressed. We have attached a copy of this correspondence as **Exhibit A**, for Your Honor's convenience, as it also contains a summary of the discovery issues that Clearview believes Plaintiff needs to further clarify and/or address, as a result of the January 8 conference.

      We have also attached as **Exhibit B**,[1] a sample of Plaintiff's document production so the Court can better understand Clearview's objections to the way in which it was compiled, as we

---

[1] Exhibit B is enclosed via email only.

unfortunately, did not have a sample of the production with us at the time Your Honor requested it during the in-person conference.

    Thank you.

                      Respectfully Submitted,

                      GORDON & REES LLP

                      */s/ **Ronald A. Giller***

                      Ronald A. Giller, Esq.

RAG:MJB  
Enclosures

# EXHIBIT A

RONALD A. GILLER
RGILLER@GRSM.COM

MALLORY J. BENNER
MBENNER@GRSM.COM



ATTORNEYS AT LAW
1 BATTERY PARK PLAZA
NEW YORK, NY 10004
WWW.GRSM.COM
(973) 549-2500

January 10, 2025

<u>VIA EMAIL</u>
Bernard V. Kleinman, Esq.
Law Office of Bernard V. Kleinman, PLLC
108 Village Square, Suite 313
Somers, NY 10589-2305
*Attorneys for Plaintiff*

      Re:    **Charles Johnson v. Clearview AI, Inc.**
              **Dkt. No.: 1:23-cv-02441**

Dear Mr. Kleinman,

      We write as a follow-up to the parties' conference with the Honorable Katherine Polk Failla, U.S.D.J., on January 8, 2025.

      We communicated Plaintiff's proposal for a mutual withdrawal of claims to Defendant Clearview AI. Clearview is considering whether there may be a set of terms that, if agreeable, might lead them to consider a mutual withdrawal. However, they have not yet made a decision and, as such, are not withdrawing the Counterclaim for breach of contract at this time. Therefore, we intend to proceed with the continuation of the discovery conference scheduled with Judge Failla on Monday, January 13, 2024.

      To that end, as you know, Plaintiff represented on the record that he will withdraw his sole remaining breach of contract claim against Defendant, <u>regardless</u> of whether Clearview agrees to dismiss the Counterclaim. **Please confirm that Plaintiff will proceed with withdrawing his claim immediately, so we can narrow the issues for the discovery conference.**

      In preparation for the continuation of the discovery conference, we'd also like to confirm that Plaintiff will supplement his answers to Interrogatories Nos. 6, 7, 12, 14, 16, 17, 18, 19, 20, and 21 and Request for Production Nos. 21, 22, 23, 24, and 28 as ordered by Judge Failla – with the understanding that some of the requests may become moot if Plaintiff withdraws his claim (at which time, Clearview will advise which requests are no longer relevant). This includes identifying all telephone numbers, cell phone numbers, social media accounts, e-mail accounts, or other electronic accounts created, owned, maintained or controlled by Plaintiff from

November 24, 2018 through May 21, 2023, and searching these mediums for responsive information and documents.

     We'd also like to clarify the following information related to discovery issues that were raised, but remain unclear and/or outstanding:

- Confirmation Plaintiff no longer has access to, and does not have any copies of, his posts made on X.com (formerly Twitter) during the Restricted Period;

- Identification of the actual number of files that Plaintiff provided to counsel to review in relation to this case;

- Identification of the format(s) in which the documents were provided (*i.e.,* PST.; WORD; etc.);

- Identification of the search terms and parameters used to compile the documents ultimately produced as documents bates stamped JOHNSON-CLEARVIEW-0001-1687;

- Identification of who actually compiled the documents bates stamped JOHNSON-CLEARVIEW-0001-1687; and

- Confirmation that Plaintiff agrees to send the data contained on the mediums identified in his response to Interrogatory No. 7 - once sufficiently supplemented as ordered by Judge Failla - to a third-party vendor to search pursuant to agreed-upon search terms.

Thank you for your attention to this matter.

                Very Truly Yours,

                GORDON REES SCULLY MANSUKHANI, LLP

                */s/ Ronald A. Giller*

                Ronald A. Giller
                Mallory J. Benner