UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLES JOHNSON,<br><br>                    Plaintiff,<br><br>          -v.-<br><br>CLEARVIEW AI, INC.; HOAN TON-THAT;<br>and RICHARD SCHWARTZ,<br><br>                    Defendants. | 23 Civ. 2441 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

This order summarizes various issues that were addressed at conferences before the Court held in person on January 8, 2025, and by telephone on January 13, 2025. To begin with the most substantive development, the Court DISMISSES WITH PREJUDICE Plaintiff Johnson's claims against Defendants after confirming with Plaintiff and his counsel that Plaintiff wishes to do so. What remains in the instant case are Defendants' counterclaims against Plaintiff.

At the January 8 conference, the Court also addressed Defendants' motion for the imposition of sanctions against Plaintiff. (Dkt. #60, 61). Though the Court denied that motion on the record before it, the Court made clear that Plaintiff may not contact any Defendant directly; that Plaintiff may not post any statements to his social media accounts regarding defense counsel; and that any other public statements by Plaintiff regarding this case or any of its participants runs the risk of sanctions from this Court. (*See* January 8, 2025 Minute Entry). As a result of information learned at the January 13

conference, the Court further admonishes Plaintiff that any effort to evade the Court's orders by using a third party as amanuensis will also merit investigation by the Court, and possibly sanctions.

The bulk of the conferences was spent addressing various discovery issues raised by Defendants. Before getting to the specifics of the claimed deficiencies, the Court addresses the threshold issue of the manner in which information was collected by Plaintiff and his counsel for review. In brief, the Court is deeply concerned that the initial review of Plaintiff's materials for discoverable information may have been inadequate, in light of, among other things, (i) current counsel's inability to access a hard drive of potentially discoverable materials that had been gathered by Plaintiff and produced to Plaintiff's prior counsel at Alston & Bird; (ii) counsel's confessed lack of facility with computers and technology; (iii) counsel's limited review of Plaintiff's email accounts, with no apparent effort to review texts, hard-copy documents, and/or social media platforms that did not copy to Plaintiff's email accounts; (iv) Defendants' identification of numerous categories of documents and materials that Plaintiff acknowledges exist, but that were not produced; and (v) Plaintiff's misstatements and/or omissions to the Court regarding the message-deleting capabilities of the Signal platform.[1] In consequence, the

---

[1] In particular, the Court agrees with defense counsel's assessment that Plaintiff understood how to disable the automatic deletion feature on Signal so that messages could be saved, and indeed had previously disabled that feature so that he could save, among other things, 20 months' worth of messages with Vice President-Elect JD Vance. (*See* Giller Letter dated January 14, 2025 at 1-2). Given the allegations in Plaintiff's complaint, and the length of time over which the disputes underlying that complaint persisted, Plaintiff surely had both the ability and the motivation to retain his Signal messages with Defendants. Defense counsel's letter also includes Plaintiff's public

2

Court ORDERS Plaintiff and his counsel to start from scratch and work together to ensure that all potentially discoverable material is gathered into a single location that Plaintiff's counsel can easily, and effectively, search.

To minimize the likelihood that potentially discoverable materials will be overlooked, Plaintiff's counsel is directed to submit a letter to the Court *in camera* and *ex parte*, explaining in detail how the materials were collected for review. This reconstitution of the universe of potentially discoverable materials will be completed on or before **February 21, 2025**, and counsel's letter to the Court will be submitted by the same date. Once those materials are collected, the Court expects that Plaintiff and his counsel will reconsider all of Defendants' discovery requests — except for those withdrawn as a consequence of Plaintiff's dismissal of his claims — in light of the newly collected information and the directives in this Order. In addition, the Court understands that Plaintiff is no longer willing to share with Defendants' counsel the search terms he used in conducting the initial review of discovery. As a result, the Court ORDERS counsel for the parties to meet and confer regarding search terms during the week of **February 24, 2025**; to the extent there are disagreements over those search terms, the parties are ORDERED to bring those disputes to the Court's attention promptly for resolution.

A related issue concerns the manner in which Plaintiff has produced electronic communications to Defendants to date. The Court agrees with

---

statements regarding his retention of "text messages," "recordings," and "documents" relevant to this case, and the Court fully expects these materials to be gathered and reviewed for production.

Defendants that Plaintiff's productions have not complied with Rule 34 of the Federal Rules of Civil Procedure, which requires as follows:

> (E) Producing the Documents or Electronically Stored Information. Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:
>
> (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;
>
> (ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and
>
> (iii) A party need not produce the same electronically stored information in more than one form.

Fed. R. Civ. P. 34(b)(2)(E). In light of the Court's directives in the preceding few paragraphs, the Court understands that Plaintiff and his counsel will be reproducing all responsive electronic communications to Defendants. Going forward, Plaintiff is admonished to produce electronic documents "as they are kept in the usual course of business," including contextual communications, as well as information making clear the addressee, recipient, and date of each communication.

On the issue of specific claimed deficiencies in production, the Court has reviewed the revised list submitted by Defendants on January 14, 2025. As previewed by its comments at the January 8 conference, the Court agrees with Defendants that there are deficiencies in Plaintiff's responses to (i) Interrogatory Nos. 6, 7, 16, 17, 18, 19, 20, and 21; (ii) Requests for Production Nos. 21, 22, 23, 24, and 28; and (iii) Requests for Admission Nos. 4,

4

5, 6, 7, 8, 9, 10, 11, 12, 13, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, and 35. Once again, the Court understands that Plaintiff will be making additional productions and responses to the defense, and the Court expects those responses to address the deficiencies identified by Defendants' counsel in pages 4 and 5 of its January 6, 2025 letter. (Dkt. #65).

Finally, at both the January 8 and January 13 conferences, Plaintiff advised the Court that he had taken, and refrained from taking, certain actions at the direction of federal law enforcement agents. More particularly, Plaintiff advised the Court that he had been instructed not to produce any additional discovery in this case by two agents working for the Department of Homeland Security ("DHS").[2] The Court obtained the consent of the parties to speak with the agents, identified as "Alexander Rodriguez" and "Alexander Fletcher," and received purported contact information for one of the agents from Plaintiff's counsel. However, with the assistance of the United States Attorney's Office for the Southern District of New York, the Court has reached out to DHS to obtain additional information regarding these agents. As relevant here, the Court has been advised that DHS can locate no Special Agent with those names, in HSI or in any other division of DHS, and, indeed, the DHS can locate no employee named Alexander Fletcher. Given that development, the Court finds no basis for Plaintiff to refrain from producing additional discovery in this case. Accordingly, the Court ORDERS Plaintiff to respond to all of Defendants' fact

---

[2]  Though Plaintiff did not specifically refer to Homeland Security Investigations ("HSI"), the Court understands that organization to be the principal investigative and law-enforcement arm of DHS.

discovery requests in this case on or before **March 14, 2025**, and further ORDERS the parties to complete all fact depositions on or before **April 11, 2025**.

    SO ORDERED.

Dated:  January 16, 2025
          New York, New York

                                      KATHERINE POLK FAILLA
                                      United States District Judge