RONALD A. GILLER, ESQ.
RGILLER@GRSM.COM
DIRECT DIAL: 973-549-2501

MALLORY J. BENNER, ESQ.
MBENNER@GRSM.COM
DIRECT DIAL: 973-549-2555



ATTORNEYS AT LAW
1 BATTERY PARK PLZ
NEW YORK, NY 10004
WWW.GRSM.COM
(973) 549-2500

February 25, 2025

**VIA ECF AND E-MAIL**
The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

    Re:    <u>Charles Johnson v. Clearview AI, Inc., et. al.</u>
              <u>Case No. 1:23-cv-02441</u>

Dear Judge Failla:

      We are counsel for Defendants in this action and write concerning Plaintiff's violation of your Court order dated January 16, 2025 ("Order') (Dkt #68). As you'll recall, counsel appeared before Your Honor concerning Defendants' request for sanctions based upon Plaintiff's repeated posting on social media of defamatory and harassing comments concerning Defendants and their counsel. As stated in the Order:

> Though the Court denied that motion [for sanctions] on the record before it, the Court made clear that Plaintiff may not contact any Defendant directly; that Plaintiff may not post any statements to his social media account regarding defense counsel; and that any other public statement by Plaintiff regarding this case or any of its participants runs the risk of sanctions from this Court.

Your message to Plaintiff could not have been any clearer, particularly as you delivered it to Plaintiff in person, in court and had him confirm on the record that he understood exactly what you were ordering. You told him, and ordered, that if he keeps engaging in the inappropriate conduct he has engaged in previously, he was running the risk of being sanctioned. That is precisely what has happened.

      First, on February 1, 2025, a reporter for a publication called IPVM, which covers the security technology industry, Christie Smythe, reached out to my office and to Defendants asking if we would comment on a story she was writing about this case. We declined, but in her email to me, Ms. Smythe indicated that she had already spoken with Plaintiff and that he told her that Clearview was a "Chinese spyware company" and that "DHS agents told him not to pursue the case." (Attached as Exhibit A is the email from Ms. Smythe). While we were not able to get a copy of Ms. Smythe's article (which we confirmed was published but is only accessible to paid,

subscribed IPVM users), Plaintiff's false statements were confirmed in a subsequent article on Biotmetricupdate.com which discussed Ms. Smythe's article and stated: "Johnson himself, however, gave a statement to IPVM saying he dismissed his case against Clearview AI at the request of Department of Homeland Security agents, and alluding to the notion that Clearview is a Chinese spyware company." Both of Plaintiff's statements are false and in violation of Your Honor's Order, as well as Plaintiff's explicit agreements to the Court.

Second, on February 20, 2025, Plaintiff posted on his Substack.com account, a lengthy diatribe about Clearview and its executives, filled with false and defamatory statements. (Attached as Exhibit B is a copy of Plaintiff's Substack post.) Plaintiff incredulously starts this article, by admitting that he told Your Honor that he would refrain from posting about Clearview on social media but nonetheless published the article anyway. Plaintiff then accused Clearview of using this litigation, and Your Honor, as a "scam" to try to "silence" him, writing "[a]pparently the way this scam has worked is that they defame you then they try to use a federal judge to silence you."

Amongst other statements, Plaintiff then posted the following false statement about Clearview's former CEO: "Of course Hoan Ton-That's departure as CEO of Clearview.AI was expected. He had no business running a company given his past brushes with the law and securities fraud to say nothing of his unethical behavior."[1] Plaintiff continued his false attack, next against Clearview's current co-CEO, Hal Lambert, writing "The problem, of course, is that Hal Lambert's career has been built on criminal fraud and that, too, will soon become clear." Additionally, he wrote "Of course Lambert has bigger problems as he's a front for foreign interests moving money into American tech and politics, much of which will be detailed elsewhere."

Not only are these statements a clear violation of the Order - and obviously made as part of Plaintiff's continued efforts to attempt to coerce Clearview into settling the claims in this litigation - but they have the potential to cause significant damage to Clearview's business. All of Clearview's clients are government agencies or government contractors, who use its technology for law enforcement and national security purposes. By falsely accusing Clearview of being a Chinese spyware company, Plaintiff is quite intentionally attempting to tarnish the company's image in areas most critical to its success – reliability and confidentiality. Plaintiff reinforced these reckless messages by repeating his false claims that DHS is interested in this litigation and instructed Plaintiff to drop his suit. The clear implication of Plaintiff's statement is that there is some type of criminal investigation of Clearview. Your Honor debunked this claim, which has no basis in reality.

Plaintiff's deliberate violations of the Court's Order follows closely after a hearing where Plaintiff made multiple *material* misrepresentations and false statements to the Court, including falsely claiming to be serving as an agent of federal law enforcement to evade discovery obligations. These actions not only irreparably damage Plaintiff's credibility, but also demonstrate a flagrant disregard for the rules of this Court, an attempt to undermine the integrity of this litigation, and a clear effort to disrupt the legal process.

---

[1] Despite the suggestion in Plaintiff's post, Mr. Ton-That's separation from the company was an ordinary business decision unrelated to Plaintiff's scurrilous allegations.

      We felt it imperative that we bring this information to Your Honor's attention promptly, as Plaintiff has clearly ignored the mandates of the Order and his unequivocal representations to the Court. Therefore, we respectfully urge the Court to consider appropriate sanctions at this time, or in the alternative request Your Honor's permission to file another motion for sanctions. Imposing sanctions would serve not only as an appropriate measure of accountability for Plaintiff's misconduct, but also as a necessary deterrent against future attempts to undermine the integrity of these proceedings. We are, of course, available to discuss at any time if the Court prefers.

      Thank you.

      Respectfully Submitted,

      GORDON & REES LLP

      ***/s/ Ronald A. Giller***

      Ronald A. Giller, Esq.

RAG:MJB
Enclosures