Ronald A. Giller, Esq.
Rgiller@grsm.com
Direct Dial: 973-549-2501

Mallory J. Benner, Esq.
Mbenner@grsm.com
Direct Dial: 973-549-2555



Attorneys At Law
1 Battery Park Plz
New York, NY 10004
www.grsm.com
(973) 549-2500

March 7, 2025

**Via E-Mail & ECF**
The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

**MEMO ENDORSED**

    Re: **Charles Johnson v. Clearview AI, Inc., et. al.**
         **Case No. 1:23-cv-02441**

Dear Judge Failla:

    As you know, we represent Defendants Clearview AI, Hoan Ton-That, and Richard Schwartz in this matter.

    Pursuant to Your Honor's January 16, 2025 Order (Doc #68), Defendants have been trying to work together with Plaintiff to resolve Plaintiff's outstanding discovery obligations in this case. The parties conferred and have agreed upon a set of search terms for Plaintiff to use in searching for relevant discovery. **However, Plaintiff is now refusing to conduct these searches, in direct violation of Your Honor's Order.**

    Plaintiff first incredulously claims that Defendants should be forced to retain an ESI vendor and incur the potentially significant costs of conducting these searches of their records because Defendants are the only "plaintiffs" remaining, and the litigation is proceeding because of their "insistence" and refusal to engage in settlement negotiations. This is *undisputedly* an improper justification for not complying with discovery.

    Plaintiff also claims that he "lacks the financial resources" to undertake the ESI search. However, he has not provided any quotes from any e-discovery vendors, or provided any other evidence to substantiate his claim of undue cost or explain why he cannot afford to cover the expenses. The parties agreed on a reasonable set of search terms designed to produce a finite amount of clearly discoverable information. It is Plaintiff's burden to demonstrate that the discovery is not accessible due to undue cost, yet he has utterly failed to do so.

    Nevertheless, in an attempt to try to resolve this issue without the need for judicial intervention, we inquired into why Plaintiff's counsel could not conduct the searches himself. Counsel represented that the available universe of Plaintiff's ESI is located on the external hard drive created by Alston & Bird – Plaintiff's prior counsel – and that Boolean searches could be done (which would simply require counsel to input the agreed upon search terms, and compile

Hon. Katherine Polk Failla
March 7, 2025
Page 2

the results into a produceable format). However, Plaintiff's counsel advised that he could not do the searches because he does not have the "technical skills" to conduct the search in a way that's "satisfactory to Defendants."

This discovery is undisputedly vital to Defendants breach of contract counterclaim, and is only accessible through the Plaintiff. As such, Defendants respectfully request that the Court enforce its January 16, 2025, Order and require Plaintiff to conduct the searches with the parties' agreed upon search terms; otherwise, we respectfully request permission to file a motion to compel discovery.[1] Alternatively, if Plaintiff's counsel would prefer to send us the hard drive, we will conduct the agreed to searches.

We thank the Court for its consideration of this request.

                                  Respectfully Submitted,
                                  GORDON & REES LLP

                                ***/s/ Ronald A. Giller***

                                Ronald A. Giller, Esq.

RAG:MJB

---

[1] We understand that pursuant to Your Honor's Order, Plaintiff has until March 14, 2025 to respond to all of Defendants' fact discovery requests; however, in light of Plaintiff's counsel's explicit representation that Plaintiff would not be doing the search, Defendants felt the need to promptly bring this issue to the Court's attention to not further delay this case.

Application GRANTED.  The Court has reviewed Defendants' above letter, and notes that the time for Plaintiff's counsel to respond pursuant to the Court's individual rules has lapsed.

Plaintiff is ORDERED to comply with the Court's January 16, 2025 order.  Further, the Court finds absolutely no basis for Defendants to be forced to retain an ESI vendor. It is Plaintiff who brought this action, thereby precipitating Defendants' counterclaims, and Plaintiff who has the discovery obligations addressed by the Court's January 16, 2025 order.

Dated:    March 13, 2025         SO ORDERED.
          New York, New York

                                 HON. KATHERINE POLK FAILLA
                                 UNITED STATES DISTRICT JUDGE