Admitted
U.S. Supreme Court
U.S. Courts of Appeals
2nd, 3rd, 4th 5th, 9th & 10th
U.S. District Courts
S.D.N.Y., W.D.N.Y.
E.D.N.Y., N.D.N.Y.
D. Md., W.D. Tex., N.D. Tex.
D. Colorado W.D. Okla.
State Courts
New York   Colorado

# LAW OFFICE OF BERNARD V. KLEINMAN, PLLC

## ATTORNEY - AT - LAW

108 VILLAGE SQUARE, SUITE 313
SOMERS, NY 10589-2305
TEL: (914) 644-6660   E-MAIL: ATTRNYLWYR@YAHOO.COM   FAX: (914) 694-1647

March 17, 2025

Hon. Katherine Failla
U.S. District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Johnson v. Clearview AI, et al.*, 23-cv-02441

Your Honor,

This office represents Defendant Charles Johnson. We write to request a pre-motion conference regarding Defendant's anticipated motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), and Rule 4.A. of Your Honor's Individual Practices. Defendant proposes the following briefing schedule: Moving papers by April 25, 2025; Opposition papers by May 16, 2025; and Reply papers by May 23, 2025. In light of this anticipated motion to fully dispose of this action, it is respectfully requested that all Discovery be stayed until such time as the Court has ruled on this Motion.

Pursuant to the Court's Individual Practices, by email on March 14 and March 15, 2025, the bases for this motion were communicated to counsel for the Counter Plaintiffs. As of the date of this filing, no response has been received indicating either consent or opposition.

Amount in Controversy

In the Counter-Plaintiffs Complaint, the assertion of the required jurisdictional amount is set forth in ¶¶ 7 and 59. The complete and total statement, in support of the claimed statutory jurisdictional amount, is that the Counter Plaintiffs "sustained damages exceeding $75,000, and with the exact amount to be proven at trial." The Complaint contains no further details, explanation or further elucidation of this claimed amount of damages, how they were calculated, *etc*.

"Pursuant to 28 U.S.C. § 1332, the Court has diversity jurisdiction if the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . 'at the time the action is commenced.'" *Gally v. Columbia University*, 22 F. Supp.2d 199, 205 (S.D.N.Y. 1998), quoting *Tongkook America, Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994). Conclusory claims must fail when the claim is made "that damages . . . placed the amount in controversy over the jurisdictional amount failed" when "damages were not ascertain-able at the time of filing, and thus, th[e] claim was speculative at the time of filing." *Maitland v. Lunn*, 2017 U.S. Dist. LEXIS 40467, at *1 (E.D.N.Y. 2017). In the case at Bar Counter Plaintiffs have specified zero dollars in damages and included nothing more than a "boilerplate statement that [their] claims satisfy the amount in controversy" which "sheds no light on the actual amount of

Hon. Katherine Failla, U.S.D.J., S.D.N.Y.
Re: *Johnson v. Clearview AI, et al.*, 23-cv-02441
17 March 2025 — page two

damages".  *Parker v. Riggio*, 2012 U.S. Dist. LEXIS 110653, at *23 (S.D.N.Y. 2012). Accordingly, the action must be dismissed as failing to satisfy the minimal pleading requirements of Section 1332(b).

While the Complaint is replete with allegations that Mr. Johnson made statements injurious to Clearview AI, there is no allegation made that these statements or actions caused any specific damages to Clearview AI.

Conclusion

It is respectfully preyed that the court consider this Request, and schedule a pre-motion conference at a time amendable to all parties.

            Respectfully submitted,

            */s/ Bernard V. Kleinman*
            Bernard V. Kleinman, Esq.


cc: All counsel of record by ECF