RONALD A. GILLER, ESQ.
RGILLER@GRSM.COM
DIRECT DIAL: 973-549-2501

MALLORY J. BENNER, ESQ.
MBENNER@GRSM.COM
DIRECT DIAL: 973-549-2555



ATTORNEYS AT LAW
1 BATTERY PARK PLZ
NEW YORK, NY 10004
WWW.GRSM.COM
(973) 549-2500

March 20, 2025

**VIA ECF**
The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

    Re:    <u>Charles Johnson v. Clearview AI, Inc., et. al.</u>
              Case No. 1:23-cv-02441

Dear Judge Failla:

      As you know, we represent Defendants in this matter. Pursuant to Your Honor's Orders (Dkts. 68; 80), Plaintiff was ordered to respond to Defendants' discovery requests by March 14, 2025. This included producing documents generated through the parties agreed-upon search terms and also supplementing Plaintiff's deficient responses to (i) Interrogatory Nos. 6, 7, 16-21; (ii) Requests for Production Nos. 21-24, 28; and (iii) Requests for Admission Nos. 4-13, 17-35. **Notwithstanding Your Honor's clear directives, Plaintiff failed to provide this discovery in direct violation of the Court's Orders.**

      After failing to produce discovery, Plaintiff then filed a pre-motion letter on March 17, 2025, requesting permission to file a motion to dismiss Defendants' counterclaim. *See* Dkt. 81. This request is not only frivolous, but clearly yet *another improper* attempt by Plaintiff to avoid his discovery obligations.

      As an initial matter, pursuant to Your Honor's Individual Rules, any party seeking to file a motion must first confer with the opposing side to determine if they consent to the motion. On Friday, March 14, 2025, at approximately 4:00 PM, Plaintiff's Counsel notified Defendants of his intent to file a motion to dismiss, vaguely stating it would be brought pursuant to Rules 12(b)(1) and 12(b)(6), and requested Defendants indicate whether they consented. Defendants immediately requested Plaintiff provide the actual basis for the motion. On Saturday, March 15, 2025, Plaintiff's Counsel provided a short explanation. Without providing Defendants any time to evaluate its position, Plaintiff then filed his pre-motion letter at 11:00 AM on March 17, 2025, arguing the counterclaim should be dismissed because Defendants failed to properly plead the requisite amount in controversy for diversity jurisdiction. However, this position is fatally flawed for several reasons – which, could have been communicated to Plaintiff prior to the filing of his letter, potentially negating the need for Court involvement.

First, and most significantly, Defendants' counterclaim is a ***compulsory counterclaim*** under Fed. R. Civ. P. 13(a), as it is based on a breach of the *same* agreement that formed the basis of Plaintiff's claims (Wind-Down Agreement). Courts have consistently held that counterclaims based on a contract are compulsory in actions relating to the same contract. *See Skyline Steel, LLC v. Pilepro, LLC*, 2015 WL 999981, at *5 (S.D.N.Y. Mar. 5, 2015) (collecting cases); *Ventana DBS LLC v. Hayner Hoyt Corp.*, 2020 WL 5549038, at *3 (N.D.N.Y. Sept. 16, 2020) (claims "ar[o]se out of the same transaction or occurrence, as they both center[ed] on breaches of the same contract"); *MMZ Assocs., Inc. v. Gelco Corp.,* 2006 WL 3531429, at *3 (S.D.N.Y. Dec. 8, 2006) (counterclaims related to same contract are compulsory).

Consequently, the Court has supplemental jurisdiction to hear this claim and does not need to find an independent basis for jurisdiction – as Plaintiff incorrectly asserts in his pre-motion letter. The law is also clear that the Court retains supplemental jurisdiction over compulsory counterclaims, ***even if the plaintiff's claims are dismissed***. *See Ascentive, LLC v. Opinion Corp.,* 2012 WL 1569573, at *3 (E.D.N.Y. May 3, 2012) (where a "counterclaim is compulsory, even after a court dismisses a complaint . . . the court retains supplemental jurisdiction over the counterclaim"); *Empire United Lines Co., Inc. v. Presniakovas,* 2017 WL 4233032, at *3 (E.D.N.Y. Sept. 22, 2017) ("[W]hen counterclaims are compulsory . . . the Court may retain jurisdiction over the counterclaims, even if plaintiff's claims are dismissed."); *Holsten Import Corp. v. Rheingold Corp.*, 285 F.Supp. 607, 607–8 (S.D.N.Y.1968) (holding jurisdiction existed over compulsory counterclaim irrespective of independent basis for jurisdiction and declining to reach argument that diversity jurisdiction exists); *View 360 Solutions LLC v. Google, Inc.,* 310 F.R.D. 47, 50-51 (N.D.N.Y. 2015) (observing that despite dismissal of certain claims, the court "possesse[d] original subject-matter jurisdiction ... under 28 U.S.C. §§ 1331 and 1338," as the remaining cross-counterclaims were compulsory). As such, Plaintiff's anticipated motion lacks any sufficient legal basis to proceed.

