# EXHIBIT B

LAW OFFICE OF BERNARD V. KLEINMAN, PLLC
By:   Bernard V. Kleinman, Esq.
        108 Village Square
        Suite 313
        Somers, NY 10589-2305
        Tel. 914.644.6660
        Fax 914.694.1647
        Email: *attrnylwyr@yahoo.com*
        Attorney for Plaintiff/Counterclaim Defendant

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
============================== :
**CHARLES JOHNSON,**                         :
    **Plaintiff/Counterclaim Defendant,** :     23-cv-02441-KPF
                                              :
                                              :
    — *versus* —                             :     **PLAINTIFF'S SUPPLEMENTAL**
                                              :     **RESPONSES TO DEFENDANTS'**
                                              :     **NOTICES TO ADMIT**
**CLEARVIEW AI, INC., HOAN**            :     F.R.Civ.P. Rule 36
**TON-THAT, RICHARD SCHWARTZ,** :
            **Defendants.**                   :
============================== :

TO:
    Ronald Andrew Giller, Esq.
    Gordon & Rees LLP
    18 Columbia Turnpike
    Suite/Floor 220
    Florham Park, NJ 07932
    Ph. 973-549-2500
    Fax: 973-377-1911
    Email: rgiller@gordonrees.com \

Pursuant to Scheduling Order as entered on or about July 1, 2024, as supplemented by the Court's Order dated January 16, 2025 (ECF No. 68), and the Court's order of April 02, 2025, please be advised of the following Supplemental Responses to Notices to Admit,

1 | P a g e

## **GENERAL OBJECTIONS**

Plaintiff-Counter Defendant Johnson (hereinafter "Johnson"), incorporates by reference any and all Objections to Notices to Admit as previously set forth in his Response dated November 22, 2024.

## **RESERVATION OF RIGHTS**

By making the following responses to these Notices to Admit, Johnson does not waive, and hereby expressly reserves, its objections to these Requests. By making these responses and objections, Johnson does not concede that any information sought by Counter Plaintiffs is discoverable, nor does Johnson waive any objections to the entry or admissibility of such responses under the Federal Rules of Evidence. Johnson makes these responses and objections without waiving or intending to waive the right to object on any ground to the use, introduction, or admissibility of the information provided in response to any Request on any and all grounds, including, but not limited to, competency, relevancy, materiality, and privilege. Subject to and without waiving its General Objections and Reservation of Rights, Johnson responds to the specific requests as follows:

## **NOTICES TO ADMIT**

4. Admit that Plaintiff's statement "[i]n light of that terrible interview and effective immediately I no longer support the direction of the company nor its leadership", contained in the email attached as Exhibit A to the Amended Counterclaim (Doc. 50-1), impugns, attacks, or is otherwise critical of Clearview's reputation.

Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical," however, he avers he has made no statement that is false or untrue.

5. Admit that Plaintiff's statement "[i]n light of that terrible interview and effective immediately I no longer support the direction of the company nor its leadership", contained in the email attached as Exhibit A to the Amended Counterclaim (Doc. 50-1), impugns, attacks, or is otherwise critical of Clearview's business.

Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

6. Admit that Plaintiff's statement, "[t]his is an overlawyered company with a terrible strategy", contained in the email attached as Exhibit A to the Amended Counterclaim (Doc. 50-1), impugns, attacks, or is otherwise critical of Clearview's reputation.

Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

7. Admit that Plaintiff's statement, "[t]his is an overlawyered company with a terrible strategy", contained in the email attached as Exhibit A to the Amended Counterclaim (Doc. 50-1), impugns, attacks, or is otherwise critical of Clearview's business.

Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

8. Admit that Plaintiff's statement, "[y]ou are cowards who do not deserve to run the company moving forward", contained in the email attached as Exhibit A to the Amended Counterclaim (Doc. 50-1), impugns, attacks, or is otherwise critical of Ton-That's reputation.

    Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

9. Admit that Plaintiff's statement, "[y]ou are cowards who do not deserve to run the company moving forward", contained in the email attached as Exhibit A to the Amended Counterclaim (Doc. 50-1), impugns, attacks, or is otherwise critical of Ton-That's character.

    Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

10. Admit that Plaintiff's statement, "[y]ou are cowards who do not deserve to run the company moving forward", contained in the email attached as Exhibit A to the Amended Counterclaim (Doc. 50-1), impugns, attacks, or is otherwise critical of Schwartz' reputation.

    Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

11. Admit that Plaintiff's statement, "[y]ou are cowards who do not deserve to run the company moving forward", contained in the email attached as Exhibit A to the Amended

Counterclaim (Doc. 50-1), impugns, attacks, or is otherwise critical of Schwartz' character.

    Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

12. Admit that Plaintiff's statement, "Hoan has now lied to both the Wall Street Journal and the New York Times about my involvement with the company", contained in the email attached as Exhibit B to the Amended Counterclaim (Doc. 50-2), impugns, attacks, or is otherwise critical of Ton-That's reputation.

    Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

13. Admit that Plaintiff's statement, "Hoan has now lied to both the Wall Street Journal and the New York Times about my involvement with the company", contained in the email attached as Exhibit B to the Amended Counterclaim (Doc. 50-2), impugns, attacks, or is otherwise critical of Ton-That's character.

    Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

17. Admit that Plaintiff's statement, "Hoan Ton-That, Clearview's brilliant but hapless CEO", contained in the document attached as Exhibit D to the Amended Counterclaim (Doc. 50-4), impugns, attacks, or is otherwise critical of Ton-That's reputation.

Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

18. Admit that Plaintiff's statement, "Hoan Ton-That, Clearview's brilliant but hapless CEO", contained in the document attached as Exhibit D to the Amended Counterclaim (Doc. 50-4), impugns, attacks, or is otherwise critical of Ton-That's character.

Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

19. Admit that Plaintiff's statement, "[o]ne of the former executive directors at RAGA went off and joined Clearview.AI where she employs a number of not so competent people", contained in the document attached as Exhibit E to the Amended Counterclaim (Doc. 50-5), impugns, attacks, or is otherwise critical of Clearview's business.

Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

20. Admit that Plaintiff's statement, "[o]ne of the former executive directors at RAGA went off and joined Clearview.AI where she employs a number of not so competent people", contained in the document attached as Exhibit E to the Amended Counterclaim (Doc. 50-5), impugns, attacks, or is otherwise critical of Clearview's employees.

Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

21. Admit that Plaintiff's statement, "That's probably why Clearview isn't doing so well", contained in the document attached as Exhibit E to the Amended Counterclaim (Doc. 50-5), impugns, attacks, or is otherwise critical of Clearview's reputation.

    Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

22. Admit that Plaintiff's statement, "That's probably why Clearview isn't doing so well", contained in the document attached as Exhibit E to the Amended Counterclaim (Doc. 50-5), impugns, attacks, or is otherwise critical of Clearview's business.

    Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

23. Admit that Plaintiff's statement "Clearview has its problems and its management needs changing or taming", contained in the document attached as Exhibit F to the Amended Counterclaim (Doc. 50-6), impugns, attacks, or is otherwise critical of Clearview's reputation.

    Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

24. Admit that Plaintiff's statement "Clearview has its problems and its management needs changing or taming", contained in the document attached as Exhibit F to the Amended Counterclaim (Doc. 50-6), impugns, attacks, or is otherwise critical of Clearview's business.

Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

25. Admit that Plaintiff's statement "Clearview has its problems and its management needs changing or taming", contained in the document attached as Exhibit F to the Amended Counterclaim (Doc. 50-6), impugns, attacks, or is otherwise critical of the reputation of Clearview's management.

Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

26. Admit that Plaintiff's statement "Clearview has its problems and its management needs changing or taming", contained in the document attached as Exhibit F to the Amended Counterclaim (Doc. 50-6), impugns, attacks, or is otherwise critical of the character of Clearview's management.

Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

27. Admit that Plaintiff's statement, "To be sure, Clearview needs to be cleaned up but like Musk's Starlink, it, too, can be pressed into the service of the state, especially given its Emirati cap table. Hoan would need to go or be sidelined" contained in the document attached as Exhibit F to the Amended Counterclaim (Doc. 50-6), impugns, attacks, or is otherwise critical of Clearview's reputation.

Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

28. Admit that Plaintiff's statement, "To be sure, Clearview needs to be cleaned up but like Musk's Starlink, it, too, can be pressed into the service of the state, especially given its Emirati cap table. Hoan would need to go or be sidelined" contained in the document attached as Exhibit F to the Amended Counterclaim (Doc. 50-6), impugns, attacks, or is otherwise critical of Clearview's business.

Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

29. Admit that Plaintiff's statement, "To be sure, Clearview needs to be cleaned up but like Musk's Starlink, it, too, can be pressed into the service of the state, especially given its Emirati cap table. Hoan would need to go or be sidelined" contained in the document attached as Exhibit F to the Amended Counterclaim (Doc. 50-6), impugns, attacks, or is otherwise critical of Ton-That's reputation.

Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

30. Admit that Plaintiff's statement, "[j]ust letting you know I watched Hoan lie to Drew Harrell of the Washington Post about my involvement in cofounding Clearview" contained in the document attached as Exhibit G to the Amended Counterclaim (Doc. 50-7) impugns, attacks, or is otherwise critical of Ton-That's reputation.

Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

31. Admit that Plaintiff's statement, "[j]ust letting you know I watched Hoan lie to Drew Harrell of the Washington Post about my involvement in cofounding Clearview" contained in the document attached as Exhibit G to the Amended Counterclaim (Doc. 50-7) impugns, attacks, or is otherwise critical of Ton-That's character.

Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

32. Admit that Plaintiff's statement, "[n]aturally I rescued the company by securing investors through my network—only to have Hoan try to push me out of the company for talking to the press after he was lying about me to the press" contained in the document attached as Exhibit H to the Amended Counterclaim (Doc. 50-8), impugns, attacks, or is otherwise critical of Ton-That's reputation.

Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

33. Admit that Plaintiff's statement, "[n]aturally I rescued the company by securing investors through my network—only to have Hoan try to push me out of the company for talking to the press after he was lying about me to the press" contained in the document attached as Exhibit H to the Amended Counterclaim (Doc. 50-8), impugns, attacks, or is otherwise critical of Ton-That's character.

Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

34. Admit that Plaintiff's statement, "He's [Hoan] lying unfortunately. it's sad" made to an employee, agent, or representative of France24, impugns, attacks, or is otherwise critical of Ton-That's reputation.

Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

35. Admit that Plaintiff's statement, "He's [Hoan] lying unfortunately. it's sad" made to an employee, agent, or representative of France24, impugns, attacks, or is otherwise critical of Ton-That's character.

Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

Dated: Apr. 16, 2025
      Somers, NY

/s/ *Bernard V. Kleinman*
Bernard V. Kleinman, Esq.
Attorney for Plaintiff JOHNSON
Law Office of Bernard V. Kleinman
108 Village Square, Suite 313
Somers, NY 10589
Email: attrnylwyr@yahoo.com

## CERTIFICATE OF SERVICE

I am Bernard V. Kleinman, attorney of record for the named Plaintiff herein. I do affirm under penalty of perjury that I did serve the within Plaintiff's Responses to Defendants' Requests to Admit on Defendants' counsel of record, via E-Mail to their attorney of record at the email address below:

        Ronald A. Giller, Esq
        rgiller@grsm.com

Dated: Apr. 16, 2025
      Somers, NY

        /s/ *Bernard V. Kleinman*
        Bernard V. Kleinman, Esq.
        Attorney for Plaintiff JOHNSON
        Law Office of Bernard V. Kleinman
        108 Village Square, Suite 313
        Somers, NY 10589
        Tel. 914.644.6660
        Fax: 914.694.1647
        Email: attrnylwyr@yahoo.com