# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLES JOHNSON,<br><br>            Plaintiff,<br><br>vs.<br><br>CLEARVIEW AI, INC., HOAN TON-THAT and RICHARD SCHWARTZ,<br><br>            Defendants. | Civil Action No.: 1:23-cv-02441 |

**DEFENDANTS CLEARVIEW AI, INC., HOAN TON-THAT, AND RICHARD SCHWARTZ INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)**

Defendants Clearview AI, Inc., Hoan Ton-That, and Richard Schwartz ("Defendants"), by and through undersigned counsel, and in accordance with Federal Rule of Civil Procedure 26(a)(1), hereby makes the following Initial Disclosures in connection with the above-captioned matter. Because Defendants' investigation is ongoing, Defendants reserve the right to supplement these initial disclosures in the future. Moreover, by making these disclosures, Defendants do not represent that they are identifying every document, tangible thing, or witness possibly relevant to this lawsuit. Nor do Defendants waive their right to object to the production of any document or tangible thing disclosed herein on the basis of attorney-client privilege, the work product doctrine, relevancy, undue burden, or any other valid objection. Rather, Defendants' initial disclosures represent a good faith effort to identify information Defendants

reasonably believe, at this time, that they may use to support their defenses, as required by Rule 26(a)(1).

A.    **Rule 26(a)(1)(A)(i): Individuals Likely To Have Discoverable Information**

At this time, Defendants believe that the following individuals may have discoverable information that they may use to support their defenses in this action. The following list is limited to those persons that Defendants are specifically aware of at this time. In making these initial disclosures, Defendants do not waive their right to object on the basis of attorney-client privilege, work product privilege, or any other applicable basis, to the testimony of any of the individuals below. In addition, Defendants reserve the right to identify and call as a witness at trial any additional person that may be identified through ongoing investigation and discovery.

The inclusion of a name on the list below is not a statement by Defendants that the named individual necessarily has discoverable information. Defendants reserve the right to supplement this response if they learn, including through discovery in this action, of additional individuals with relevant knowledge or information.

1.    Plaintiff Charles Johnson. Upon information and belief, Mr. Johnson has knowledge of the facts underlying the claims asserted in this matter;

2.    Hoan Ton-That, who may be contacted through the undersigned counsel. Mr. Ton-That is a Defendant in this case, who may have knowledge or information regarding certain events and circumstances underlying the allegations in Plaintiff's complaint and/or Defendants' defenses thereto, including, but not limited to information concerning (1) the Wind-Down Agreement; (2) the relationship between the parties, including the relationship established by the Agreement; (3) Defendants' performance under the Agreement; and (4) Defendants' client relationships. Mr. Ton-That may also have knowledge or information relating to the facts set

forth in Defendants' counterclaim;

3. Richard Schwartz, who may be contacted through the undersigned counsel. Mr. Schwartz is a Defendant in this case, who may have knowledge or information regarding certain events and circumstances underlying the allegations in Plaintiff's complaint and/or Defendants' defenses thereto, including, but not limited to information concerning (1) the Wind-Down Agreement; (2) the relationship between the parties, including the relationship established by the Agreement; (3) Defendants' performance under the Agreement; and (4) Defendants' client relationships;

4. All individuals identified in the course of discovery by any party to this lawsuit or third party; and

5. All individuals identified in documents, reports, and discovery materials obtained and disclosed during the course of this litigation.

**B.     Rule 26(a)(1)(A)(ii):  Documents, Electronically Stored Information, and Tangible Things**

Based on presently available information, and subject to continuing investigation, Defendants identify the following categories of documents and things that are currently in the possession of Defendants that may be used to support their defenses in this action.  In making these Initial Disclosures, Defendants do not waive applicable privileges or protections from disclosures, including the attorney-client privilege or work product doctrine, or the right to designate confidential materials with appropriate protection under any protective order to be entered.

1. Documents related to the Wind-Down Agreement;

2. Correspondence (including emails, text messages, instant messages, voicemails,

3

Tweets, etc.) exchanged between the parties/representatives regarding the Agreement, including performance under the Agreement;

3. Plaintiff's statements to, and correspondence with, third parties wherein he attacked, was critical of, or otherwise disparaged, Defendants, including but not limited to social media posts and public statements;

4. Documents reflecting Plaintiff's statements made to third parties discussing the Wind-Down Agreement;

5. Any documents identified or produced by Plaintiff; and

6. Documents that may be obtained by any party in discovery and/or through third-party production or subpoenas.

**C.    Rule 26(a)(1)(A)(iii):  Computation of Damages**

Defendants are seeking damages due to Plaintiff's breach of the Wind-Down Agreement as set forth in Defendants' counterclaim. Damages are based on harm to reputation, as well as harm to business and client relationships. Defendants have sustained damages exceeding $75,000; however, the exact amount of damages are unknown at this time.

**D.    Rule 26(a)(1)(A)(iv):  Insurance Agreements**

Not applicable.

Dated:  July 15, 2024

GORDON REES SCULLY MANSUKHANI, LLP

By:  */s/ Ronald A. Giller*
Ronald A. Giller, Esq.
One Battery Park Plaza, 28th Floor
New York, New York 10004
P: (973) 549-2500
E: rgiller@grsm.com
*Counsel for Defendants*

4