

RONALD A. GILLER, ESQ.
RGILLER@GRSM.COM
DIRECT DIAL: 973-549-2501

MALLORY J. BENNER, ESQ.
MBENNER@GRSM.COM
DIRECT DIAL: 973-549-2555

ATTORNEYS AT LAW
1 BATTERY PARK PLZ
NEW YORK, NY 10004
WWW.GRSM.COM
(973) 549-2500

May 19, 2025

**VIA E-MAIL & ECF**
The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

    Re:    **Charles Johnson v. Clearview AI, Inc., et. al.**
             **Case No. 1:23-cv-02441**

Dear Judge Failla:

    As you know, we represent Defendants Clearview AI, Hoan Ton-That, and Richard Schwartz in this matter. We write to inform the Court of Plaintiff's continued failure to comply with his discovery obligations, despite ***multiple*** court orders, appearances before Your Honor addressing these issues, and our repeated efforts to resolve them without judicial intervention.

    On April 3, 2025, Your Honor issued an order compelling, in relevant part, Plaintiff to provide supplemental responses to Defendants' interrogatories, requests for document production, and requests for admission on or before April 16, 2025; as well as production of ESI, and privilege logs on or before May 16, 2025. *See* Dkt. 84.

    As Your Honor is aware, this was <u>not</u> the first time the Court ordered Plaintiff to fulfill his discovery obligations. *See* Dkts. 68 and 80. By way of summary, on July 29, 2024, Clearview served its First Requests for Production of Documents and Interrogatories, with responses due by August 28, 2024. Clearview also served First Requests for Admission. Plaintiff failed to timely respond; instead, requesting multiple extensions and not serving responses until November 18, 2024 (almost three months *after* the original due date). Upon review, Clearview found the responses to be deficient in numerous respects. Consequently, Clearview was compelled to seek judicial intervention in early January 2025. *See* Dkt. 65.

    These discovery issues were thoroughly addressed by Your Honor during hearings held on January 8 and January 13, 2025 – and memorialized by Court Order dated January 16, 2025 - wherein Your Honor directed Plaintiff to respond to Defendants' fact discovery requests by March 14, 2025. *See* Dkt. 68. This directive encompassed not only the production of documents generated through the parties' agreed-upon search terms, but also the supplementation of Plaintiff's deficient responses to: Interrogatory Nos. 6, 7, and 16–21; Requests for Production Nos. 21–24 and 28; and Requests for Admission Nos. 4–13 and 17–35. *Id.*

Ignoring the January 16 Order, Plaintiff refused to complete the required discovery, including conducting searches for relevant documents, requiring the Defendants to again seek judicial intervention. Plaintiff argued that Defendants should bear the costs of retaining an ESI vendor to conduct the document search because 1) Defendants were the only remaining "plaintiffs" and the litigation persisted due to Defendants' refusal to engage in settlement negotiations; and/or 2) Plaintiff lacked financial resources – notwithstanding the fact that he failed to provide any evidence to substantiate his claims of undue burden or cost. *See* Dkt. 78.

On March 13, 2025, Your Honor *again* ordered Plaintiff to comply with the Court's January 16, 2025, order, finding no basis for Plaintiff's continued noncompliance. *See* Dkt. 80.

Notwithstanding these explicit orders, Plaintiff continued to disregard his discovery obligations, necessitating these issues be addressed at *another* hearing before Your Honor on April 2, 2025. Your Honor *again* ordered Plaintiff to comply with his discovery obligations, and set new deadlines for compliance, which were memorialized in the Court's April 3, 2025 Order. *See* Dkt. 84. The Order explicitly cautioned that continued violations would result in substantially higher monetary sanctions, the striking of Plaintiff's Answer, and/or entry of a default judgment – cautions that were also provided in explicit detail by Your Honor to Plaintiff during the in-person April 2 hearing. *Id.*

**Despite multiple Court Orders and Your Honor's explicit directions, Plaintiff is once again refusing to comply with his discovery obligations.** Most egregiously, Plaintiff not only failed to produce *any* documents or ESI by the May 16 deadline but advised that he has no intention of complying with discovery. On May 16 at 5:06 PM, Plaintiff's counsel sent us the following message via email:

> *"I have forwarded your Demands and all of the Court filings to my client. He has instructed me to inform you as follows:*
>
> *'Counter Defendant has already complied with your overly broad e-discovery demands. He will not be providing the Counter Plaintiffs with all of his communications with federal law enforcement. Nor with First Amendment protected sources.'"*

*See* **Exhibit A.** This response clearly underscores Plaintiff's willful noncompliance and lack of respect for the Court's authority.

