# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

CHARLES JOHNSON,

Plaintiff,

v. 23 Civ. 2441 (KPF)

CLEARVIEW AI, INC., *et al.*,

Defendants.

Conference

------------------------------x

New York, N.Y.
April 2, 2025
12:20 p.m.

Before:

HON. KATHERINE POLK FAILLA,

District Judge

APPEARANCES

BERNARD V. KLEINMAN
Attorney for Plaintiff

GORDON REES SCULLY MANSUKHANI LLP
Attorneys for Defendants
BY: MALLORY J. BENNER
RONALD A. GILLER

same time.

THE COURT: Agreed. Anything that's removed will have to be logged. Yes, I agree with that.

MR. GILLER: Thank you, your Honor.

THE COURT: All right. That's the discovery -- well, partly.

Mr. Kleinman, that only gets us to the issue about the production of ESI for which the search terms are hits. What about the supplemental responses to the interrogatories, the requests for admission, the requests for production?

MR. KLEINMAN: I sent that request. I sent the -- I'm sorry. I sent the -- I sent all the documents, the original demands from Clearview's counsel and your order, and so forth, to my client. I never received a response, Judge.

THE COURT: Hmm, that seems bad.

All right. You do understand -- you do understand, sir, because I know you've been here before; I know you've been in this courthouse for decades -- that court orders should be followed, right? You know that.

MR. KLEINMAN: Yes, I do.

THE COURT: Yes. Why can't my orders be followed, sir?

MR. KLEINMAN: I'm just the lawyer, Judge.

THE COURT: No, no, sir. Ultimately you're on the hook for this. Where are these responses, sir?

MR. KLEINMAN: I asked my client to provide responses. He did not provide the responses.

THE COURT: But is it not on you to cajole him, to pressure him, to persuade him?

MR. KLEINMAN: I sent him more than one email reminding him of his obligation, Judge.

THE COURT: OK. So this is the basis for sanctions under Rule 37. OK. I understand. I just think it's unfortunate. OK. Thank you.

Mr. Kleinman, actually, before you sit down, I think we're moving now to the third topic, which is your motion to dismiss.

Sir, I've understood, and I recently had to look into this for another matter, that a statement in a pleading of an amount in controversy in excess of $75,000 is presumptively correct. So I don't know how you'd be able to rebut that presumption in a 12(b)(1) context. Separately, I'd like you, please, to respond to your adversary's contention that, in fact, their compulsory counterclaim receives supplemental jurisdiction by being a compulsory counterclaim.

MR. KLEINMAN: May I address those?

THE COURT: You may, please. Thank you.

MR. KLEINMAN: OK.

Merely stating and pleading what's in 1332(a) is not sufficient under the cases that have been cited in this