```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
================================   :
CHARLES JOHNSON,                   :
         Plaintiff- Counter-Defendant, :
                                   :
                                   :
   — versus —                      :    23-cv-02441-KPF
                                   :
                                   :
CLEARVIEW AI, INC., HOAN           :
TON-THAT, RICHARD SCHWARTZ,        :
         Defendants-Counter-Plaintiffs.:
================================   :
```

Counter-Defendant's Response to Court's Order to Show Cause

Introduction

I am Bernard V. Kleinman, Esq., attorney of record for the named Counter-Defendant, Charles Johnson, and I submit this Response to the Court's Order to Show Cause, as issued on May 23d, 2025.  ECF No. 93.

The aforementioned Order to Show Cause was issued by the Court in response to the letter submitted on behalf of the named Counter-Plaintiffs, Clearview AI, Hoan Ton-That, and Richard Schwartz, on May 19, 2025. ECF Nos. 92 thru 92-3.  This letter sought redress from the Court based upon the claimed failure of the Counter-Defendant Johnson, to comply with the Court's previously issued discovery orders.  More specifically, the Counter-Plaintiffs asserted that Counter-Defendant had failed to provide the e-discovery as directed to do so, in the Court's Orders of January 16, 2025, March 13, 2025, and April 2, 2025.

While, in the appearance on April 2, 2025, it was acknowledged that all of the search terms had been agreed upon (see Transcript of April 2, 2025 at p. 27, *ll*. 4-8; p. 33, *ll*. 11-16; see Exhibit A, nevertheless, on occasions thereafter, the Counter-Plaintiffs added additional search terms.  See Counter-Plaintiffs' Exhibit B, at pp. 8-9.  ECF No. 92-2.

At the same time, in the April 2, 2025 Hearing, the Court directed that the Counter-Defendant Johnson should shoulder the entire financial burden of the e-discovery, notwithstanding that his case had been dismissed.  See April 2, 2025 Transcr. at p. 30, *ll*. 6-8.

In order to comply with the Court's directive, the e-discovery firm of UnitedLex was contacted, and they provided an estimate of the total cost at between $11,000 and $14,000. See Exhibit B.

This information, along with the UnitedLex contract, were forwarded to Counter-Defendant Johnson.  This was an amount that was and is beyond the ability of Mr. Johnson to fund.  See Johnson Decl. at ¶ 3.

At the same time, the need for the Counter-Defendant to comply with the unanswered Interrogatories and Notices to Admit were similarly forwarded to Mr. Johnson, and all of his responses were duly prepared and forwarded to the Counter-Plaintiffs on April 16, 2025, and then further supplemented on April 22, 2025.  See Exhibit C.

Argument

The Court's Order to Show Cause directs the Counter-Defendant Johnson to state "why his Answer should not be stricken and default judgment entered against him on the counterclaim in this case."  See Order at p. 2.  The Order further directs the Counter-Defendant to show why any "monetary sanctions" ought not be imposed for the alleged failure to comply.  *Ibid*.

Rule 37, in relevant part, provides as follows,

> **Rule 37. Failure to Make Disclosures or to Cooperate in Discovery; Sanctions**
> (b) Failure to Comply with a Court Order.
> (1) * * *
> (2) Sanctions Sought in the District Where the Action Is Pending.
> (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent — or a witness designated under Rule 30(b)(6) or 31(a)(4) — fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party;

The basic rule is that, pursuant to Rule 37 the district court may impose sanctions on a party for disobeying a discovery order. Possible sanctions include, among others, striking pleadings or rendering a default judgment against the disobedient party.

While, the decision to impose Rule 37 sanctions rests soundly within a district court's discretion (see *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988)), dismissal, or a granting of a default judgment, against the offending party is "a drastic penalty which should be imposed only in extreme circumstances." See *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986), quoting *Israel Aircraft Indus., Ltd. v. Standard Precision*, 559 F.2d 203, 208 (2d Cir. 1977). A default under Rule 37(b)(2)(vi), however, is deemed warranted and justified where a party <u>contumaciously disobeys</u> the Court's discovery orders in a willful manner, has engaged in bad faith conduct, or through its own fault. See *Southern New England Tel. Co. v. Global NAPs, Inc.*, 624 F.3d 123, 144 (2d Cir. 2010).

In the Second Circuit the courts utilize a four-factor test, to determine whether entry of a Rule 37(b) sanction is warranted. These factors measure

> (1) the reason for noncompliance or the willfulness of the noncompliant party;
>
> (2) the efficacy of lesser sanctions;
>
> (3) the duration of the noncompliance; and
>
> (4) whether the offending party has been forewarned of the potential consequences of their actions (or inactions).

See *Agiwal v. Mid-Island Mortgage Corp.*, 555 F.3d 298, 302 (2d Cir. 2009).

See also *Mirlis v. Greer*, 80 F.4th 377, 381-82 (2d Cir. 2023); *Burgin v. Seels-Nevergold*, 2022 U.S. App. LEXIS 29351 at *2-*3 (2d Cir. 2022).

However, this does not preclude the court from looking beyond these factors in reaching a decision and deciding upon the appropriate sanction. *Southern New England Tel., supra*, 624 F.3d at 144.

