LAW OFFICE OF BERNARD V. KLEINMAN, PLLC
By:    Bernard V. Kleinman, Esq.
        108 Village Square
        Suite 313
        Somers, NY 10589-2305
        Tel. 914.644.6660
        Fax 914.694.1647
        Email: *attrnylwyr@yahoo.com*
        <u>Attorney for Plaintiff/Counterclaim Defendant</u>

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
========================== :
**CHARLES JOHNSON,**                                          :
        **Plaintiff/Counterclaim Defendant,** :    **23-cv-02441-KPF**
                                                                        :
                                                                        :
        **— *versus* —**                                    :    **PLAINTIFF'S SUPPLEMENTAL**
                                                                        :    **RESPONSES TO DEFENDANTS'**
                                                                        :    **NOTICES TO ADMIT**
**CLEARVIEW AI, INC., HOAN**                    :    F.R.Civ.P. Rule 36
**TON-THAT, RICHARD SCHWARTZ,**        :
                        **Defendants.**                  :
========================== :

TO:
        Ronald Andrew Giller, Esq.
        Gordon & Rees LLP
        18 Columbia Turnpike
        Suite/Floor 220
        Florham Park, NJ 07932
        Ph. 973-549-2500
        Fax: 973-377-1911
        Email: rgiller@gordonrees.com \

        Pursuant to Scheduling Order as entered on or about July 1, 2024, as supplemented

by the Court's Order dated January 16, 2025 (ECF No. 68), and the Court's order of April

02, 2025, please be advised of the following Supplemental Responses to Notices to

Admit,

[EXHIBIT C]

## **GENERAL OBJECTIONS**

Plaintiff-Counter Defendant Johnson (hereinafter "Johnson"), incorporates by reference any and all Objections to Notices to Admit as previously set forth in his Response dated November 22, 2024.

## **RESERVATION OF RIGHTS**

By making the following responses to these Notices to Admit, Johnson does not waive, and hereby expressly reserves, its objections to these Requests. By making these responses and objections, Johnson does not concede that any information sought by Counter Plaintiffs is discoverable, nor does Johnson waive any objections to the entry or admissibility of such responses under the Federal Rules of Evidence. Johnson makes these responses and objections without waiving or intending to waive the right to object on any ground to the use, introduction, or admissibility of the information provided in response to any Request on any and all grounds, including, but not limited to, competency, relevancy, materiality, and privilege. Subject to and without waiving its General Objections and Reservation of Rights, Johnson responds to the specific requests as follows:

## **NOTICES TO ADMIT**

4. Admit that Plaintiff's statement "[i]n light of that terrible interview and effective immediately I no longer support the direction of the company nor its leadership", contained in the email attached as Exhibit A to the Amended Counterclaim (Doc. 50-1), impugns, attacks, or is otherwise critical of Clearview's reputation.

[EXHIBIT C]

Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical," however, he avers he has made no statement that is false or untrue.

5. Admit that Plaintiff's statement "[i]n light of that terrible interview and effective immediately I no longer support the direction of the company nor its leadership", contained in the email attached as Exhibit A to the Amended Counterclaim (Doc. 50-1), impugns, attacks, or is otherwise critical of Clearview's business.

Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

6. Admit that Plaintiff's statement, "[t]his is an overlawyered company with a terrible strategy", contained in the email attached as Exhibit A to the Amended Counterclaim (Doc. 50-1), impugns, attacks, or is otherwise critical of Clearview's reputation.

Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

7. Admit that Plaintiff's statement, "[t]his is an overlawyered company with a terrible strategy", contained in the email attached as Exhibit A to the Amended Counterclaim (Doc. 50-1), impugns, attacks, or is otherwise critical of Clearview's business.

Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

[EXHIBIT C]

8. Admit that Plaintiff's statement, "[y]ou are cowards who do not deserve to run the company moving forward", contained in the email attached as Exhibit A to the Amended Counterclaim (Doc. 50-1), impugns, attacks, or is otherwise critical of Ton-That's reputation.

Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

9. Admit that Plaintiff's statement, "[y]ou are cowards who do not deserve to run the company moving forward", contained in the email attached as Exhibit A to the Amended Counterclaim (Doc. 50-1), impugns, attacks, or is otherwise critical of Ton-That's character.

Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

10. Admit that Plaintiff's statement, "[y]ou are cowards who do not deserve to run the company moving forward", contained in the email attached as Exhibit A to the Amended Counterclaim (Doc. 50-1), impugns, attacks, or is otherwise critical of Schwartz' reputation.

Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

11. Admit that Plaintiff's statement, "[y]ou are cowards who do not deserve to run the company moving forward", contained in the email attached as Exhibit A to the Amended

[EXHIBIT C]

Counterclaim (Doc. 50-1), impugns, attacks, or is otherwise critical of Schwartz'
character.

     Response: Response: Plaintiff-Counter Defendant admits to having made this
statement, and "impugns, attacks, or is otherwise critical", however, he avers he has
made no statement that is false or untrue.

12. Admit that Plaintiff's statement, "Hoan has now lied to both the Wall Street Journal
and the New York Times about my involvement with the company", contained in the
email attached as Exhibit B to the Amended Counterclaim (Doc. 50-2), impugns,
attacks, or is otherwise critical of Ton-That's reputation.

     Response: Response: Plaintiff-Counter Defendant admits to having made this
statement, and "impugns, attacks, or is otherwise critical", however, he avers he has
made no statement that is false or untrue.

13. Admit that Plaintiff's statement, "Hoan has now lied to both the Wall Street Journal
and the New York Times about my involvement with the company", contained in the
email attached as Exhibit B to the Amended Counterclaim (Doc. 50-2), impugns,
attacks, or is otherwise critical of Ton-That's character.

     Response: Response: Plaintiff-Counter Defendant admits to having made this
statement, and "impugns, attacks, or is otherwise critical", however, he avers he has
made no statement that is false or untrue.

17. Admit that Plaintiff's statement, "Hoan Ton-That, Clearview's brilliant but hapless
CEO", contained in the document attached as Exhibit D to the Amended Counterclaim
(Doc. 50-4), impugns, attacks, or is otherwise critical of Ton-That's reputation.

[EXHIBIT C]

Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

18. Admit that Plaintiff's statement, "Hoan Ton-That, Clearview's brilliant but hapless CEO", contained in the document attached as Exhibit D to the Amended Counterclaim (Doc. 50-4), impugns, attacks, or is otherwise critical of Ton-That's character.

Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

19. Admit that Plaintiff's statement, "[o]ne of the former executive directors at RAGA went off and joined Clearview.AI where she employs a number of not so competent people", contained in the document attached as Exhibit E to the Amended Counterclaim (Doc. 50-5), impugns, attacks, or is otherwise critical of Clearview's business.

Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

20. Admit that Plaintiff's statement, "[o]ne of the former executive directors at RAGA went off and joined Clearview.AI where she employs a number of not so competent people", contained in the document attached as Exhibit E to the Amended Counterclaim (Doc. 50-5), impugns, attacks, or is otherwise critical of Clearview's employees.

Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

[EXHIBIT C]

21. Admit that Plaintiff's statement, "That's probably why Clearview isn't doing so well", contained in the document attached as Exhibit E to the Amended Counterclaim (Doc. 50-5), impugns, attacks, or is otherwise critical of Clearview's reputation.

Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

22. Admit that Plaintiff's statement, "That's probably why Clearview isn't doing so well", contained in the document attached as Exhibit E to the Amended Counterclaim (Doc. 50-5), impugns, attacks, or is otherwise critical of Clearview's business.

Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

23. Admit that Plaintiff's statement "Clearview has its problems and its management needs changing or taming", contained in the document attached as Exhibit F to the Amended Counterclaim (Doc. 50-6), impugns, attacks, or is otherwise critical of Clearview's reputation.

Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

24. Admit that Plaintiff's statement "Clearview has its problems and its management needs changing or taming", contained in the document attached as Exhibit F to the Amended Counterclaim (Doc. 50-6), impugns, attacks, or is otherwise critical of Clearview's business.

[EXHIBIT C]

Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

25. Admit that Plaintiff's statement "Clearview has its problems and its management needs changing or taming", contained in the document attached as Exhibit F to the Amended Counterclaim (Doc. 50-6), impugns, attacks, or is otherwise critical of the reputation of Clearview's management.

Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

26. Admit that Plaintiff's statement "Clearview has its problems and its management needs changing or taming", contained in the document attached as Exhibit F to the Amended Counterclaim (Doc. 50-6), impugns, attacks, or is otherwise critical of the character of Clearview's management.

Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

27. Admit that Plaintiff's statement, "To be sure, Clearview needs to be cleaned up but like Musk's Starlink, it, too, can be pressed into the service of the state, especially given its Emirati cap table. Hoan would need to go or be sidelined" contained in the document attached as Exhibit F to the Amended Counterclaim (Doc. 50-6), impugns, attacks, or is otherwise critical of Clearview's reputation.

