RONALD A. GILLER, ESQ.
RGILLER@GRSM.COM
DIRECT DIAL: 973-549-2501



MALLORY J. BENNER, ESQ.
MBENNER@GRSM.COM
DIRECT DIAL: 973-549-2555

ATTORNEYS AT LAW
1 BATTERY PARK PLZ
NEW YORK, NY 10004
WWW.GRSM.COM
(973) 549-2500

July 25, 2025

**VIA ECF**
Chief Magistrate Judge Sarah Netburn
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    **Charles Johnson v. Clearview AI, Inc., et. al.**
                **Case No. 1:23-cv-02441**

Dear Judge Netburn,

      We represent Defendants Clearview AI, Hoan Ton-That, and Richard Schwartz in this matter.

      As Your Honor is aware, on July 2, 2025, in light of Plaintiff's *continuous* refusals to participate in discovery and abide by Judge Failla's orders,[1] the Court ordered Plaintiff's answer to be stricken in its entirety and directed the Clerk of Court to enter default against Plaintiff in connection with Defendants' breach of contract counterclaim – the only remaining claim in this action – and referred the damages inquest, as well as a determination of the fees and expenses to which Defendants are entitled under Rule 37, to Your Honor. *See* Dkt. 95.

      We write to respectfully request a sixty (60) day extension of the August 7, 2025, deadline for submitting Defendants' damages inquest papers.

      While Defendants are eager to resolve this case as expeditiously as possible, an extension of the current deadline to submit their position on damages is necessary to allow sufficient time to gather the materials and evidence needed to support their damages assessment - an effort that has been *significantly* hindered by Plaintiff's ongoing and well-documented non-compliance with his discovery obligations.

      Specifically, the full extent of Plaintiff's breaches of the Wind-Down Agreement, and resulting damages remains are unknown due to Plaintiff's refusal to produce critical discovery. For example, Plaintiff admitted in his supplemental responses to interrogatories (attached) that

---

[1] Defendants refer to Dkt. 92 and 95 for a summary of the history of Plaintiff's non-compliance with discovery obligations and court orders.

Hon. Sarah Netburn
July 25, 2025
Page 2

he made critical statements about the Defendants – in violation of the Wind-Down Agreement – to at least thirty-one (31) Clearview investors and/or shareholders. While liability has been established through default, this documentation is still critical for the assessment of damages, as it is unclear what Plaintiff said to these investors, when, how many statements were made, and the impact it had on their decision to continue to invest in Clearview.

Significantly, Plaintiff admitted - on the record - that he has gathered relevant documents onto a hard drive that he provided to his counsel, yet he has continuously refused to provide us with a copy of the hard drive to review, or in the alternative, retain a vendor to perform a search using keywords (which the parties have already agreed to) to identify and produce the relevant documents.

***This refusal is in direct violation of multiple Court orders, where Hon. Katherine Polk Failla, U.S.D.J. specifically ordered Plaintiff to review and produce this ESI, rejecting each of Plaintiff's evasive and improper excuses for non-compliance.*** Dkt. 84; 95; *see also* Dkt. 78; 80. As such, Defendants respectfully request the Court to enforce its prior orders and compel Plaintiff to comply with his ESI discovery obligations.

Defendants also respectfully request the Court to compel Plaintiff's deposition. Defendants first served a deposition notice upon Plaintiff on July 29, 2024 – approximately one year (1) ago – however, he has refused to be deposed. Most recently, on May 28, 2025, after Defendants attempted yet again to schedule Plaintiff's deposition in accordance with the Court's June 6, 2025 fact deposition deadline (Dkt. 84), his counsel advised that Plaintiff "will not be appearing for any depositions."

Review of the documents in Plaintiff's possession and the deposition of Plaintiff are undisputably critical to assess the extent of the damages caused by Plaintiff's egregious misconduct, and it is fundamentally unfair for Defendants to be prejudiced in its analysis, as a direct result of Plaintiff's clear and ongoing bad faith.

In addition to gathering materials from their own records and from Plaintiff to assess damages, Defendants are also evaluating the potential retention of an expert to provide an opinion on damages, which would assist in formulating a complete and accurate assessment. Due to Plaintiff's continued non-compliance, the parties never reached this stage in the discovery process. Accordingly, the extension of time for Defendants to submit their position on damages is also needed to explore and potentially retain expert services necessary for their submission.

As a separate but related matter, Defendants also respectfully request the Court set a deadline for Plaintiff's outstanding $10,000 sanctions payment, as the July 2, 2025 Court order is silent as to a deadline. We reached out to opposing counsel on July 8, 2025, to inquire about the status of payment and anticipated receipt; however, we have not received any response and this sanction remains unpaid.

Accordingly, Defendants respectfully propose the following schedule:

- Plaintiff's production of ESI and privilege logs is due on or before: **August 15, 2025**;

- Plaintiff's $10,000 sanctions payment to be paid to Defendants on or before **August 15, 2025**;

- Plaintiff's deposition to be completed on or before **September 19, 2025**;

- Defendants to file Proposed Findings of Fact and Conclusions of Law describing all claimed damages and any other monetary relief on or before **October 6, 2025**;

- Plaintiff to file a response, if any, no later than 30 days after service of Defendants Proposed Findings of Fact and Conclusions of Law.

Should Plaintiff continue to disregard his obligations, Defendants respectfully request that the Court impose additional and more severe sanctions (such as a daily penalty) to compel compliance – as the Court has already ordered $17,000 in sanctions and the entry of default due to his non-compliance – including, but not limited to inclusion of any continued non-compliance in Defendants' Rule 37 sanctions award (the amount of which is ordered to be determined by Your Honor).

We thank the Court for its attention to this matter, and are of course, available for a conference at the Court's convenience if Your Honor deems necessary.

Respectfully Submitted,
GORDON & REES LLP

*/s/ Ronald A. Giller*

Ronald A. Giller, Esq.

RAG:MJB