UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
==================================

CHARLES JOHNSON,
    Plaintiff- Counter-Defendant,

— *versus* —

CLEARVIEW AI, INC., HOAN
TON-THAT, RICHARD SCHWARTZ,
    Defendants-Counter-Plaintiffs.
==================================

23-cv-02441-KPF

MEMORANDUM OF LAW

## PRELIMINARY STATEMENT

Bernard V. Kleinman, Esq., of the Law Office of Bernard V. Kleinman, PLLC, ("Attorney Kleinman") counsel for Plaintiff- Counter-Defendant CHARLES JOHNSON respectfully submits this Memorandum of Law in support of its motion to be relieved as counsel.

Attorney Kleinman is unable to continue to represent Mr. Johnson. Mr. Johnson owes Attorney Kleinman, fees and expenses in the amount of $22,913.52, which remains unpaid as of this date.

Attorney Kleinman is a solo practitioner.

## FACTS

On 01 July 2024 Mr. Johnson entered into a written retainer agreement for Attorney Kleinman to represent him in the matter pending before this Court, *viz.*, *Johnson v. Clearview AI, et al.*, 23-cv-02441. See Kleinman Declaration, Attachment A, as filed under seal. On 13 June 2025 an Invoice for fees and expenses was emailed to Mr. Johnson, in the amount of $22,913.52. See Declaration of Attorney Kleinman, Attachment B (under seal). Pursuant to the terms of the Retainer Agreement (¶ 6):

> Client waives any objections to any portions of any bill five (5) calendar days after receipt if no objection is raised.

As of this date no such objection has been raised.

On 19 June 2025, after inquiring as to the status of the Invoice, Mr. Johnson responded, "It'll likely be by July 4." No payment was received by that date, nor as of this date, four weeks' hence.

On 31 July 20025, Attorney Kleinman, notified Mr. Johnson, that unless this Invoice was paid, in full, by Close of Business, 01 August 2025, the within Motion to be Relieved would be filed with the Court. Mr. Johnson's response was "Thanks. If you want to withdraw it's cool."

As no such payment was forthcoming, at COB on 01 August 2025, this Motion is now being filed.

On 01 August 2025, Movant, by email to Attorneys Benner and Giller, notified them that the within Motion is to be filed. No response, as to their position, has been received as yet.

Accordingly, Attorney Kleinman should be relieved as counsel.

## ARGUMENT

"[I]t is well-settled in the Eastern and Southern Districts of New York that non-payment of legal fees is a valid basis for granting a motion to withdraw pursuant to under Local Civil Rule 1.4." *Centrifugal Force, Inc. v. SoftNet Communications, Inc.*, 2009 U.S. Dist. LEXIS 35223 at *4-*5 (S.D.N.Y. 20009). In accord see *HSW Enterprises v. Woo Lae Oak, Inc.*, 2010 U.S. Dist. LEXIS 39288 at *10 (S.D.N.Y. 2010). Further, a client's failure to pay legal fees constitutes "satisfactory reasons for withdrawal as counsel." *Team Obsolete, Ltd. v. A.H.R.M.A., Ltd.*, 464 F. Supp.2d 164, 165 (E.D.N.Y. 2006). See also *HCCC, Inc. v. R H & M Machinery Co.*, 1998 U.S. Dist. LEXIS 10977 at *1 (S.D.N.Y. 1998). Moreover, the New York Code of Professional Responsibility permits a lawyer to "withdraw from representing a client if . . . [t]he client… [d]eliberately disregards an agreement or obligation to the lawyer as to expenses or fees." N.Y. Rules of Professional Responsibility Rule 1.16(c)(5). See *Villata v. Kokkinos*, 170 A.D.3d 1077,

1079 (2d Dep't 2019) ("An attorney may be permitted to withdraw from employment where a client refuses to pay reasonable legal fees"; and cases cited therein).

There is no evidence of any prejudice to the Defendants-Counter-Plaintiffs CLEARVIEW AI, HOAN TON-THAT or RICHARD SCHWARTZ, should this motion be granted.

Further, as the named party, Mr. Johnson, is an individual, there is no requirement that he be represented by counsel. See *Julia A. Su v. Eye*, 2023 U.S. Dist. LEXIS 236455 at *2-*3 (N.D.N.Y. 2023).

Defendant currently owes Attorney Kleinman $22,913.52 in legal fees. It is not anticipated that Mr. Johnson will be able to pay this outstanding amount, nor any future fees and expenses incurred by counsel.[1]

## CONCLUSION

Given Mr. Johnson's failure and refusal to pay Attorney Kleinman's fees, Attorney Kleinman respectfully requests that said Motion be granted.

Dated: 03 Aug. 2025
       Somers, NY

Respectfully submitted,

Bernard V. Kleinman, Esq.
Attorney for Counterdefendant
Johnson

---

[1] It should be noted that Mr. Johnson is a defendant in the matter of *Point Bridge Capital v. Johnson*, 24-cv-988, in the N.D. Tex. On 24 April 2025, his then counsel, in that case (Friedman & Feiger, LLP, Lawrence J. Friedman, Esq., and W. Carter Boisvert, Esq.), filed a motion to withdraw based upon failure to pay outstanding attorney fees. ECF No. 41. On 08 May 2025, the Hon. Mark Pittman, USDJ, ND Tex, granted said motion. ECF No. 52.