Ronald A. Giller, Esq.
Rgiller@grsm.com
Direct Dial: 973-549-2501

Mallory J. Benner, Esq.
Mbenner@grsm.com
Direct Dial: 973-549-2555



Attorneys At Law
1 Battery Park Plz
New York, NY 10004
www.grsm.com
(973) 549-2500

September 5, 2025

**Via ECF**
Chief Magistrate Judge Sarah Netburn
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re: **Charles Johnson v. Clearview AI, Inc., et. al.**
           **Case No. 1:23-cv-02441**

Dear Judge Netburn,

    We represent Defendants Clearview AI, Hoan Ton-That, and Richard Schwartz in this matter. We write to the Court to briefly address Plaintiff's continued failure to abide by Court orders and ascertain the status of the Court's decision concerning his non-compliance.

    The parties appeared before Your Honor in person on August 14, 2025, to discuss Plaintiff's continued failure to abide by the Court's orders concerning discovery and sanctions payments. *See Dkt.* 107. Specifically, the Court ordered Plaintiff to produce the hard drive that was provided to his counsel that contained relevant documents before August 6, 2025; appear for his deposition by September 19, 2025; and pay the $10,000 sanctions payment ordered by the Court (*Dkt.* 95) by August 15, 2025. *See* Dkt. 99.

    Plaintiff advised both in writing (Dkt. 104) and on the record during the conference that he had no intention of complying with the Court's orders, including the production of the hard drive, appearing for his deposition, or paying the $10,000 sanctions payment – all of which the Court has ordered him to do on *multiple* occasions. He also admitted that he deleted the discoverable documents that Defendants have been vigorously attempting to obtain since the inception of this case, creating an indisputable spoliation issue. At the conclusion of the conference, the Court advised that it would be issuing an order as to Plaintiff's non-compliance.

    We write the Court to ascertain the status of the Court's order, in light of the upcoming damages inquest deadline, as this discovery is essential to Defendants' calculation of damages in this case.

    After a review of our records, we also wanted to bring to the Court's attention that Plaintiff's prior counsel, Bernie Kleinman, made several representations to counsel, as well as

the Court, that he was in possession of the hard drive that contained a copy of the documents at issue. *See* **Exhibit A**. Thus, while Plaintiff has represented that the documents located on his Gmail account were destroyed, his prior counsel should still be in possession of the actual hard drive at issue. As such, we request the Court to direct prior counsel to provide us with a copy of the hard drive, or certify as to why he is no longer in possession of the drive.

We thank the Court for its attention to this matter, and are of course, available for a conference at the Court's convenience if Your Honor deems necessary.

        Respectfully Submitted,
        GORDON & REES LLP

        */s/ Ronald A. Giller*

        Ronald A. Giller, Esq.

RAG:MJB