-------------------------------------------------------------------X

CHARLES JOHNSON,

        Counter-Claim Defendant,

        -against-                         23-CV-2441 (KPF)(SN)

CLEARVIEW AI, INC., et al.,

        Counter-Claim Plaintiffs.

-------------------------------------------------------------------X

## NOTICE OF OBJECTIONS TO REPORT AND RECOMMENDATION

        PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 636(b)(1), Rule 72(b) of the Federal Rules of Civil Procedure, and Local Civil Rule 72.1(b), Counter-Claim Defendant Charles Johnson hereby objects to the Report and Recommendation of United States Magistrate Judge Sarah Netburn, dated April 9, 2026 (ECF No. 117), and respectfully requests that the Court decline to adopt the Report and Recommendation and eliminate or reduce the recommended awards as set forth in the accompanying memorandum of law.

        The grounds for this objection are set forth fully in the accompanying memorandum.

Dated:        April 23, 2026

            New York, New York

i

-----------------------------------------------------------------X

CHARLES JOHNSON,

        Counter-Claim Defendant,

        -against-                           23-CV-2441 (KPF)(SN)

CLEARVIEW AI, INC., et al.,

        Counter-Claim Plaintiffs.

-----------------------------------------------------------------X

### MEMORANDUM OF LAW IN SUPPORT OF COUNTER-CLAIM DEFENDANT CHARLES JOHNSON'S OBJECTIONS TO THE REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE NETBURN DATED APRIL 9, 2026

ii

## TABLE OF CONTENTS

PRELIMINARY STATEMENT...................................................................................1

LEGAL STANDARD............................................................................................2

ARGUMENT....................................................................................................3

I. The $862,500 Reputational Repair Award Should Not Be Adopted...............................3

II. The $565,000 Shareholder Investment Loss Award Should Not Be Adopted....................3

III. The Attorney's Fees Award Should Be Reduced.................................................4

IV. The Costs Award Should Not Be Adopted Without Supporting Documentation................5

V. The $10,000 Sanctions Obligation Should Not Be Incorporated Into the Final Judgment......5

CONCLUSION..................................................................................................6

CERTIFICATE OF COMPLIANCE..........................................................................7

## TABLE OF AUTHORITIES

Cases

*Anderson Grp., LLC v. City of Saratoga Springs*, 805 F.3d 34 (2d Cir. 2015)……………..*Passim*

*Schonfeld v. Hilliard*, 218 F.3d 165 (2d Cir. 2000)… … … … … … … … … … … … … …*Passim*

*Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155 (2d Cir. 1992)…………..2

*Millea v. Metro-North R.R. Co.*, 658 F.3d 154 (2d Cir. 2011)…………………………………...2

*Karetsos v. Cheung*, 670 F. Supp. 111 (S.D.N.Y. 1987)………………………………....………3

*MacArthur Constr. Corp. v. Coleman*, 91 A.D.2d 906 (1st Dep't 1983)…………………………3

*Quarantino v. Tiffany & Co.*, 166 F.3d 422 (2d Cir. 1997)………………………………………4

*Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99 (2d Cir. 2002)………………..4

*Tlacoapa v. Carregal*, 386 F. Supp. 2d 362 (S.D.N.Y. 2005)……………………………………5

*Zero Carbon Holdings, LLC v. Aspiration Partners, Inc.*, No. 23-cv-5262 (LJL), 2024 WL 3409278 (S.D.N.Y. July 15, 2024)……………………………………………………...………….5


Statutes and Rules

28 U.S.C. § 636(b)(1)……………………………………………………………………………….2

28 U.S.C. § 1961……………………………………………………………………………….…..5

Fed. R. Civ. P. 37(b)(2)(C)………………………………………………………………….*Passim*

Fed. R. Civ. P. 72(b)……………………………………………………………………………….2

Local Civil Rule 6.3………………………………………………………………………………..7

Local Civil Rule 7.1………………………………………………………………………………..7

Local Civil Rule 72.1(b)…………………………………………………………………………...7

iv

## PRELIMINARY STATEMENT

The Report and Recommendation endorses awarding Defendants $1,427,500 in damages, $59,361.75 in attorney's fees, $209.94 in costs, and incorporating a previously imposed $10,000 sanctions obligation into the final judgment. Johnson respectfully objects to each component. The two recommended damages categories do not satisfy New York's reasonable certainty standard. The fee award is excessive in scope and improperly calculated in part. The costs award lacks adequate evidentiary support. Incorporating the pre-existing sanctions order into the civil judgment is procedurally improper and risks improperly amplifying that obligation beyond its original terms.

