# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLES JOHNSON,<br><br>  Plaintiff,<br><br>  vs.<br><br>CLEARVIEW AI, INC., HOAN TON-THAT and RICHARD SCHWARTZ,<br><br>  Defendants. | Case No.: 1:23-cv-2441 |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE NETBURN'S REPORT AND RECOMMENDATION

**GORDON REES SCULLY MANSUKHANI, LLP**
Ronald A. Giller, Esq.
Mallory J. Benner, Esq.
1 Battery Park Plaza, 28th Floor
New York, NY 10004
Tel: (973) 549-2500
Fax: (973) 377-1911
Email: rgiller@grsm.com
Email: mbenner@grsm.com
*Attorneys for Defendants Clearview AI, Inc., Hoan Ton-That and Richard Schwartz*

1

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................................. 5

RELEVANT PROCEDURAL HISTORY .............................................................................. 6

LEGAL ARGUMENT............................................................................................................ 7

     I.      PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE'S REPORT ARE
           UNTIMELY AND THEREFORE SHOULD BE DISREGARDED AND
           DISMISSED BY THE COURT............................................................................ 7

     II.     PLAINTIFF HAS WAIVED HIS RIGHT TO RAISE THE ARGUMENTS IN
           HIS OBJECTIONS AS THEY WERE NOT PREVIOUSLY RAISED
           BEFORE THE MAGISTRATE JUDGE ................................................................ 9

     III.    THE REPORT AND RECCOMENDATION SHOULD BE ADOPTED ........... 11

CONCLUSION..................................................................................................................... 13

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abu-Nassar v. Elders Futures, Inc.*,
   No. 88 Civ. 7906, 1994 WL 445638 (S.D.N.Y. Aug. 17, 1994) ..............................................10

*Anderson v. Pheonix Beverage Inc.*,
   No. 12 Civ. 1055, 2015 WL 737102 (E.D.N.Y. Feb. 20, 2015).................................................10

*Bell v. Pfizer*,
   2006 WL 2529762 (S.D.N.Y. August 29, 2006) .....................................................................10

*Caidor v. Onondaga Cnty.*,
   517 F.3d 601 (2d Cir. 2008)..................................................................................................8, 9

*Carroll v. Trump*,
   151 F.4th 50 (2d Cir. 2025) ......................................................................................................11

*Forsberg v. Always Consulting, Inc.*,
   2008 WL 5449003 (S.D.N.Y. 2008).........................................................................................8

*Graham v. City of New York*,
   443 F. App'x 657 (2d Cir. 2011)...............................................................................................9

*Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*,
   No. 16-cv-1318 (GBD)(BCM), 2019 WL 8955234 (Oct. 25, 2019), *report and
   recommendation adopted*, 2020 WL 1467098 (S.D.N.Y. Mar. 26, 2020) ...............................13

*Jones v. Smith*,
   No. 09 Civ. 6497, 2012 WL 1592190 (S.D.N.Y. May 7, 2012)...............................................10

*Manley v. N.Y.C. Police Dep't*,
   No. 05 Civ. 679 (FB), 2005 WL 2664220 (E.D.N.Y. Oct. 19, 2005)........................................9

*Passe v. New York City Dep't of Corr.*,
   377 F. App'x 106 (2d Cir. 2010)................................................................................................7

*Pegoraro v. Marrero*,
   No. 10 Civ. 00051, 2013 WL 1448769 (S.D.N.Y. Apr. 9, 2013)............................................10

*Rolle v. Ricigliano*,
   No. 25 CIV. 3074 (JPC) (JW), 2026 WL 183689 (S.D.N.Y. Jan. 23, 2026)............................8

*Small v. Sec'y of Health and Human Servs.*,
   892 F.2d 15 (2d Cir.1989)..........................................................................................................9

*Smith v. Campbell*,
     782 F.3d 93 (2d Cir. 2015)..................................................................................................7

*United States v. Gladden*,
     394 F. Supp. 3d 465 (S.D.N.Y. 2019)..............................................................................10

*United States v. Male Juvenile*,
     121 F.3d 34 (2d Cir. 1997)...............................................................................................7

*Washington v. Lenihan*,
     1996 WL 345950 (S.D.N.Y. 1996)....................................................................................8