Assuming *arguendo* that Defendants' counterclaim is permissive and Defendants are required to establish an independent basis for jurisdiction —which Defendants adamantly maintain it is not— Plaintiff's argument still fails as a matter of law, as Defendants have properly pled the requirements for diversity jurisdiction under the law.

This court has jurisdiction over actions where there is citizenship diversity and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. Defendants, as the parties invoking jurisdiction, bear the burden of proving their claims meet the minimum jurisdictional amount to a "reasonable probability." *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank & Tr. Co.*, 93 F.3d 1064, 1070 (2d Cir. 1996). This burden is "hardly onerous." *Scherer v. Equitable Life Assur. Soc'y*, 347 F.3d 394, 397 (2d Cir. 2003). The party opposing jurisdiction then must demonstrate the insufficiency of the amount in question "to a legal certainty." *Navaera Sciences, LLC v. Acuity Forensic Inc.*, 667 F.Supp.2d 369, 378 (S.D.N.Y.2009). As a result, a challenge to the amount in controversy faces a high bar. *Scherer*, 347 F.3d at 397. "The legal impossibility of recovery must be so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Id.* Thus, "even where [the] allegations leave grave doubt about the likelihood of a recovery of the requisite amount, dismissal is not warranted." *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982).

Hon. Katherine Polk Failla
Page 3

The allegations here are sufficient to give rise to a presumption that the amount-in-controversy threshold is satisfied. The counterclaim is based on Plaintiff's breach of ¶4(b) of the Agreement – *e.g.,* making statements that attacked, or were critical of the reputation, business or character of Defendants. *See* Dkt. 50. Defendants identified *multiple* instances where Plaintiff made statements to third parties, on his social media platforms, and/or to the media that violated the Agreement. *Id.* Defendants then alleged these breaches caused damages exceeding $75,000, and with the exact amount to be proven at trial. *Id.* at ¶¶7, 59. Defendants also claim these damages are based on harm to reputation, business and client relationships – which, significantly, are clearly implicit by a breach of this provision. *See* Initial Disclosures, **Exhibit A**; *see also Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("In resolving a motion to dismiss []under Rule 12(b)(1), a district court ... may refer to evidence outside the pleadings.").

Defendants have not identified the exact damages amount because 1) damages for alleged critical and/or damaging statements are difficult to quantify, and 2) Plaintiff has refused to provide discovery concerning this counterclaim – thus, the extent of damage is unknown. However, Defendants have clearly met its low burden to show a "reasonable probability" that Plaintiff's disparaging (and public) statements about Clearview – a company providing the world's leading facial recognition search engine (*see* Dkt. 50 at ¶11) - caused significant harm to its reputation, business, and client relationships in excess of $75,000.  In fact, Plaintiff admitted to violating the Agreement by telling the NY Times that Clearview is a "front" for nefarious foreign interests. *See* Hearing Transcript, 01/08/25, at 64:11-14. These type of material breaches have clearly caused harm in excess of the statutory minimum. Notwithstanding, any doubt of these damages must be resolved in Defendants' favor. *See James v. DeGrandis*, 138 F.Supp.2d 402 (W.D.N.Y.2001); *Marczeski v. Law*, 122 F.Supp.2d 315, 321 (D.Conn.2000) (compensatory damages for libel and false statements are difficult to quantify).

Furthermore, the cases cited by Plaintiff are clearly distinguishable from the facts here. In *Maitland v. Lunn*, the court found the amount in controversy was not properly pled, where the plaintiffs' alleged that damages were in excess of $75,000, but then contradicted this allegation with a damage calculation for less than the statutory minimum. 2017 WL 1088122, at *5–6 (E.D.N.Y. Mar. 21, 2017). In *Parker v. Riggio*, the plaintiff only sought *equitable relief,* not monetary relief. 2012 WL 3240837, at *1 (S.D.N.Y. Aug. 6, 2012). The court held jurisdiction was not properly pled, as it was not possible to reduce the relief sought to a monetary amount, and that any quantification of the impact of the relief sought was "purely speculative." *Id.*

Defendants have clearly met their low pleading burden, and Plaintiff has failed to set forth *any* argument to support that it is legally impossible for Defendants to recover this amount (in fact, this part of the analysis is completely omitted from Plaintiff's pre-motion letter).[1] As such, Defendants respectfully requests the Court to deny Plaintiff's request to file this clearly frivolous motion, and impose sanctions for failing to obey the Court's discovery Orders pursuant to Fed. R.Civ. Pro. 37. However, if the Court permits formal motion practice, Defendants request

---

[1] While Defendants believe they have satisfied their pleading burden, should the Court disagree, Defendants respectfully request leave to amend its pleading to include additional allegations of damages resulting from loss of reputation, damage to good will, loss of potential investors, and business deals/opportunities.

Hon. Katherine Polk Failla
Page 4

the Court to deny Plaintiff's request to stay discovery during the pendency of this motion, as Plaintiff has failed to set forth any sufficient legal basis to stay discovery.

                                               Respectfully Submitted,
                                               GORDON & REES LLP

                                               ***/s/ Ronald A. Giller***
                                               Ronald A. Giller, Esq.

RAG:MJB
Enclosures