Moreover, in anticipation of this May 16 deadline, we reached out to Plaintiff's counsel five times – on April 17, April 25, May 6, May 8, and May 13 – in a good faith effort to help facilitate Plaintiff's discovery compliance and avoid unnecessary court intervention. *See* **Exhibit B.** Despite our repeated efforts, we received no response from Plaintiff's counsel, aside from a single email indicating that he had forwarded our correspondence to his client. No further communication or cooperation was received thereafter.

It is concerning that Plaintiff's counsel clearly made no effort to ensure adherence to the Court's orders. Instead, counsel merely forwarded the Court's orders and our communications to his client, with no apparent direction. He then communicated Plaintiff's non-compliance by

2

relaying a "comment" from his client, attempting to attribute the failure solely to his client. Such conduct not only undermines the discovery process, but also reflects a troubling abdication of counsel's responsibilities, particularly in the face of this Court's prior Orders. Notably, this is not the first time this has happened in this case. *See e.g.,* Dkt. 76. In fact, this same conduct was addressed by Your Honor in the April 2 hearing. *See* **Exhibit C** 04/02/25 Hearing Transcript 39:7-25; 40:1-9.

In addition to failing to produce ESI, Plaintiff attempted to conceal relevant information by providing incomplete and evasive responses to interrogatories. *See* **Exhibit B.** For example, Interrogatory No. 7, requests Plaintiff to identify each and every telephone number, cell phone number, social media account (e.g., Facebook, Twitter, Instagram, LinkedIn, TikTok, etc.), e-mail account, or other electronic account created, owned, maintained or controlled by Plaintiff at any time from November 24, 2018 through May 21, 2023. Plaintiff's first supplemental response to Interrogatory No. 7, stated:

> *"To the best of Plaintiff's recollection he states that he does not have a Facebook, Twitter, or Instagram account. His Linkedin account is in his name. His email accounts are harlescarlislejohnson@gmail.com and charles@traitwell.com. Tel. 617.429.4718."*

This response has proven to be intentionally false. Plaintiff failed to identify all relevant accounts including his "Signal" account – which he divulged he used in the January court hearings – and his X.com account. As a result, Defendants demanded that Plaintiff supplement his answers to include *all responsive information*. Thereafter, Plaintiff supplemented his answer stating: " Also: X.com (inactive); Charles Johnson, Signal Account."

A few weeks later, through our clients' diligent investigation, we discovered that Plaintiff sent emails concerning Clearview using three other email addresses during the restricted period including: CharlesJohnsonwork@protonmail.com; chuckwalla1022@gmail.com; and charles@heirloom.ai, **which Plaintiff failed to disclose in response to Interrogatory 7 – despite our repeated requests to provide all responsive information.**

Plaintiff also withheld information responsive to Interrogatory No. 6, 17 and 20. *See* **Exhibit B.** These omissions indicate a deliberate attempt to withhold pertinent information. Such conduct is not only a violation of discovery obligations, but also undermines the integrity of the judicial process.

Plaintiff's blatant misconduct demonstrates a clear pattern of bad faith and intentional disregard for this Court's orders. Plaintiff has clearly not been deterred by Your Honor's warnings and previous imposition of sanctions. Therefore, Defendants are respectfully requesting that the Court not only impose monetary sanctions to compensate for the time and fees incurred to date due to Plaintiff's willful failure to comply with his discovery obligations, but also to strike Plaintiff's Answer and enter a default judgment, as authorized under Fed. R. Civ. Pro. Rule 37(b)(2). In the alternative, if the Court would like Defendants to prepare a formal motion addressing these issues, Defendants seek permission to do so.

We thank the Court for its consideration of this request.

                                                Respectfully Submitted,
                                                GORDON & REES LLP

                                                ***/s/ Ronald A. Giller***

RAG:MJB                                     Ronald A. Giller, Esq.