In the case at Bar, all of the claims of Mr. Johnson have been dismissed, with prejudice. See Order dated Jan. 13, 2025. All that remains are the claims of the Counter-Plaintiffs. Faced with the extraordinary expense of e-discovery, Mr. Johnson suffers financially being forced to fund the litigation of the Counter-Plaintiffs, while, at the same time waiting for the possible dismissal of the Counter-Plaintiffs' case. It is less than crystal clear that this imposed funding requirement, for the Counter-Plaintiffs' case, does not come within the ambit of his non-compliance not being based entirely upon his own fault, such as inability to underwrite the expenses of discovery.

*i. Willfulness of the Counter-Defendant Johnson*

The first factor of the Court's analysis is the whether the alleged offender has been willful in his/her actions in complying with the Discovery requests and orders. Noncompliance is defined as willful "when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control." *Nieves v. City of New York*, 208 F.R.D. 531, 536 (S.D.N.Y. 20002). If a party engages in a "persistent refusal to comply" with discovery orders it is deemed to be evidence of willfulness on his/her part. See *Monaghan v. SZS 33 Assocs., L.P.*, 148 F.R.D. 500, 509 (S.D.N.Y. 1993).

Mr. Johnson's "willfulness" is more a matter of his financial inability to fund the cost of e-discovery, rather than an intent to completely ignore the Court's Orders. See Johnson Decl.

Further, he has complied, to the best of his ability, to responding to the Order's regarding both the Notices to Admit and the Interrogatories.

*ii. Efficacy of Lesser Sanctions*

As to factor number two, the Court must consider whether some lesser sanction is available other than the draconian one of entering a default judgment. See *Agiwal, supra*, 555 F.3d at 302. Rule 37(a)(2) sets forth a list of sanctions available (i) thru (vii)), that include the most severe of default (vi)), and lesser ones such as limiting the introduction of evidence (*e.g.*, (ii)). Beyond this, the Court may impose some monetary sanction for such a party's recalcitrant behavior. Rule 37(b)(2)(C).

As the striking of the answer and a default judgment are the most draconian of sanctions, some sanction, lesser than those should be considered by the Court. *See, e.g.*, Rule 37(b)(2)(A)(i), (A)(ii).

*iii. Duration of Period of Noncompliance*

A third factor is how long the recalcitrant party has failed to obey the Court's Orders. Counter-Defendant Johnson acknowledges that refusal, even for a period of months, is sufficient to render a sanction, under Rule 37, meritorious. *See, e.g., Embuscado v. DC Comics*, 347 Fed. App'x 700, 701 (2d Cir. 2009) (three-month period); *Agiwal, supra*, 555 F.3d at 303 (six months); *Urbont v. Sony Music Entertainment*, 2014 U.S. Dist. LEXIS 163057 at *4 (S.D.N.Y. 2014) (six months).

In the case at Bar, while the Court did issue its initial Order approximately five months ago, the Court should take into consideration that it was less than two months ago that the Counter-Plaintiffs added more search terms to the initially agreed to number. See ECF No. 92-2, at pp. 8-9.

*iv. Sufficiency of the Warnings*

The last factor utilized by the Courts in this Circuit is the degree to which the Court has advised the recalcitrant party of the consequences of their failure to comply with the Court's discovery orders. See generally *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 453 (2d Cir. 2013). As long as the party from whom discovery is sought has been advised that sanctions may be imposed for the failure to comply then, assuming other factors being present, sanctions for failure to obey are merited. *Ramgoolie v. Ramgoolie*, 333 F.3d 30, 38 (S.D.N.Y. 2019).

In the case at Bar, it is acknowledged that the possible imposition of sanctions would occur if the Counter-Defendant failed to comply. See Transcr. of Apr. 2, 2025, at p. 61, *ll.* 8-13.

While this is the case, it should be noted, as above, that a default judgment is considered to be the "most severe and harsh" sanction of default (*Edgar v. Slaughter*, 548 F.2d 770, 772 (8th Cir. 1977)) is not merited, where, as here, Mr. Johnson has made some effort to comply, and has not engaged in a total disregard of the Court's Orders. *See, e.g.*, <u>Exhibit C</u>. As the Court in *Israel Aircraft Indus., supra*, observed, Rule 37 sanctions are reserved for a party's "<u>complete</u> failure to comply with discovery". 559 F.2d at 208. Emphasis added. See also *Dixon v. R.J. Photomania, Inc.*, 2011 U.S. Dist. LEXIS 29938 at *2 (E.D.N.Y. 2011); *Petroleum Ins. Agency, Inc. v. Hartford Accident & Indemnity Co.*, 106 F.R.D. 59, 67 (D. Mass. 1985).

<u>Conclusion</u>

The Counter-Defendant would respectfully request that the Court, if it deems a sanction appropriate, impose one of less than the striking of its pleadings and the entry of a default judgment, and, if a financial sanction is considered by the Court, it be one that is deemed fair and reasonable and not designed to reward the Counter-Plaintiffs unnecessarily.

Dated: 12 June 2025
       Somers, NY

                              Respectfully submitted,

                              /s/ *Bernard V. Kleinman*
                              Bernard V. Kleinman, Esq.
                              Attorney for Counterdefendant Johnson