[EXHIBIT C]

Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

28. Admit that Plaintiff's statement, "To be sure, Clearview needs to be cleaned up but like Musk's Starlink, it, too, can be pressed into the service of the state, especially given its Emirati cap table. Hoan would need to go or be sidelined" contained in the document attached as Exhibit F to the Amended Counterclaim (Doc. 50-6), impugns, attacks, or is otherwise critical of Clearview's business.

Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

29. Admit that Plaintiff's statement, "To be sure, Clearview needs to be cleaned up but like Musk's Starlink, it, too, can be pressed into the service of the state, especially given its Emirati cap table. Hoan would need to go or be sidelined" contained in the document attached as Exhibit F to the Amended Counterclaim (Doc. 50-6), impugns, attacks, or is otherwise critical of Ton-That's reputation.

Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

30. Admit that Plaintiff's statement, "[j]ust letting you know I watched Hoan lie to Drew Harrell of the Washington Post about my involvement in cofounding Clearview" contained in the document attached as Exhibit G to the Amended Counterclaim (Doc. 50-7) impugns, attacks, or is otherwise critical of Ton-That's reputation.

[EXHIBIT C]

Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

31. Admit that Plaintiff's statement, "[j]ust letting you know I watched Hoan lie to Drew Harrell of the Washington Post about my involvement in cofounding Clearview" contained in the document attached as Exhibit G to the Amended Counterclaim (Doc. 50-7) impugns, attacks, or is otherwise critical of Ton-That's character.

Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

32. Admit that Plaintiff's statement, "[n]aturally I rescued the company by securing investors through my network—only to have Hoan try to push me out of the company for talking to the press after he was lying about me to the press" contained in the document attached as Exhibit H to the Amended Counterclaim (Doc. 50-8), impugns, attacks, or is otherwise critical of Ton-That's reputation.

Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

33. Admit that Plaintiff's statement, "[n]aturally I rescued the company by securing investors through my network—only to have Hoan try to push me out of the company for talking to the press after he was lying about me to the press" contained in the document attached as Exhibit H to the Amended Counterclaim (Doc. 50-8), impugns, attacks, or is otherwise critical of Ton-That's character.

[EXHIBIT C]

Response: Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

34. Admit that Plaintiff's statement, "He's [Hoan] lying unfortunately. it's sad" made to an employee, agent, or representative of France24, impugns, attacks, or is otherwise critical of Ton-That's reputation.

Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

35. Admit that Plaintiff's statement, "He's [Hoan] lying unfortunately. it's sad" made to an employee, agent, or representative of France24, impugns, attacks, or is otherwise critical of Ton-That's character.

Response: Plaintiff-Counter Defendant admits to having made this statement, and "impugns, attacks, or is otherwise critical", however, he avers he has made no statement that is false or untrue.

Dated: Apr. 16, 2025
Somers, NY

/s/ *Bernard V. Kleinman*
Bernard V. Kleinman, Esq.
Attorney for Plaintiff JOHNSON
Law Office of Bernard V. Kleinman
108 Village Square, Suite 313
Somers, NY 10589
Email: attrnylwyr@yahoo.com

[EXHIBIT C]

## CERTIFICATE OF SERVICE

I am Bernard V. Kleinman, attorney of record for the named Plaintiff herein.  I do affirm

under penalty of perjury that I did serve the within Plaintiff's Responses to Defendants'

Requests to Admit on Defendants' counsel of record, via E-Mail to their attorney of record

at the email address below:

> Ronald A. Giller, Esq
> rgiller@grsm.com

Dated: Apr. 16, 2025
        Somers, NY

> /s/ *Bernard V. Kleinman*
> Bernard V. Kleinman, Esq.
> Attorney for Plaintiff JOHNSON
> Law Office of Bernard V. Kleinman
> 108 Village Square, Suite 313
> Somers, NY 10589
> Tel. 914.644.6660
> Fax: 914.694.1647
> Email: attrnylwyr@yahoo.com

[EXHIBIT C]

LAW OFFICE OF BERNARD V. KLEINMAN, PLLC
By:  Bernard V. Kleinman, Esq.
     108 Village Square
     Suite 313
     Somers, NY 10589-2305
     Tel. 914.644.6660
     Fax 914.694.1647
     Email: *attrnylwyr@yahoo.com*
     Attorney for Plaintiff/Counterclaim Defendant