**LEGAL STANDARD**

A district judge reviews de novo any portion of a magistrate judge's Report and Recommendation to which a party has properly objected. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court may accept, reject, or modify the recommended disposition. Even in the default context, damages must be established with reasonable certainty and may not be speculative, possible, or imaginary. *Schonfeld v. Hilliard*, 218 F.3d 165, 172 (2d Cir. 2000). Default does not relieve a claimant of its burden to prove the amount of damages. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). Attorney's fees must reflect the presumptively reasonable fee as the product of a reasonable hourly rate and a reasonable number of hours. *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). Sanctions under Rule 37 must be proportionate and limited to the reasonable expenses caused by the specific violation at issue. Fed. R. Civ. P. 37(b)(2)(C).

2

## ARGUMENT

### I. The $862,500 Reputational Repair Award Should Not Be Adopted.

New York law does not permit recovery for generalized reputational harm in breach of contract actions absent evidence of specific, quantifiable lost business opportunities. *Karetsos v. Cheung*, 670 F. Supp. 111, 115 (S.D.N.Y. 1987); *MacArthur Constr. Corp. v. Coleman*, 91 A.D.2d 906 (1st Dep't 1983); *Anderson Grp., LLC v. City of Saratoga Springs*, 805 F.3d 34, 55 (2d Cir. 2015). The Report and Recommendation acknowledges this principle yet awards $862,500 based on the subjective projection of the cost of a hypothetical future reputation repair program. ECF No. 117 at 10-11.

This recharacterization of reputational damages as remediation costs does not bring the award within the recognized exceptions under New York law. The proposed program is a forward-looking, expenditure that has not yet been incurred and is not a cost Defendants have paid, a contractual obligation to undertake such a program, nor an identified lost business opportunity. Defendants have not committed to, contracted for, or taken any step toward implementing a reputation repair program. An estimate of what it might cost to address harm that is itself unquantified is not reasonable certainty, but rather speculation. *Schonfeld*, 218 F.3d at 172 ("[Plaintiff] must prove that lost profit damages were within the contemplation of the parties when the contract was made."). Because neither the existence nor the amount of the harm is established with the required certainty, the $862,500 award should be denied.

### II. The $565,000 Shareholder Investment Loss Award Should Not Be Adopted.

The Report and Recommendation itself acknowledges that the $565,000 award is a "closer question" and that the record does not identify the shareholders at issue, the content of Johnson's communications with them, or whether any shareholder would have invested a specific amount. ECF No. 117 at 11. These are not peripheral deficiencies, but rather the precise elements New York law requires. *Anderson Grp.*, 805 F.3d at 55 ("[D]amages due to harm to business reputation generally are not recoverable in a breach of contract action without specific proof of lost business opportunities as a result of diminished reputation.").

3

The adverse inference does not cure this gap. An adverse inference permits the conclusion that withheld evidence would have been unfavorable, but it does not create affirmative proof of damages where none exists in the record. *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002) ("[A] party seeking an adverse inference instruction based on the destruction of evidence must establish (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed "with a culpable state of mind"; and (3) that the destroyed evidence was "relevant" to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense."). The Report and Recommendation declined to extend the same adverse inference to the Venture Capital Fund X claim for precisely this reason because the inference cannot substitute for evidence that a specific opportunity was reasonably certain to materialize. The $565,000 figure, derived from a historical average investment across prior rounds with no specific shareholder or opportunity identified, is fundamentally speculative and should not be adopted. *Schonfeld*, 218 F.3d at 172.