*Wilds v. United Parcel Serv.*,
     262 F. Supp. 2d 163 (S.D.N.Y. 2003)...............................................................................7

**Statutes**

28 U.S.C. § 636(b)(1) .................................................................................................................8

28 U.S.C. § 636(b)(1)(C) ............................................................................................................7

**Rules**

Fed. R. Civ. P. 37......................................................................................................................13

Fed. R. Civ. P. 72(a) .................................................................................................................10

Fed. R. Civ. P. 72(b)(2)...............................................................................................................8

Fed. R. Civ. P. 72(b)(3)...............................................................................................................7

## PRELIMINARY STATEMENT

Defendants/Counterclaim Plaintiffs Clearview AI, Inc., Hoan Ton-That and Richard Schwartz (collectively "Clearview" or "Defendants") submit the following response to Plaintiff Charles Johnson's Objections to Magistrate Judge Sarah Netburn's Report and Recommendation dated April 9, 2026 ("Report and Recommendation"). *Dkt.* 117.

Simply put, Plaintiff's objections to Report and Recommendation should be rejected in their entirety. As an initial – and dispositive – matter, the objections are untimely, as they were not filed until May 5, 2026, well after the deadline set by the Federal Rules and this Court. On that basis alone, the Court may disregard the objections and adopt the Report and Recommendation in full.

Even if the objections were timely submitted (which they were not), they should still be disregarded because the arguments set forth therein were not raised before the Magistrate Judge. The law is clear that a party cannot use objections to a Report and Recommendation to advance arguments that could have been brought before the Magistrates Judge, but were not. In fact, not only did Plaintiff fail to raise these arguments, but he failed to file *any* opposition, counter statement of facts or conclusions of law, or otherwise participate in the damages inquest proceedings. Therefore, he has waived his ability to now assert these arguments.

Notwithstanding the fact that the Court may disregard the objections due to these clear procedural issues, the objections nevertheless lack any merit, as they fail to identify any clear error in Judge Netburn's through and well-reasoned analysis. Rather, Plaintiff merely sets forth his *own* opinions on how he believes the Court should have ruled without any legitimate legal authority to support his position.

Accordingly, Defendants respectfully submit that the Court disregard Plaintiff's objections and adopt the Report and Recommendation in its entirety.

## RELEVANT PROCEDURAL HISTORY

As set forth in the Report and Recommendation, Plaintiff originally initiated this action against Defendants for breach of contract. Defendants answered the Complaint and asserted a counterclaim for breach of contract. Years into the litigation, Plaintiff voluntarily dismissed with prejudice his claim against Defendants leaving only Defendants counterclaim. Following Plaintiff's extreme misconduct – *i.e.,* his refusal to participate in discovery, destruction of discoverable materials, open defiance of Court orders, and publications of improper, defamatory statements concerning the parties, defense counsel, this litigation, and even this Court – the Court struck Plaintiff's answer to the counterclaim and entered default against the Plaintiff. The Court then referred this matter to Judge Netburn for a damages inquest.

As part of the damages inquest proceedings, Defendants submitted findings of fact and conclusions of law. *Dkt.* 114. Despite having the opportunity to do so, Plaintiff failed to oppose the requested damages, or file any counterstatement of facts or conclusions of law. Thus, the damages requested were unopposed.

On April 9, 2026, Judge Netburn issued a Report and Recommendation, recommending an award of damages and fees in Defendants' favor based on Plaintiff's breaches of contract. *Dkt.* 117. The Report recommends awarding Defendants $1,427,500 in damages, $59,361.75 in attorneys' fees, $209.94 in costs, and incorporating the previously imposed $10,000 sanctions obligation into the final judgment.

The Report also specifically provided that the parties had "14 days from the service of th[e] Report and Recommendation to file written objections" and that "the failure to file timely objections w[ould] waive those objections for purposes of appeal." *See Dkt. 117.* Notwithstanding the Court's clear directive, Plaintiff failed to file timely objections to the Report, and instead filed objections on May 5, 2026, almost *two weeks* after the deadline – which

6

was April 23, 2026.[1] Plaintiff did not seek any extension of time to submit his objections from

the Court, nor did the Court extend the deadline for filing such objections. As such, his

objections are untimely.