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
═══════════════════════════ :

**CHARLES JOHNSON,**                                      :

    **Plaintiff/Counterclaim Defendant,** :          **23-cv-02441-KPF**

                                      :

          — *versus* —                        :          **PLAINTIFF'S SUPPLEMENTAL**
                                        :          **RESPONSES TO INTERROGATORIES**

                                        :

**CLEARVIEW AI, INC., HOAN**                         :          F.R.Civ.P. Rule 33
**TON-THAT, RICHARD SCHWARTZ,**     :
        **Defendants.**                        :
═══════════════════════════ :

TO:
    Ronald Andrew Giller, Esq.
    Gordon & Rees LLP
    18 Columbia Turnpike
    Suite/Floor 220
    Florham Park, NJ 07932
    Ph. 973-549-2500
    Fax: 973-377-1911
    Email: rgiller@gordonrees.com \

    Pursuant to Scheduling Order as entered on or about July 1, 2024, as supplemented by the

Court's Order dated January 16, 2025 (ECF No. 68), and the Court's order of April 02, 2025,

please be advised of the following Supplemental Responses to Interrogatories,

[EXHIBIT C]

## <u>GENERAL OBJECTIONS TO INTERROGATORIES &<br>DEMANDS FOR PRODUCTION</u>

Plaintiff-Counter Defendant Johnson (hereinafter "Johnson"), incorporates by reference any and all Objections to Interrogatories as previously set forth in his Response dated November 22, 2024.

## <u>RESERVATION OF RIGHTS</u>

By making the following responses to these Interrogatories, Johnson does not waive, and hereby expressly reserves, its objections to these Requests.  By making these responses and objections, Johnson does not concede that any information sought by Counter Plaintiffs is discoverable, nor does Johnson waive any objections to the entry or admissibility of such responses under the Federal Rules of Evidence.  Johnson makes these responses and objections without waiving or intending to waive the right to object on any ground to the use, introduction, or admissibility of the information provided in response to any Request on any and all grounds, including, but not limited to, competency, relevancy, materiality, and privilege.  Subject to and without waiving its General Objections and Reservation of Rights, Johnson responds to the specific requests as follows:

## <u>INTERROGATORIES</u>

6. Identify all documents concerning any litigation or administrative proceeding in which Plaintiff has ever been a plaintiff, complainant, petitioner, charging party, grievant, defendant or respondent (aside from the instant action).

<u>ANSWER</u>

Plaintiff was a plaintiff in a lawsuit against Gawker Media (*Johnson v Gawker Media*, 15cv1137, E.D. Mo.), and another case of the Huffington Post (*Johnson v.*

[EXHIBIT C]

*Thehuffingtonpost.com*, 20cv179, S.D. Tex.).  Plaintiff is a Defendant in *Point Bridge Capital, LLC v. Johnson*, 24cv988, N.D. Tex.

7. Identify each and every telephone number, cell phone number, social media account (*e.g.,* Facebook, Twitter, Instagram, LinkedIn, TikTok, etc.), e-mail account, or other electronic account created, owned, maintained or controlled by Plaintiff at any time from November 24, 2018 through May 21, 2023.

ANSWER

To the best of Plaintiff's recollection he states that he does not have a Facebook, Twitter, or Instagram account. His Linkedin account is in his name. His email accounts are charlescarlislejohnson@gmail.com and charles@traitwell.com.  Tel. 617.429.4718.

Also: *https://charlesjohnson.substack.com*

16. Identify all documents, including written communications, between Plaintiff and any third party concerning, discussing, referring to, or otherwise relating to the Wind-Down Agreement from November 24, 2018 through May 21, 2023.

ANSWER

"The only person I talked to about the wind down agree was Kashmir Hill of the New York Times and she knew about it ***before*** I told her about it, indicating someone other than myself had disclosed it to her."  Emphasis in original.

17. Identify all Clearview investors and/or shareholders whom you made oral or written statements to that impugned, attacked, were critical of, or otherwise mentioned the reputation, business or character of Clearview AI, Hoan Ton-That, and/or Richard Schwartz from November 24, 2018 through May 21, 2023.

[EXHIBIT C]

ANSWER

"As far as I can recall the only person I have criticized is Hal Lambert, the now co-CEO. I also made comments about ex-Clearview.AI advisory board members Richard A. Clarke, Floyd Abrams, Lee Wolosoky and Lisa Linden."