### III. The Attorney's Fees Award Should Be Reduced.

The 10% across-the-board lodestar reduction is insufficient. The Report and Recommendation expressly acknowledges that some of counsel's time entries reflect work that would have been required regardless of Johnson's discovery noncompliance, and that the billing records do not always permit those entries to be segregated. ECF No. 117 at 18. A blanket 10% reduction is untethered to any specific finding about the proportion of non-attributable work across a nearly ten-month period. A reduction of no less than 20% more accurately reflects the acknowledged evidentiary uncertainty. *Quarantino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1997).

Ms. Benner's hourly rate of $325 is not adequately supported. The Report and Recommendation awards her the full requested rate despite expressly finding that Defendants provided no information about her years of practice, date of admission, or litigation experience, and that publicly available information does not clarify how long she has been practicing. ECF No. 117 at 15-16. The same rationale applied to reduce Ms. Boesch's rate for insufficient supporting information should apply equally here. Where a fee applicant has not provided basic

4

qualifying information, courts in this District reduce the requested rate. *Zero Carbon Holdings, LLC v. Aspiration Partners, Inc.*, No. 23-cv-5262 (LJL), 2024 WL 3409278, at *7 (S.D.N.Y. July 15, 2024) ("[A] court applying New York law 'should not infer a party's intention to provide counsel fees as damages for a breach of contract unless the intention to do so is unmistakably clear from the language of the contract.'").

## IV. The Costs Award Should Not Be Adopted Without Supporting Documentation.

The Report and Recommendation assigns $209.94 in parking and travel fees without identifying what documentation, if any, was submitted to support the claimed expenses. While reasonable out-of-pocket attorney expenses ordinarily charged to clients are recoverable, *Tlacoapa v. Carregal*, 386 F. Supp. 2d 362, 374 (S.D.N.Y. 2005), that principle requires adequate substantiation. The record contains no receipts, contemporaneous records, or documentation establishing the date, amount, or connection of each expense to a specific court appearance. Additionally, the Report and Recommendation provides no analysis of why vehicular travel was necessary rather than merely convenient, given that both defense counsel's office and this Court are in Manhattan with extensive public transit options. The Court should decline to award costs related to this issue entirely.

## V. The $10,000 Sanctions Obligation Should Not Be Incorporated Into the Final Judgment.

The $10,000 sanction was imposed pursuant to the Court's Rule 37 and the Court's inherent authority as a disciplinary measure for litigation misconduct, but not as a component of compensatory damages for breach of contract. Incorporating it into the civil judgment conflates two categorically distinct obligations carrying different legal consequences, different enforcement mechanisms, and different standards of appellate review.

Incorporation is also unnecessary because no procedural necessity compels its absorption into the civil judgment. Moreover, incorporation would subject the sanction to post-judgment interest under 28 U.S.C. § 1961 and to broader enforcement mechanisms such as judgment liens and execution that would exceed what the Court originally imposed and what Rule 37 authorizes. Fed. R. Civ. P. 37(b)(2)(C). The $10,000 sanction should not be amplified through incorporation into the final judgment.

5

## CONCLUSION

For the foregoing reasons, Johnson respectfully requests that the Court decline to adopt the Report and Recommendation and instead: (1) decline to award the $862,500 reputational repair damages; (2) decline to award the $565,000 shareholder investment loss; (3) decline the attorney's fees award; (4) decline to award costs given the lack of adequate supporting documentation and dubious necessity; and (5) decline to incorporate the $10,000 sanctions obligation into the final judgment.

Respectfully submitted,

*Charles Johnson*

Dated:        April 23, 2026

_____
Charles Johnson
pro-se

6

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Civil Rule 6.3 and Local Civil Rule 7.1(c), I hereby certify that this memorandum of law contains 1,403 words, exclusive of the caption, table of contents, table of authorities, signature block, and this certificate, as counted by the word-processing program used to prepare it, and therefore complies with the 3,500 word limit applicable to objections to a magistrate judge's report and recommendation under Local Civil Rule 72.1(b)(2).

_____
Charles Johnson
pro-se

Dated:        April 23, 2026

7

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2026, a true and correct copy of the foregoing Notice of Objections and Memorandum of Law was served upon all counsel of record via the Court's ECF system.

_____

Charles Johnson
pro-se

Dated:        April 23, 2026

8