## LEGAL ARGUMENT

**I.     PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE'S REPORT ARE
        UNTIMELY AND THEREFORE SHOULD BE DISREGARDED AND
        DISMISSED BY THE COURT**

The Court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." *See* 28 U.S.C. § 636(b)(1)(C).  If a party

submits a *timely objection* to any part of the magistrate judge's disposition, the district court will

conduct a *de novo* review of the contested section. Fed. R. Civ. P. 72(b)(3); *see also* United

States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). If no timely objections are made, a

district court reviews the report and recommendation for clear error. *See, e.g., Wilds v. United

Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). Additionally, "[w]here parties receive

clear notice of the consequences, failure to timely object to a magistrate's report and

recommendation operates as a waiver of further judicial review of the magistrate's decision."

*Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (internal citation and quotation marks

omitted); *Passe v. New York City Dep't of Corr.*, 377 F. App'x 106, 107 (2d Cir. 2010) ("This

Court has adopted the rule that failure to timely object to a magistrate judge's report and

recommendation "may operate as a waiver of any further judicial review of the decision, as long

as the parties receive clear notice of the consequences of their failure to object.").

---

[1] Plaintiff artfully attempts to mask the untimeliness of his objections by dating the submission April 23, 2026, despite the fact that the objections were not filed until May 5, 2026, rendering them untimely.

Here, the Report and Recommendation provided that from the date of service (*i.e.,* April 9),[2] the parties had fourteen (14) days to file any objections; and specifically warned that failure to timely file such objections, would result in waiver of any right to appellate review. *Dkt.* 117 at 20 (providing "[t]he failure to file timely objections will waive those objections for purposes of appeal."); *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2) (requiring a party to file objections to a magistrate judge's report and recommendation within 14 days of service). Fourteen days from April 9, 2026 was April 23, 2026. This deadline was also explicitly set forth in the Court's text order listed on docket – providing "Objections to R&R due by 4/23/2026" – eliminating any possible confusion on when the objections were due.

Despite clear notice of this deadline, Plaintiff failed to timely file his objections, waiting until May 5, 2026  (almost *two weeks* past the April 23 deadline) to file his objections. *Dkt.* 118. Because Plaintiff's objections were undisputedly untimely – and Plaintiff failed to seek an extension of this deadline from the Court, or provide any reason to excuse his default – Plaintiff has waived his right to object to the Report and Recommendation, or to obtain appellate review. *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("In general, failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (internal quotation marks omitted); *Rolle v. Ricigliano*, No. 25 CIV. 3074 (JPC) (JW), 2026 WL 183689, at *1 (S.D.N.Y. Jan. 23, 2026); *Forsberg v. Always Consulting, Inc.*, 2008 WL 5449003 at *4 (S.D.N.Y. 2008) (adopting magistrate's report and waiving party's objections as untimely when objections were due on September 29 but were not filed until October 2 and no reason to excuse the default was apparent); *Washington v. Lenihan*, 1996 WL 345950 at *1 (S.D.N.Y. 1996) (not considering plaintiff's objections to magistrate's

---

[2] Plaintiff consented to electronic service of documents on August 14, 2025, thus deeming the Report served when it was uploaded to PACER on April 9, 2026. *See Dkt.* 108.

report recommending summary judgment for defendants because plaintiff's objections were due on April 11 but not filed until April 17.).

Notably, Plaintiff's *pro se* status does not alter this analysis, as the Second Circuit has made it clear that the waiver rule applies so long as the Report explicitly explains the consequences for failing to timely object and cites the applicable rules. *See Manley v. N.Y.C. Police Dep't*, No. 05 Civ. 679 (FB), 2005 WL 2664220, at *1 (E.D.N.Y. Oct. 19, 2005) (finding "the fact that a litigant is proceeding *pro se* does not exempt that party from compliance with relevant rules of procedural and substantive law" and declining to consider untimely objections filed by *pro se* litigant); *Caidor*, 517 F.3d at 604-05 (explaining that the "failure to object timely to a magistrate [judge]'s report operates as a waiver of any further judicial review of the magistrate [judge]'s decision" and that "*pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them."); *see also Graham v. City of New York*, 443 F. App'x 657, 658 (2d Cir. 2011); *Small v. Sec'y of Health and Human Servs.,* 892 F.2d 15, 16 (2d Cir.1989). And here, as stated above, Magistrate Judge Netburn's Report and Recommendation explicitly explained the consequences for failure to make a timely objection.