18. Identify all entities, including media outlets, whom you made oral or written statements to that impugned, attacked, were critical of, or otherwise mentioned the reputation, business or character of Clearview AI, Hoan Ton-That, and/or Richard Schwartz from November 24, 2018 through May 21, 2023.

ANSWER

France 24, Mother Jones, Washington Post, and The New York Times.

19. Identify each and every person, other than those identified in the previous interrogatories, whom you made oral or written statements to that impugned, attacked, or were critical of, or otherwise mentioned the reputation, business or character of Clearview AI, Hoan Ton-That, and/or Richard Schwartz from November 24, 2018 through May 21, 2023.

ANSWER

Jessica LeMasurier (France 24), Luke O'Brien ("Mother Jones"), Kashmir Hill (The NY Times).

20. Identify all written communications between Plaintiff and any third party wherein you impugned, attacked, or were critical of, or otherwise mentioned the reputation, business or character of Clearview AI, Hoan Ton-That, and/or Richard Schwartz from November 24, 2018 through May 21, 2023.

[EXHIBIT C]

<u>ANSWER</u>

"Not sure I have anyone I've not done a written communication with anyone relevant to this Interrogatory, other than those previously identified."

21. Identify all documents, including published statements, wherein you impugned, attacked, or were critical of, or otherwise mentioned the reputation, business or character of Clearview AI, Hoan Ton-That, and/or Richard Schwartz from November 24, 2018 through May 21, 2023.

<u>ANSWER</u>

"Other than documents provided by Defendants or myself, I sent one email to Hoan and Richard saying that I thought they were engaged in unethical behavior. That email appeared in Luke O'Brien's Mother Jones article."

Dated: April 16, 2025
Somers, NY

<u>/s/ *Bernard V. Kleinman*</u>
Bernard V. Kleinman, Esq.

[EXHIBIT C]

## CERTIFICATE OF SERVICE

I am Bernard V. Kleinman, attorney of record for the named Plaintiff herein.  I do affirm under

penalty of perjury that I did serve the within Plaintiff's Supplemental Responses to Defendants'

Initial Interrogatories Defendants' counsel of record, via E-Mail to their attorney of record at the

email address below:

> Ronald A. Giller, Esq
> rgiller@grsm.com

Dated:  Apr. 16, 2025
　　　　Somers, NY

> /s/ *Bernard V. Kleinman*
> Bernard V. Kleinman, Esq.
> Attorney for Plaintiff JOHNSON
> Law Office of Bernard V. Kleinman
> 108 Village Square, Suite 313
> Somers, NY 10589
> Email: attrnylwyr@yahoo.com

[EXHIBIT C]

LAW OFFICE OF BERNARD V. KLEINMAN, PLLC
By:   Bernard V. Kleinman, Esq.
      108 Village Square
      Suite 313
      Somers, NY 10589-2305
      Tel. 914.644.6660
      Fax 914.694.1647
      Email: *attrnylwyr@yahoo.com*
      <u>Attorney for Plaintiff/Counterclaim Defendant</u>

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
============================== :

**CHARLES JOHNSON,**           :
     **Plaintiff/Counterclaim Defendant,** :    **23-cv-02441-KPF**
            :
            :
   — *versus* —         :    **PLAINTIFF'S 2nd SUPPLEMENTAL**
            :    **RESPONSES TO INTERROGATORIES**
            :
**CLEARVIEW AI, INC., HOAN**    :    F.R.Civ.P. Rule 33
**TON-THAT, RICHARD SCHWARTZ,** :
       **Defendants.**      :
============================== :

TO:
     Ronald Andrew Giller, Esq.
     Gordon & Rees LLP
     18 Columbia Turnpike
     Suite/Floor 220
     Florham Park, NJ 07932
     Ph. 973-549-2500
     Fax: 973-377-1911
     Email: rgiller@gordonrees.com \

    Pursuant to Scheduling Order as entered on or about July 1, 2024, as supplemented by the

Court's Order dated January 16, 2025 (ECF No. 68), and the Court's order of April 02, 2025,

please be advised of the following Second Supplemental Responses to Interrogatories,

[EXHIBIT C]

## GENERAL OBJECTIONS TO INTERROGATORIES & DEMANDS FOR PRODUCTION

Plaintiff-Counter Defendant Johnson (hereinafter "Johnson"), incorporates by reference any and all Objections to Interrogatories as previously set forth in his Response dated November 22, 2024, and Supplemental responses dated April 16, 2025.