Accordingly, Defendants respectfully submit that Plaintiff's objections to the Report and Recommendation (*Dkt.* 118) should be disregarded and dismissed by this Court as being untimely.

## II.    PLAINTIFF HAS WAIVED HIS RIGHT TO RAISE THE ARGUMENTS IN HIS OBJECTIONS AS THEY WERE NOT PREVIOUSLY RAISED BEFORE THE MAGISTRATE JUDGE

In the event the Court finds good cause to consider Plaintiff's untimely objections – which Defendants adamantly contend does not exist, especially when viewed in light of Plaintiff's *extensive* history of non-compliance with the Court's rules and Orders in this case – Plaintiff's objections should still be rejected because he failed to submit any opposition during

the Court's damages inquest. It is well-established in this Circuit that a party may not use objections to a Report and Recommendation as a vehicle to advance new arguments that could have been, but were not, presented to the Magistrate Judge. *See United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) ("It is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal citations omitted); *Bell v. Pfizer,* 2006 WL 2529762, at *1 (S.D.N.Y. August 29, 2006) ("Courts generally do not entertain new legal arguments not presented to the magistrate judge."); *Jones v. Smith*, No. 09 Civ. 6497, 2012 WL 1592190, at *8 (S.D.N.Y. May 7, 2012) ("Generally, courts do not consider new arguments and new evidence raised in objections to a magistrate judge's report and recommendation that were not raised, and thus were not considered, by the magistrate judge."); *Abu-Nassar v. Elders Futures, Inc.,* No. 88 Civ. 7906, 1994 WL 445638, at *4 n.2 (S.D.N.Y. Aug. 17, 1994) (providing that new arguments, presented within a party's objections to a Report and Recommendation, are untimely, and consideration of such claims would "undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a Report is issued to advance additional arguments").

Because the arguments raised in Plaintiff's objections were not presented to the Magistrate Judge – despite amply opportunity to do so – the Court need not reach the merits of those arguments and may properly disregard them. *See Anderson v. Pheonix Beverage Inc.,* No. 12 Civ. 1055, 2015 WL 737102, at *3 (E.D.N.Y. Feb. 20, 2015) (declining to rule on legal arguments raised in Rule 72(a) objections that were not presented to the magistrate judge); *Pegoraro v. Marrero*, No. 10 Civ. 00051, 2013 WL 1448769, at *1 (S.D.N.Y. Apr. 9, 2013)

10

("The Court does not reach the merits, if any, of any argument Defendants raise in their Rule 72 submission that was not timely raised and considered by Magistrate Judge Fox.").

## III.    THE REPORT AND RECCOMENDATION SHOULD BE ADOPTED

Even if the Court were to consider Plaintiff's objections, they fail to identify any clear error in Judge Netburn's Report and Recommendation.[3]

First, Plaintiff has failed to demonstrate any error in the recommendation for an award of $862,500 for the cost of restoring Clearview's reputation. Plaintiff appears to argue that the award is erroneous because 1) New York law does not permit recovery for generalized reputational harm in breach of contract actions; and 2) because the proposed program had not yet occurred, the cost estimate was not subject to "reasonable certainty." However, as the Report and Recommendation correctly noted the damages awarded were not for an "abstract recovery for generalized injury to goodwill" (*i.e.,* the damages were not for general reputation harm as Plaintiff contends), but instead a concrete and reasonably estimated cost of *addressing and remediating* the reputational harm caused Plaintiff's breaches. *Dkt.* 117 at 10-11. This type of damage has routinely been award in the Second Circuit - as recently as 2025, when the Second Circuit held that the costs required to repair an individual's reputation (*i.e.,* a repair campaign) were a separate category of compensatory damages that may be recoverable in a civil action. *Carroll v. Trump,* 151 F.4th 50 (2d Cir. 2025) (affirming award of $11 million in compensatory damages for the costs of a reputational repair program). Plaintiff failed to point to any authority that disturbs this analysis, or would otherwise invalidate the recommendation for this damage award.