## RESERVATION OF RIGHTS

By making the following responses to these Interrogatories, Johnson does not waive, and hereby expressly reserves, its objections to these Requests.  By making these responses and objections, Johnson does not concede that any information sought by Counter Plaintiffs is discoverable, nor does Johnson waive any objections to the entry or admissibility of such responses under the Federal Rules of Evidence.  Johnson makes these responses and objections without waiving or intending to waive the right to object on any ground to the use, introduction, or admissibility of the information provided in response to any Request on any and all grounds, including, but not limited to, competency, relevancy, materiality, and privilege.  Subject to and without waiving its General Objections and Reservation of Rights, Johnson responds to the specific requests as follows:

## INTERROGATORIES

6. Identify all documents concerning any litigation or administrative proceeding in which Plaintiff has ever been a plaintiff, complainant, petitioner, charging party, grievant, defendant or respondent (aside from the instant action).

ANSWER

Plaintiff was a plaintiff in a lawsuit against Gawker Media (*Johnson v Gawker Media*, 15cv1137, E.D. Mo.), and another case of the Huffington Post (*Johnson v. Thehuffingtonpost.com*, 20cv179, S.D. Tex.).  Plaintiff is a Defendant in *Point Bridge*

[EXHIBIT C]

*Capital, LLC v. Johnson*, 24cv988, N.D. Tex..  *Johnson v. Lambert*, 23cv1485, E.D. Va.;

*Johnson v. Lambert*, 24cv1124, E.D. Va.

7. Identify each and every telephone number, cell phone number, social media account (*e.g.,* Facebook, Twitter, Instagram, LinkedIn, TikTok, etc.), e-mail account, or other electronic account created, owned, maintained or controlled by Plaintiff at any time from November 24, 2018 through May 21, 2023.

ANSWER

To the best of Plaintiff's recollection he states that he does not have a Facebook, Twitter, or Instagram account. His Linkedin account is in his name. His email accounts are charlescarlislejohnson@gmail.com and charles@traitwell.com.  Tel. 617.429.4718.

Also: *https://charlesjohnson.substack.com* ; X.com (inactive); Charles Johnson, Signal account

17. Identify all Clearview investors and/or shareholders whom you made oral or written statements to that impugned, attacked, were critical of, or otherwise mentioned the reputation, business or character of Clearview AI, Hoan Ton-That, and/or Richard Schwartz from November 24, 2018 through May 21, 2023.

ANSWER

"As far as I can recall the only person I have criticized is Hal Lambert, the now co-CEO. I also made comments about ex-Clearview.AI advisory board members Richard A. Clarke, Floyd Abrams, Lee Wolosoky and Lisa Linden."

"Individuals with whom I communicated regarding the named Defendants, who may have been criticized, though any statement made was truthful, include, the following persons:

"David Mittleman                                    Alfred Balitzer

[EXHIBIT C]

| | |
|---|---|
| Gavan Tredoux | Scott Adams |
| Ryan Gable | Amber Talley |
| David Martosko | Kip Talley |
| Jessica Garrison | Steve Sailer |
| Nick Cassimatis | Rod Lauder |
| Jeff Giesea | Rod Wilson |
| Blake Harris | John Burbank |
| Jos Sibley | Rot Enman |
| Gator Greenwill | Tyler Bass |
| Brian Barrett | John Elliott |
| Adam Acosta | Luke O'Brien |
| Cyan Ballister | Roger Corbin |
| Nicholas Thompson | David Des Rosiers |
| Ryan Macy | Ben Narasin" |
| Jos Sibley | |

Dated: April 22, 2025
       Somers, NY

/s/ *Bernard V. Kleinman*
Bernard V. Kleinman, Esq.

[EXHIBIT C]

## CERTIFICATE OF SERVICE

I am Bernard V. Kleinman, attorney of record for the named Plaintiff herein.  I do affirm under

penalty of perjury that I did serve the within Plaintiff's Supplemental Responses to Defendants'

Initial Interrogatories Defendants' counsel of record, via E-Mail to their attorney of record at the

email address below:

> Ronald A. Giller, Esq
> rgiller@grsm.com

Dated:  Apr. 22, 2025
       Somers, NY

> /s/ *Bernard V. Kleinman*
> Bernard V. Kleinman, Esq.
> Attorney for Plaintiff JOHNSON
> Law Office of Bernard V. Kleinman
> 108 Village Square, Suite 313
> Somers, NY 10589
> Email: attrnylwyr@yahoo.com

[EXHIBIT C]