---

[3] It is also worth noting that Plaintiff's objections rely exclusively on the same legal authorities cited by Judge Netburn – *i.e.,* Plaintiff identifies no new authority supporting his arguments, or decisions overruling the cases relied upon in the Report and Recommendation. Instead, Plaintiff incorrectly cites those same cases for propositions that they do not stand for.

Next, Plaintiff has failed to establish any error in the recommendation for an award of $565,000 for the loss of shareholder investments. Plaintiff incredulously argues the award is improper because Defendants failed to identify specific information related to the loss of shareholders – however, this is the *exact information* that Plaintiff deliberately withheld and destroyed in discovery. The Court therefore appropriately concluded that a limited adverse inference was appropriate in light of Plaintiff's egregious misconduct, and made a reasonable approximation of damages based on the best evidence available (which included correspondence from Johnson admitting to speaking with shareholders about a potential takeover of Clearview).

Plaintiff has also failed to demonstrate any clear error with respect to the recommendation on the amount of attorneys' fees that to be awarded.[4] Plaintiff asserts that the Court's exercises of discretion in applying a 10% across-the-board reduction to the lodestar amount of attorneys' fees awarded to account for work not fairly attributable to Plaintiff's discovery misconduct, should have been "no less than 20%." This appears to be based on nothing more than Plaintiff's own opinion, as he fails to cite to any legal authority to support this proposition, or explain why a 20% reduction is more appropriate than the Court's recommended 10% reduction.  Likewise, Plaintiff has provided no legitimate basis to support that the Court's determination of rates for Ms. Benner and Ms. Boesch's legal services was erroneous. As such, Plaintiff's objections concerning the amount of attorneys' fees awarded should be rejected.

Plaintiff then incredulously asks this Court to reject – in its entirety – the costs associated with Defendants having to attend in-person court conferences necessitated by *his own continuous non-compliance* with discovery obligations and this Court's orders. This objection is wholly without merit, and also ignores the ample evidence submitted by Defendants substantiating these

---

[4] Notably, Plaintiff does not challenge the award itself, but rather just the calculation of the award.

costs – *i.e.,* defense counsels' firm's invoices (filed in both redacted form (*Dkt.* 114) and under seal (*Dkt.* 116)).

Finally, Plaintiff's objection to the incorporation of the $10,000 sanctions payment under Rule 37 – previously ordered by this Court in July 2025, which still remains *unpaid* – into the final award is likewise meritless and contrary to established case law cited in the Report and Recommendation. Magistrate Judge Netburn properly included this amount in the recommended final judgment to ensure enforceability and finality, as Courts in this circuit routinely do to facilitate collection and avoid piecemeal enforcement proceedings. *See Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, No. 16-cv-1318 (GBD)(BCM), 2019 WL 8955234, at *17 (Oct. 25, 2019), *report and recommendation adopted*, 2020 WL 1467098 (S.D.N.Y. Mar. 26, 2020). Plaintiff cites to no authority overruling the case relied upon in the Report and Recommendation, nor any authority prohibiting the inclusion of a Rule 37 sanction in a final judgment.

As such, Defendants respectfully submit that the Court should find no error in Magistrate Judge Netburn's Report; and accordingly, adopt the Report and Recommendation in full.

## CONCLUSION

Defendants respectfully request that this Court reject Plaintiff's objections to the Report and Recommendation, and adopt the Report and Recommendation in full awarding Defendants $1,427,500 in damages, $59,361.75 in attorney's fees, $209.94 in costs, and incorporating the previously imposed $10,000 sanctions obligation into the final judgment.

Dated: New York, New York
       May 15, 2026

                      Respectfully submitted,
                      GORDON REES SCULLY MANSUKHANI, LLP
                      *Attorneys for Defendants Clearview AI, Inc.,*
                      *Hoan Ton-That and Richard Schwartz*

                      By:   ***/s/ Ronald A. Giller***
                           Ronald A. Giller
                           Mallory J. Benner

                      1 Battery Park Plaza, 28th Floor
                      New York, NY 10004
                      Phone: (973) 549-2500
                      E-mail: rgiller@grsm.com
                      E-mail: mbenner@grsm.com